FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

2000 APR 27 PM 2: 35

_____
DEPUTY CLERK

| | | |
|---|---|---|
| ROBERT KING WILKERSON (DOC#80966), ALBERT WOODFOX (DOC# 72148), and HERMAN WALLACE (DOC# 76759) | : | CIVIL ACTION |
| | : | NUMBER 00-CV-304-C-3 |
| VERSUS | : | JUDGE _____ |
| RICHARD STALDER, BURL CAIN, DARRELL VANNOY, MAJOR NED TOLLIVER, and TOM NORRIS | : | MAGISTRATE JUDGE _____ |

## NOTICE OF REMOVAL

Petitioners, Richard Stalder, Burl Cain, Darrell Vannoy, Major Ned Tolliver, and Tom Norris, the defendants in the above entitled cause, through their undersigned counsel state:

1.

Defendants desire to exercise their rights under the provisions of 28 USC Section 1441, et seq., to remove this action from the 19th Judicial District Court for the Parish of East Baton Rouge, in which said cause is now pending under the name and style _"Robert King Wilkerson, Albert Woodfox, and Herman Wallace v. Richard Stalder, Burl Cain, Darrell Vannoy, Major Ned Tolliver, and Tom Norris"_, Number 470,952, Division "M", 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.



DATE: 04/27/00          3:00-cv-00304 1 - 1          DEPUTY CLERK: NL

2.

This is a civil action of which the district courts of the United States have original jurisdiction in that it arises under 42 USC §1983 and asserts violations of the plaintiffs' 8th and 14th Amendment rights.    This Court has subject matter jurisdiction under 28 USC §1331 (federal question).

Plaintiffs also assert claims under Louisiana law arising out of the same facts as underlie their federal law claims.    This court has jurisdiction over the state law claims under 28 USC §1367 (supplemental jurisdiction).

3.

Under the provisions of 28 USC Section 1441 *et. seq.*, the right exists to remove this cause from the 19th Judicial District Court of the Parish of East Baton Rouge, to the United States District Court for the Middle District of Louisiana, which embraces the place where this action is pending.

4.

In their "Petition in Action for Infringement of Civil Rights" plaintiffs allege their continued confinement in extended lockdown at the Louisiana State Penitentiary (LSP) violates their rights under the 8th and 14th Amendments and La. Constitution, Art. 1, §20.

5.

Defendants Stalder, Cain, Vannoy, Tolliver, and Norris received a copy of the state court petition on 4 April 2000 when they were served with process. The appearing defendants are the only defendants. Accordingly, all served defendants join in this petition for removal.

6.

In accordance with requirements of 28 USC §1446(b), this notice of removal is timely filed as it is filed within 30 days after receipt of a copy of the initial petition by the first defendant served.

7.

Pursuant to the provision of 28 USC §1446, defendants attach hereto and incorporate herein by reference a copy of all process, pleadings, and orders served upon them in this action.

8.

Defendants desire and are entitled to have this cause removed from the 19th Judicial District Court of the State of Louisiana to the United States District Court for the Middle District of Louisiana. Written notice of the filing of this notice will be given to adverse parties as required by law and a true copy of this petition will be filed with the Clerk of the 19th Judicial District Court for East Baton Rouge Parish, as provided by law.

**WHEREFORE**, the defendants, Richard Stalder, Burl Cain, Darrell Vannoy, Major Ned Tolliver, and Tom Norris, pray that this action be removed to this

Court, that this Court accept jurisdiction of this action, and that henceforth this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally been instituted in this Court.

Respectfully submitted,

RICHARD P. IEYOUB
ATTORNEY GENERAL

BY: _____

ANDRÉ CHARLES CASTAING
ASSISTANT ATTORNEY GENERAL
BAR ROLL # 17509

LOUISIANA DEPARTMENT OF JUSTICE
LITIGATION DIVISION
P.O. BOX 94095, CAPITOL STATION
BATON ROUGE, LA 70804-9095
TELEPHONE: (225) 342-8495
FAX: (225) 342-4952

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties and has been served upon all pro se parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 27TH day of April _____, 2000, as follows:

Alfred B. Shapiro, Esq.
8220 Goodwood Blvd., Suite 2-B
Baton Rouge, LA 70808

ANDRÉ CHARLES CASTAING

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT KING WILKERSON** (DOC#80966), **ALBERT WOODFOX** (DOC# 72148), and **HERMAN WALLACE** (DOC# 76759) | : | **CIVIL ACTION** |
| | : | **NUMBER 00-CV-_____** |
| **VERSUS** | : | **JUDGE _____** |
| **RICHARD STALDER, BURL CAIN, DARRELL VANNOY, MAJOR NED TOLLIVER, and TOM NORRIS** | : | **MAGISTRATE JUDGE _____** |

## VERIFICATION OF PETITION FOR REMOVAL
## AND
## AFFIDAVIT OF SERVICE OF NOTICE BY MAILING

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

Before me, this day personally came and appeared:

### ANDRÉ CHARLES CASTAING

who being by me first duly sworn, deposed and stated that:

1.    He is of lawful age and he is the attorney for petitioners herein.

2.    He has prepared and read the foregoing petition for removal, and the matters and things contained therein are true and correct to the best of his knowledge and belief.

3.    He served the above and foregoing notice and copy of petition for removal upon Alfred B. Shapiro, Esq., attorney for the complainants in the above cause, by depositing in the United States Post Office at Baton Rouge, Louisiana this *27th* day of April, 2000, a true copy of the above and foregoing notice and of the petition for removal, in an envelope securely sealed, and sufficiently stamped, and properly addressed, to the true and correct address of the plaintiffs counsel of record:

    Alfred B. Shapiro, Esq.
    8220 Goodwood Blvd., Suite 2-B
    Baton Rouge, LA  70808

    _____
    ANDRÉ CHARLES CASTAING

**SWORN TO AND SUBSCRIBED** before me, Notary, this *27th* day of April, 2000, at Baton Rouge, Louisiana.

    _____
    NOTARY PUBLIC

470 952

# NINETEENTH JUDICIAL DISTRICT COURT

### PARISH OF EAST BATON ROUGE

### STATE OF LOUISIANA

ROBERT KING WILKERSON,
ALBERT WOODFOX and
HERMAN WALLACE                                        Civil Action Number:

vs.

RICHARD STALDER,                              _____
BURL CAIN,
DARRELL VANNOY,
MAJOR NED TOLLIVER,
and TOM NORRIS

## PETITION IN ACTION FOR
## INFRINGEMENT OF CIVIL RIGHTS

The petition of Robert King Wilkerson, Albert Woodfox and Herman Wallace, all

persons of the full age of majority who are incarcerated at the Louisiana State Penitentiary at

Angola, Louisiana, respectfully represents:

1.

Made Defendants herein are: (a) Richard Stalder in his capacity as Secretary of the

Department of Public Safety and Corrections of the State of Louisiana; (b) Burl Cain, warden

of the Louisiana State Penitentiary; (c) Darrell Vannoy in his capacity as Deputy Warden of

the Louisiana State Penitentiary; (d) Major Ned Tolliver, a correctional officer who is

employed at the Louisiana State Penitentiary; and (d) Tom Norris, a classification officer who

is employed at the Louisiana State Penitentiary.

2.

Each of the Plaintiffs has been confined in a disciplinary detention/extended lockdown

status for a period of 28 years. The conditions under which they have been incarcerated for

the past 28 years are the effective equivalent of solitary confinement for this entire period.

Plaintiffs affirmatively allege that the cumulative effect of this lengthy period of incarceration

in extended lockdown status in which the Plaintiffs are deprived of the minimum civilized

measures which constitute the necessities of life violates the ban on cruel and unusual

punishment provided in the Eight Amendment to the Constitution of the United States and

Article I, Section 20 of the Louisiana Constitution of 1974. Alternatively, Plaintiffs allege that

1

maintaining them in such a status since the date of the last judgment in any civil action relating to this condition violates the ban on cruel and unusual punishment provided in the Eight Amendment to the Constitution of the United States and Article I, Section 20 of the Louisiana Constitution of 1974.

3.

Plaintiffs have each been continuously incarcerated alone in a cell of approximately 55 to 60 square feet in which they are locked down for 23 hours of every day and during which time they are deprived of all human contact.

4.

Plaintiffs are released from their cells for a period of one hour each day in which they may shower and walk along the tier in which their cell is located. During this hour, Plaintiffs may elect to be escorted to a fenced exercise yard where they may exercise without companions for the period. They are limited to three hours per week in the outside exercise yard, weather permitting. The hours when they may go outside to exercise are fixed by the correctional officer in charge of their unit.

5.

Severe restrictions are placed on items of personal property, the number of books and type of reading material which Plaintiffs are allowed to possess. Access to legal materials and to inmate counsel is also substantially more restricted than in the general prison population.

6.

The conditions of Plaintiffs' incarceration almost totally deprive them of human contact, mental stimulus, personal property and human dignity. They are incarcerated under conditions which, under even the most minimal standards of human decency, would be judged to be inhumane. The extremely long period of time that Plaintiffs have been maintained under these conditions exacerbate the psychological pain and suffering that they have endured.

7.

Richard Stalder is the duly appointed Secretary of Public Safety and Correction and, in this official capacity, is responsible for the overall operation of the department, including the Louisiana State Penitentiary at Angola, Louisiana.

2

8.

Burl Cain is the Warden of the Louisiana State Penitentiary and, therefore, is, in that official capacity, responsible for the operation of that penal institution. Darrell Vannoy is a Deputy Warden of the Louisiana State Penitentiary who is in charge of security matters at the prison.

9.

Major Ned Tolliver is the correctional officer who is in charge of the unit at the Louisiana State Penitentiary in which Plaintiffs are incarcerated. Major Tolliver further serves as one of the two members of the lockdown board who are charged with review of the Plaintiffs' status for possible release to a less restricted classification every 90 days as provided in the regulations promulgated by the department.

10.

Tom Norris is a classification officer at the Louisiana State Penitentiary who is the other member of the lockdown board which is charged with review of the Plaintiffs' status for possible release to a less restricted classification every 90 days as provided in the regulations promulgated by the department.

11.

In fact, the review by the lockdown board is a sham and is totally devoid of any meaning or substance whatsoever. No review actually takes place. No evidence is considered and Plaintiffs are never allowed even the minimum standards of due process. Every 90 days for 28 years, the lockdown board has continued Plaintiffs in extended lockdown status for reasons associated with the original offenses for which they were placed in such confinement. No meaningful attempt is made to determine if the Plaintiffs are fit for release into the general population or to a less restricted status or if they constitute a danger to the inmates or employees of the Louisiana State Penitentiary.

12.

Plaintiffs are informed and believe and, therefore, allege that no written guidelines or policies exist with regard to release from the extended lockdown status in which they are maintained. Release depends entirely on the whim of the members of the lockdown board. There is no means by which Plaintiffs can be moved to a less restricted status. Absent a court

3

order granting such, Plaintiffs allege that it is probable that they will die in extended lockdown status.

### 13.

The conduct of the lockdown board and the maintenance of the Plaintiffs in lockdown status for 28 years which is described in the foregoing paragraphs deprives Plaintiffs of there due process rights under the Fourteenth Amendment to the Constitution of the United States of America and Article I, Section 2 of the Louisiana Constitution of 1974.

### 14.

Plaintiffs further allege that the Defendants have been willfully and deliberately indifferent to the pattern of extreme social isolation and reduced environmental stimulation which has been imposed upon the Plaintiffs by their maintenance in extended lockdown status for a period of 28 years.

### 15.

As a result of the foregoing, Plaintiffs have sustained severe mental anguish and other psychological damage, along with an unwarranted deprivation of the liberties and privileges granted other prisoners in the Louisiana State Penitentiary.   The conditions of their incarceration for this lengthy period of time in extended lockdown status have caused them daily mental anguish and pain and have exposed them to an unduly high risk of psychological harm.

### 16.

Plaintiffs request the issuance of an injunction, permanently enjoining and restraining the above captioned officials and their successors from incarcerating Plaintiffs in extended lockdown or other similar condition without independent intervening cause therefor and, further, ordering their placement in the general prison population.

### 17.

This civil action is brought under 42 U. S. C. 1983 and all other applicable provisions of state and federal law.   In addition to compensatory damages, Plaintiffs seek exemplary damages, attorney fees and all costs of court to the extent that such are available under any of applicable provisions of law.

**WHEREFORE**, Plaintiffs, Robert King Wilkerson, Albert Woodfox, and Herman Wallace, pray for judgment herein in their favor and against the Defendants, Richard Stalder, Burl Cain, Darrell Vannoy, Major Ned Tolliver and Tom Norris:

I.    Awarding them a sum in compensatory as may be fitting and proper in the premises;

II.    Awarding them a permanent injunction, permanently enjoining and restraining the above captioned officials and their successors from incarcerating Plaintiffs in extended lockdown or other similar condition without independent intervening cause therefor and, further, ordering their placement in the general prison population;

III.    Awarding the Plaintiffs an appropriate sum as attorney's fees;

IV.    Awarding them a sum in exemplary damages as may be fitting and proper in the premises; and

V.    Condemning the Defendants to pay all costs of these proceedings.

### Cooperating Attorney, ACLU Foundation of Louisiana:

_____

**Alfred B. Shapiro**
**La. Bar Roll No. 9963**
8220 Goodwood Blvd., Suite 2-B
Baton Rouge, Louisiana 70808
Telephone: (225)928-4193
Telecopier: (225)928-4195
and
**William Quigley**
**La. Bar Roll No. 7769**
**General Counsel**
**ACLU Foundation of Louisiana**
7214 St. Charles Avenue
New Orleans, Louisiana 70112

**Sheriff please serve:**

**Richard Stalder**
504 Mayflower Street
Baton Rouge, Louisiana

**Warden Burl Cain**
**Deputy Warden Darrell Vannoy**
**Major Ned Tolliver**
**Tom Norris**
at the Louisiana State Penitentiary
Angola, Louisiana

FILED
Signed _____ 2000

A True Copy _____ 2000
By Clerk

5

*atty for*
*alfred B*
*Shapiro*

LSP-00-02208 - *reviewed*
LSP-00-02222 - *rejected*
11608

⑬                                                                    4/
                                                                      82

                                        CITATION
Form C 1002 (Mail Service)              a2o
  # 80966                                LSP        No: C 470952 Div: M
ROBERT KING WILKERSON ET AL _ _ _ _ _ _ _ _ _ _ _   19th JUDICIAL DISTRICT COURT
  vs                        Plaintiff              PARISH OF EAST BATON ROUGE
                                                    STATE OF LOUISIANA _ _ _ _ _
RICHARD STALDER ET AL _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                            Defendant              [ _ _ _ _ _ _ _ _ _ _ _ _ _ ]
    ✓                                              [ SAFETY AND CORRECTIONS ]

TO:  Tom Norris
     thru: its Agent: Richard Stalder, Secretary _ _ _ _ _ _ _
     Dept. of Public Safety & Correction
     504 Mayflower Street                          RECD: _ _ _ _ _ _ _ 4/4/00
     Baton Rouge, La.                              K. LeMaire

     YOU HAVE BEEN SUED.

     Attached to this citation is a certified copy of the petition.* The
petition tells you what you are being sued for.

     You must EITHER do what the petition asks OR, within fifteen (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the office of the Clerk of this Court at the Governmental
Building, 222 St. Louis Street, Baton Rouge, Louisiana.

     If you do not do what the petition asks, or if you do not file an answer
or legal pleading within fifteen (15) days, a judgment may be entered against
you without further notice.  This citation was requested by attorney **ALFRED
BRUCE SHAPIRO ESQ** for litigant **ROBERT KING WILKERSON ET AL.**

     This citation was issued by the Clerk of Court for East Baton Rouge
Parish, on the **30th** day of **March, 2000.**

                              By: _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                  Deputy Clerk of Court for
                                  Doug Welborn, Clerk of Court

     * Also attached are the following documents:


                         SERVICE INFORMATION

Received on the _ _ _ _ _ day of _ _ _ _ _ _ _ _ _ _, 20_ _ _ and on the _ _ _ _ _ day
of _ _ _ _ _ _ _ _ _ _, 20_ _ _, served the above named party as follows:

PERSONAL SERVICE: on the party herein named
at _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

DOMICILIARY SERVICE: on the within named _ _ _ _ _ _ _ _ _ _ _ _, by leaving the
same at his domicile in this parish in the hands of _ _ _ _ _ _ _ _ _ _, a person
of suitable age and discretion residing in said domicile
at _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _.

SECRETARY OF STATE: by tendering same to the within named, by handing same
to _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _.

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the
within named _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ or his domicile, or anyone
legally authorized to represent him.

RETURNED: Parish of _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _, this _ _ _ _ _ _ _ day
of _ _ _ _ _ _ _ _ _ _, 20_ _ _.

SERVICE: $_ _ _ _ _ _ _ _ _         _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
MILEAGE: -_ _ _ _ _ _ _ _ _                     Deputy Sheriff
TOTAL:   $_ _ _ _ _ _ _ _ _         Parish of East Baton Rouge, Louisiana

116084

CITATION

Form C 1002 (Mail Service)

ROBERT KING WILKERSON ET AL _____     No: C 470952 Div: M
              vs              Plaintiff        19TH JUDICIAL DISTRICT COURT
                                               PARISH OF EAST BATON ROUGE
RICHARD STALDER ET AL _____         STATE OF LOUISIANA
                              Defendant

TO:  Major Ned Tolliver
     thru. Its Agent: Richard Stalder, Secretary
     Dept. of Public Safety & Correction
     504 Mayflower Street
     Baton Rouge, La.

     YOU HAVE BEEN SUED.

     Attached to this citation is a certified copy of the petition.*  The
petition tells you what you are being sued for now.

     You must EITHER do what the petition asks OR, within fifteen (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the office of the Clerk of this Court at the Governmental
Building, 222 St. Louis Street, Baton Rouge, Louisiana.

     If you do not do what the petition asks, or if you do not file an answer
or legal pleading within fifteen (15) days, a judgment may be entered against
you without further notice.  This citation was requested by attorney **ALFRED
BRUCE SHAPIRO ESQ** for litigant **ROBERT KING WILKERSON ET AL.**

     This citation was issued by the Clerk of Court for East Baton Rouge
Parish, on the **30th** day of **March, 2000.**

                                   By:_____
                                        Deputy Clerk of Court for
                                        Doug Welborn, Clerk of Court

     * Also attached are the following documents:

                        SERVICE INFORMATION

Received on the _____ day of _____, 20____ and on the _____ day
of _____, 20____, served the above named party as follows:

**PERSONAL SERVICE:** on the party herein named
at _____.

**DOMICILIARY SERVICE:** on the within named _____, by leaving the
same at his domicile in this parish in the hands of _____, a person
of suitable age and discretion residing in said domicile
at _____.

**SECRETARY OF STATE:** by tendering same to the within named, by handing same
to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the
within named _____ or his domicile or anyone
legally authorized to represent him.

RETURNED: Parish of _____, this _____ day
of _____, 20____.

SERVICE: $_____          _____
MILEAGE: $_____                   Deputy Sheriff
TOTAL:   $_____          Parish of East Baton Rouge, Louisiana

116085   4/.
                                                                    44

CITATION

Form C 1002 (Mail Service)

ROBERT KING WILKERSON ET AL.                    No: C 470952 Div: M
                                                19th JUDICIAL DISTRICT COURT
        vs                      Plaintiff       PARISH OF EAST BATON ROUGE
                                                STATE OF LOUISIANA
RICHARD STALDER ET AL.
                                Defendant

TO:   Deputy Warden Darrell Vannoy              JUD.   DEPARTMENT OF
      thru: its Agent: Richard Stalder, Secretary   PUB. SAFE   & CORRECTIONS
      Dept. of Public Safety & Correction
      504 Mayflower STreet
      Baton Rouge, La.                                        4/4/00
      YOU HAVE BEEN SUED.                          K. LeMaire

      Attached to this citation is a certified copy of the petition.*  The
petition tells you what you are being sued for.

      You must EITHER do what the petition asks OR, within fifteen (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the office of the Clerk of this Court at the Governmental
Building, 222 St. Louis Street, Baton Rouge, Louisiana.

      If you do not do what the petition asks, or if you do not file an answer
or legal pleading within fifteen (15) days, a judgment may be entered against
you without further notice.  This citation was requested by attorney **ALFRED
BRUCE SHAPIRO ESQ** for litigant **ROBERT KING WILKERSON ET AL.**

      This citation was issued by the Clerk of Court for East Baton Rouge
Parish, on the **30th** day of **March, 2000.**

                              by: _____
                                  Deputy Clerk of Court for
                                  Doug Welborn, Clerk of Court

      * Also attached are the following documents:

SERVICE INFORMATION

   eceived on the _____ day of _____, 20____ and on the _____ day
of _____, 20____, served the above named party as follows:

PERSONAL SERVICE: on the party herein named
at _____.

DOMICILIARY SERVICE: on the within named _____, by leaving the
same at his domicile in this parish in the hands of _____, a person
of suitable age and discretion residing in said domicile
at _____.

SECRETARY OF STATE:  by tendering same to the within named, by handing same
to _____.

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the
within named _____ or his domicile or anyone
legally authorized to represent him.

RETURNED:  Parish of _____, this _____ day
of _____, 20____.

SERVICE: $_____       _____
MILEAGE: $_____              Deputy Sheriff
TOTAL:   $_____       Parish of East Baton Rouge, Louisiana

116086

4/4
45

CITATION

Form C 1002 (Mail Service)

ROBERT KING WILKERSON ET AL                          No: C 470952 Div: M
         vs                      Plaintiff          19th JUDICIAL DISTRICT COURT
                                                    PARISH OF EAST BATON ROUGE
RICHARD STALDER ET AL                               STATE OF LOUISIANA
                                 Defendant
                          ✓
TO:   Warden Burl Cain
      thru. its Agent: Richard Stalder, Secretary
      Dept. of Public Safety & Correction
      504 Mayflower Street
      Baton Rouge, La.

      YOU HAVE BEEN SUED.

      Attached to this citation is a certified copy of the petition.* The
petition tells you what you are being sued for. _____

      You must EITHER do what the petition asks OR, within fifteen (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the office of the Clerk of this Court at the Governmental
building, 222 St. Louis Street, Baton Rouge, Louisiana.

      If you do not do what the petition asks, or if you do not file an answer
or legal pleading within fifteen (15) days, a judgment may be entered against
you without further notice. This citation was requested by attorney **ALFRED
BRUCE SHAPIRO ESQ** for litigant **ROBERT KING WILKERSON ET AL.**

      This citation was issued by the Clerk of Court for East Baton Rouge
Parish, on the **30th** day of **March, 2000.**

                              By: _____
                                     Deputy Clerk of Court for
                                     Doug Welborn, Clerk of Court

      * Also attached are the following documents:


                          SERVICE INFORMATION

Received on the _____ day of _____, 20____ and on the _____ day
of _____, 20___ , served the above named party as follows:

**PERSONAL SERVICE:** on the party herein named
at _____.

**DOMICILIARY SERVICE:** on the within named _____, by leaving the
same at his domicile in this parish in the hands of _____, a person
of suitable age and discretion residing in said domicile
at _____.

**SECRETARY OF STATE:** by tendering same to the within named, by handling same
at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the
within named _____ or his domicile or anyone
legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day
of _____, 20____.

SERVICE:   $_____         _____
MILEAGE:   $_____                  Deputy Sheriff
TOTAL:     $_____         Parish of East Baton Rouge, Louisiana

11608

CITATION

Form C 1002 (Mail Service)

ROBERT KING WILKERSON ET AL
              vs                          Plaintiff

RICHARD STALDER ET AL
                                        Defendant

TO:   Richard Stalder
      504 Mayflower Street
      Baton Rouge, Louisiana

No: C 479952 Div: M
19th JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

Headquarters —

K. Jumaine    4/4/00

      YOU HAVE BEEN SUED.

      Attached to this citation is a certified copy of the petition.*  The
petition tells you what you are being sued for.

      You must EITHER do what the petition asks OR, within fifteen (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the office of the Clerk of this Court at the Governmental
Building, 222 St. Louis Street, Baton Rouge, Louisiana.

      If you do not do what the petition asks, or if you do not file an answer
or legal pleading within fifteen (15) days, a judgment may be entered against
you without further notice.  This citation was requested by attorney **ALFRED
BRUCE SHAPIRO ESQ** for litigant **ROBERT KING WILKERSON ET AL.**

      This citation was issued by the Clerk of Court for East Baton Rouge
Parish, on the **30th** day of **March, 2000.**

      By: _____
              Deputy Clerk of Court for
              Doug Welborn, Clerk of Court

      * Also attached are the following documents:

SERVICE INFORMATION

Received on the _____ day of _____, 20_____ and on the _____ day
of _____, 20_____, served the above named party as follows:

PERSONAL SERVICE: on the party herein named
at _____.

DOMICILIARY SERVICE: on the within named _____, by leaving the
same at his domicile in this parish in the hands of _____, a person
of suitable age and discretion residing in said domicile
at _____.

SECRETARY OF STATE:  by tendering same to the within named, by adding same
to _____.

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the
within named _____ or his domicile or anyone
legally authorized to represent him.

RETURNED:  Parish of _____, this _____ day
of _____, 20_____.

SERVICE:  $_____        _____
MILEAGE:  $_____                Deputy Sheriff
TOTAL:    $_____        Parish of East Baton Rouge, Louisiana