UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT KING WILKERSON** (DOC# 80966), **ALBERT WOODFOX** (DOC# 72148), and **HERMAN WALLACE** (DOC# 76759) | : : : : : | CIVIL ACTION  NUMBER 00-0304-C-M3 |
| **VERSUS** | : | JUDGE TYSON |
| **RICHARD STALDER, ET AL.** | : | MAGISTRATE JUDGE DALBY |

### NOTICE OF COLLATERAL PROCEEDINGS AND REFILED CASE PURSUANT TO LOCAL RULE 3.1

**NOW INTO COURT,** through undersigned counsel, come the defendants, Richard Stalder, Burl Cain, Darrell Vannoy, Major Ned Tolliver, and Tom Norris, who, pursuant to Local Rule 3.1, respectfully inform the Court of the following:

Plaintiffs Wallace and Woodfox previously filed a suit in this court against the Secretary of the Department, the Warden of LSP, and others that apparently included a challenge to their placement in lockdown since 1972: <u>Herman Wallace and Albert Woodfox v. C. Paul Phelps, et al.</u>, Civil Action No. 85-0965-B-M2.[1] A copy of the docket sheet is attached hereto for the convenience of the court as Exhibit 1. This court dismissed the case and the dismissal was affirmed by the U. S. 5th Circuit. A copy of the

---

[1] While the docket sheet is stamped "MAGISTRATE-2", the 6/30/86 Magistrate's Report was issued by Magistrate Judge Stephen C. Riedlinger.

- 1 -



5th Circuit opinion (which outlines the plaintiffs' claims in that suit) is attached hereto for the convenience of the court as Exhibit 2.

                Respectfully submitted,

                RICHARD P. IEYOUB
                ATTORNEY GENERAL

BY: _____
                ANDRÉ CHARLES CASTAING
                ASSISTANT ATTORNEY GENERAL
                BAR ROLL # 17509

LOUISIANA DEPARTMENT OF JUSTICE
LITIGATION DIVISION
P.O. BOX 94095, CAPITOL STATION
BATON ROUGE, LA 70804-9095
TELEPHONE: (225) 342-8495
FAX: (225) 342-4952

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties and has been served upon all pro se parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 5th day of May, 2000.

Alfred B. Shapiro, Esq.
8220 Goodwood Blvd., Suite 2-B
Baton Rouge, LA 70808

                _____
                ANDRÉ CHARLES CASTAING

| DIST. | OFF. | DOCKET YR. NUMBER | FILING DATE MO DAY YEAR | P/S | D/DEF | $ | Nearest $1,000 | JUDGE/ MAG. NO. | COUNTY | JURY DEM. | DOCKET YR. NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 53N | 3 | 85  0965 | 10  15  85 | 3 | 550 | 1 | 3,000 | J 3N03 M | 22125 | | 85  0965 |

85-0965

**PLAINTIFFS**
1. HERMAN JOSHUA WALLACE
2. ALBERT WOODFOX

**DEFENDANTS**
1. C. PAUL PHELPS
2. FRANK BLACKBURN
3. R. HILTON BUTLER
4. RICHARD PEABODY

# MAGISTRATE-2
# SEC. B

**CAUSE**
(CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)
42 USC 1983 - Denial of due process

Herman Joshua Wallace
076759

Albert Woodfox
072148

**ATTORNEYS**

J. Marvin Montgomery
1885 Wooddale Blvd., Suite 1218
BR/LA 70806-1590
925-4120

EXHIBIT 1

CLOSED 1986
TRIED  NOT TRIED

Reinstated 2-10-86

| CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | FILING FEES PAID | | | STATISTICAL CARDS | |
|---|---|---|---|---|---|
| | DATE | RECEIPT NUMBER | C.D. NUMBER | CARD | DATE MAILED |
| | 11/1/85 | 18173  3.00 | | JS-5 | |
| | 11/1/85 | 18174  2.00 | | JS-6 | |

UNITED STATES DISTRICT COURT DOCKET                          DC-111 (Rev. 9/8

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 10/15/85 | 1 | COMPLAINT.... 2-11-86  issuing summons |
| 10/21/85 | 2 | ORDER...FJP...pltf. to pay $3.00 filing fee w/in 20 days...issuing notices...dkt 10/24/85 |
| 10/21/85 | 3 | ORDER...FJP...Woodfox to pay $2.00 filing fee w/in 20 days or suit dismissed...issuing notice dkt 10/24/85 |
| 10/23/85 | 4 | ORDER...FJP...pltf's suit stayed for 90 days to permit pltf. to exhaust administrative remed of La. Dept. of Public Safety & Corrections...if pltf. fails, suit to be dismissed w/pre atty. for La. Dept. of Corrections to file named documents w/in 90 days...copy of or to be mailed to pltf. & Cynthis Eyre by cert. mail...Clerk to administratively termin action w/out prejudice...issuing notices...dkt 10/24/85 |
| 10/28/85 | 5 | RETURN ON ORDER SERVED Head of General Accounting for Woodfox & Wallace, 10/25/8 |
| 1/31/86 | 6 | MOTION TO DISMISS/defts... FJP...DENIED...pltf's suit shall be reoped & stay order vacate defts to be served...issuing notices...dkt 2/11/86 |
| 2/3/86 | 7 | MOTION FOR RECONSIDERATION/Wallace... FJP...court has reoped this case to day... issuing notices...dkt 2/11/86 |
| 2/10/86 | 8 | MOTION FOR CONTINUANCE/pltfs... FJP...DENIED...issuing notices...dkt 2/11/86 |
| 2/12/86 | 9 | LTR TO CLERK/Herman Wallace...Re: papers concerning administrative remedy procedure |
| 2/12/86 | 10 | ORDER...FJP...case referred to HWL for further handling...issuing notices...dkt 2/13/86 |
| 2/21/86 | 11 | RETURN on S&C served C.Phelps, F. Blackburn, R. Butler & R. Peabody 2/19/86 |
| 2/21/86 | 12 | REQUEST FOR APPOINTMENT OF COUNSEL/pltf... HWL...DENIED...issuing notices...dkt |
| 2/26/86 | 13 | ORDER...HWL...x-motions for s/j w/memo due w/in 30 days of order...issuing notic dkt 2/27/86 |
| 2/28/86 | 14 | OPPOSITION TO DEFT'S MOTION TO DISMISS/pltf. |
| 2/28/86 | 15 | MOTION FOR INTERROGATORIES/pltf... HWL...DENIED...issuing notices...dkt 3/21/86 |
| 2/28/86 | 16 | MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT/pltf... HWL...GRANTED... parties to filex-mts for s/j w/in 60 days...issuing notices...dkt 3/21/86 |
| 3/7/86 | 17 | MOTION FOR STAY ORDER/pltfs...HWL...DENIED...parties to file x-mts. for s/j w/in 60 d issuing notices...dkt 3/21/86 |
| 3/18/86 | 18 | APPLICATION FOR PERJURY CHARGES/pltf... HWL...DENIED...issuing notices...dkt 3/2 |
| 3/20/86 | 19 | ANSWER/defts |
| 3/24/86 | 20 | REQUEST TO ENTER DEFAULT/pltf... HWL...DENIED...issuing notices...dkt 3/25/86 |
| 3/31/86 | 21 | NOTICE OF APPEAL/pltf...notices to Wallace, Woodfox Montgomery,HWL,FJP,5th Cir.dk |
| 3/31/86 | 22 | MOITON TO PROCEED IFP/pltf...— |
| 4/1/86 | 23 | MOTION FOR EXTENSION OF TIME/deft.... HWL...Granted additional 30 days to file mt. fo issuing notices...dkt 4/4/86 |
| 4/1/86 | 24 | CERTIFICATE/FJP...appeal not taken in good faith...issuing notices...dkt 4/2/86 |
| 4/11/86 | 25 | MOTION TO COMPEL DISCOVERY/pltf... — |
| 4/11/86 | 26 | REQUEST FOR ENTRY OF DEFAULT/pltf...HWL...DENIED...issuing notices...dkt 4/17/86 |
| 4/17/86 | 27 | M.E...HWL...pltfs' mt. to compel filed 4/11/86 placed on court's written mt. docket for 5/2 responsed due by 4/28/86...issuing notices...dkt 4/17/86 |
| 4/30/86 | 28 | MOTION FOR EXTENSION OF TIME/defts.....HWL...GRANTED hearing on pltfs' motion to continued to 6/6/86...issuing notices...dkt 5/2/86 |
| 5/1/86 | 29 | MOTION FOR S/J/defts...hrg...6/6/86 |
| 5/1/86 | 30 | M.E...HWL...deefts' mt. for s/j filed 5/1/86 placed on written mt. docket for 6/6/86...resp due by 6/2/86...issuing notices...dkt 5/2/86 |
| 5/9/86 | 31 | MOTION FOR S/J/pltf. |
| 5/19/86 | 32 | ANSWERS TO INTERROGATORIES/deft. |
| 5/20/86 | xx | ORIGINAL RECORD MAILED TO 5th Circuit on appeal |
| 5/22/86 | 33 | OPPOSITION TO DEFTS" MOTIN FOR S/J/pltf. |
| 5/22/86 | xx | ATTACHMENTS TO PLTF'S OPPOSITION TO DEFTS' MT. FOR S/J |
| 5/28/86 | 34 | MOTION TO COMPEL ANSWER TO INTERROGATORIES/pltf... SCR...DENIED...issuing notices...dkt 6/3/86 |
| 6/30/86 | 35 | MAGISTRATE'S REPORT...SCR...issuing notices...dkt 7/1/86 |
| 7/3/86 | 36 | COPY OF LTR TO Wallace/5th Circuit...Re: petition for writ of mandamus |
| 7/10/86 | 37 | WRITTEN OBJECTIONS TO PROPOSED FINDINGS OF MAGISTRATE'S REPORT/ |
| 8/1/86 | 38 | M.E...FJP...defts mot. for s/j GRANTED...pltf's mot. for s/j DENIED...pltf's suit dismiss w/prejudice...judgment to be entered...issuing notices...dkt 8/4/86 |
| 7/24/86 | 37A | LTR TO FJP/Wallace...RE: Attachments to Traverse |

—NEXT PAGE—

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| HERMAN JOSHUA WALLACE, ET AL | C. PAUL PHELPS, ET AL | DOCKET NO. 85-965-B <br> PAGE 1 OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 8/12/86 | 39 | ORDER/5th Circuit...leave to proceed IFP DENIED & appeal DISMISSED |
| 8/12/86 | 40 | JUDGMENT...FJP...in favor of defts & against pltfs dismissing suit w/prejudice...issuing notices...dkt 8/15/86 |
| 8/20/86 | 41 | NOTICE OF APPEAL/Pltf...Notices to Wallace, Woodfort Mont.,FJP,SCR,5th...Dkt.8/20/86 |
| 8/20/86 | 42 | MOTION FOR LEAVE TO PROCEED IFP/Pltf.... |
| 8/20/86 | 43 | CERTIFICATE...FJP..Appeal Not Taken In Good Faith...Issuing notices...Dkt.8/20/86 |
| 8/21/86 | 44 | REQUEST TO CLERK TO CERTIFY & TRANSMIT RECORD/Wallace |
| 9/15/86 | XX | ORIGINAL record mailed to 5th circuit |
| 10/27/86 | 45 | APPLICATION FOR LEAVE TO PROCEED IFP & PETITION FOR REVIEW/petitioner... 5th Circuit...app. for leave to proceed IFP GRANTED & petition DISMISSED AS MOOT |
| 2/9/87 | 46 | ORDER/5th Circuit...mot. to proceed IFP DENIED...appellants' req. for appointed appellant counsel DENIED |

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 86-3623

CA. 85-965-B

HERMAN JOSHUA WALLACE and
ALBERT WOODFOX,

            Plaintiffs-Appellants

  versus

C. PAUL PHELPS, Etc.,
Et Al.,

            Defendants-Appellees

U.S. COURT OF APPEALS
FILED
FEB - 4 1987
GILBERT E. GANUCHEAU
CLERK

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED FEB 0 - 1987
C. LEE DUPUIS
CLERK

Appeal from the United States District Court
for the Middle District of Louisiana

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

PER CURIAM:

  IT IS ORDERED that the motion to proceed in forma pauperis is DENIED, because the appeal lacks issues of arguable merit and is therefore frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). In deciding the motion to proceed in forma pauperis, this Court has examined the motion and supporting papers in the light most favorable to appellants and has reviewed the record for any basis to support granting them relief on

EXHIBIT 2

appeal. Because we have concluded on this review that the appeal is frivolous, IT IS FURTHER ORDERED that the appeal is DISMISSED.

Louisiana law does not provide a prisoner with a liberty interest in any particular classification. Wilkerson v. Maggio, 703 F.2d 909, 911 (5th Cir. 1983). Nor does the Due Process Clause of the United States provide them with such a liberty interest. See Caldwell v. Miller, 790 F.2d 589, 601-05 (7th Cir. 1986). Since appellants did not have a liberty interest in any particular classification, the protections of the Due Process Clause are not implicated by their lockdown status. Thus, their due process claim was correctly dismissed.

"Prison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status." McGruder v. Phelps, 608 F.2d 1023, 1026 (5th Cir. 1979). Appellants admit they were transferred to lockdown status because they killed a prison correctional officer. They were convicted in state court of murdering the correctional officer. Appellants' prison conduct justifies their lockdown status. See Wilkerson, 703 F.2d at 911.

Appellants' lockdown classification, by itself, does not constitutes cruel and unusual punishment. See Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). "If the State furnishes its prisoners with reasonably adequate food,

clothing, shelter, sanitation, medical care, and personal safety, so as to avoid the imposition of cruel and unusual punishment, that ends its obligations under Amendment Eight." <u>Newman v. State of Alabama</u>, 559 F.2d 283, 291 (5th Cir. 1977), <u>cert.denied</u>, 438 U.S. 915 (1978). Appellants do not allege they are not provided with these basic necessities. Thus, this claim is without merit.

The appellants presented no evidence indicating that their lockdown status violates their First Amendment right to freedom of belief. The record reveals they are in lockdown for killing a prison correctional officer. Since they would have borne the burden of proof on this issue at trial and they presented no evidence in support of this claim, it was correctly dismissed. <u>See Fontenot v. Upjohn Co.</u>, 780 F.2d 1180, 1195-96 (5th Cir. 1986). Likewise, appellants' claims that their lockdown status violates their First Amendment rights to freedom of association is meritless. Appellants do not have a First Amendment right to contact visitation with their family members. <u>Thorne v. Jones</u>, 765 F.2d 1270, 1275 (5th Cir. 1985), <u>cert.denied</u>, 106 S.Ct. 1199 (1986). Moreover, since the killing of the correctional officer constitutes good cause for appellants' lockdown status, it also constitutes sufficient cause for segregating them from other inmates and denying them contact visits with their families. <u>See</u>

Thorne, 765 F.2d at 1275. Appellants' First Amendment claim was correctly dismissed.

The district court did not abuse its discretion by denying appellants' motion to stay so that they could conduct discovery. Appellants have not demonstrated what purpose discovery would have accomplished nor do they specify any evidence that would have established the existence of a material fact. As a matter of law, appellants' claims did not entitle them to relief. Thus, discovery would not have served any useful purpose. Consequently, the district court did not abuse its discretion. See Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1506 (11th Cir. 1985), cert.denied, 106 S.Ct. 1513 (1986).

Finally, appellants' request for appointed appellate counsel is DENIED. Their filings exhibit they are able to research and present the applicable legal principles. Nonetheless, their claims are barred by established legal precedents. There are no exceptional circumstances warranting the appointment of counsel. See Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).