

DEPARTMENT OF
# PUBLIC SAFETY AND CORRECTIONS

M. J. "MIKE" FOSTER, JR., GOVERNOR

RICHARD L. STALDER, SECRETARY

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.
00 AUG -2 PM 9 50
SIGN
by DEPUTY CLERK

July 31, 2000

Honorable Lawrence Talamo
Acting Clerk of Court
United States District Court
Middle District of Louisiana
Post Office Box 2630
Baton Rouge, Louisiana 70821

RE: **Robert King Wilkerson, et al. v Richard Stalder, et al.**
**CVA-00-304-C-M3, USDC, MD, LA**

Dear Sir:

In compliance with the Court's 30 Day Stay Order, please find enclosed the Affidavit of Kimberley LeMaire along with the entire administrative proceedings regarding **ADMINISTRATIVE REMEDY PROCEDURE NOS. LSP-00-0208 and LSP-00-0222**, in connection with allegations contained in the above-captioned matter.

I ask that you file the original into the record and return to me a date-stamped copy for my files. A self-addressed, stamped envelope has been provided for your convenience.

Thanking you in advance for you attention and cooperation in this matter, I remain

Very truly yours,

William L. Kline

WILLIAM L. KLINE
General Counsel

WLK.kl
Enclosures
xc: Plaintiffs

P. O. Box 94304 • Capitol Station • Baton Rouge, Louisiana 70804-9304
(504) 342-6740
AN EQUAL OPPORTUNITY EMPLOYER

| ACTION | INITIALS | DOCKET # |
|---|---|---|
| PROCESSED | | 13 |
| CHARGED | lw | |

**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBERT KING WILKERSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-304-C-M3** |
| **RICHARD STALDER, ET AL.** | **MAG. JUDGE DALBY** |

********************************************************************************

**STATE OF LOUISIANA**
**PARISH OF EAST BATON ROUGE**

**A F F I D A V I T**

BEFORE ME, the undersigned Notary, personally came and appeared:

**KIMBERLEY LEMAIRE**

who after being first duly sworn, did depose and say that:

She is employed as a Paralegal for the Department of Public Safety and Corrections, Legal Services, Office of the Secretary, and that, at their request and on their behalf, has determined the following:

Plaintiffs, **ROBERT WILKERSON, DOC #80966, ALBERT WOODFOX, DOC #72148 and HERMAN WALLACE, DOC #76759,** have filed suit alleging they have been in disciplinary detention/extended lockdown (CCR - Closed Cell Restriction) for 28 years, having been denied release every 90 days, in violation of their Eighth Amendment rights against cruel and unusual punishment. Plaintiffs also allege specific conditions of confinement including being deprived of all human contact for 23 hours a day, limitation of three (3) hours a week of fenced yard exercise, severe restrictions on personal property, reading materials, access to court and inmate counsels.

Plaintiffs also allege that the Defendants have shown deliberate indifference by keeping them in total isolation resulting in their sustaining severe mental and psychological damage.

Plaintiffs seek monetary damages as well as a permanent injunction to enjoin the Defendants from placing Plaintiffs in extended lockdown and ordering them placed in the general population.

Plaintiff, **ROBERT WILKERSON, DOC #80966**, filed for administrative remedy regarding allegations of his being in solitary confinement for nearly 28 years and his being housed at Camp J, under **ADMINISTRATIVE REMEDY PROCEDURE NO. LSP-00-0208,** which request was rejected at the First Step of the procedure on February 16, 2000, as decisions of the Lockdown Review Board are not appealable through the Administrative Remedy Procedure.

Plaintiff, **HERMAN WALLACE, DOC #76759**, filed for administrative remedy regarding allegations of his being in solitary confinement for 28 years under **ADMINISTRATIVE REMEDY PROCEDURE NO. LSP-00-0222,** which request was rejected at the First Step of the procedure on February 16, 2000, as decisions of the Lockdown Review Board are not appealable through the Administrative Remedy Procedure

Plaintiff **ALBERT WOODFOX, DOC #72148**, did not submit a request for administrative remedy regarding the allegations set forth in Plaintiffs' Petition.

Attached are true and correct copies of **ADMINISTRATIVE REMEDY PROCEDURE NO. LSP-00-0208** filed by Plaintiff **ROBERT WILKERSON, DOC #80966** and **LSP-00-0222** filed by Plaintiff **HERMAN WALLACE, DOC #76759.**

The above information is true and correct to the best of her information, knowledge and belief.

Kimberley Lemaire
KIMBERLEY LEMAIRE

**SWORN TO AND SUBSCRIBED** before me, Notary, this 31st day of July, 2000, at Baton Rouge, Louisiana.

Miriam L. Kline
NOTARY PUBLIC

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

FORM ARP-1
(REJECTED)

NUMBER: LSP - 2000 - 0222

OFFENDER'S RELIEF REQUEST FORM

(Type or use ball-point pen)

TO: HERMAN WALLACE 76759
(Offender's Name & Number)

LSP (CCR UPPER C)
(Offender's Living Unit)

4/18/72
Date of Incident

XXX **REJECTED.** Your request has been rejected for the following reasons:

Decisions of the Lockdown Review Board may not be appealed through this procedure as defined in the Administrative Remedy Procedure. If you need assistance regarding the Administrative Remedy Procedure, you may contact your inmate counsel substitute for assistance.

2/16/200
Date of Rejection

DORA RABALAIS
Warden's Designee

---

INSTRUCTIONS TO OFFENDER: This request for remedy was rejected for the reasons stated. You may not pursue this complaint to Step 2 nor to Step 3 since it was rejected. If you are dissatisfied, you may seek Judicial Review in the Nineteenth Judicial District Court within 30 days of the date you receive this notice of rejection.

LOUISIANA STATE PENITENTIARY

(R)

ANGOLA, LOUISIANA

ARP NUMBER: LSP - 2000 - 0222

:: HERMAN WALLACE 76759

ICATION: (CCR UPPER C)

6

HEREBY ACKNOWLEDGE RECEIPT OF FORM ARP-1 REGARDING REQUEST FOR REMEDY JMBER LSP-2000-0222.

ECEIVED BY: Herman Wallace #76759
(INMATE'S NAME & NUMBER)

TE RECEIVED: 2-29-2000

ELIVERED BY: J. C. Johnson Sgt

German Wallace
vs.
Burl Cain, Warden
File Date: 1/12/2000

RECEIVED
JAN 14 2000
Legal Programs Department

This is A Request for Adm. Remedy

On April 18, 1972 I was Removed From the main prison population and placed in the Closed Cell Restriction [CCR], for what authorities document as "Investigation".

Since my placement in the CCR, Approximately 28 years ago, I have been subjected to extreme abuse of which has taken serious Mental and physical effects that could and should had been avoided 26 years ago.

Documents will show my original reason for lockdown was due to an Investigation. Upon the completion of said Investigation I should had been Released from lockdown status.

I further Aver that in light of prison officials failure to bring me before a disciplinary board immediately after the state completed its "investigation, past administrations and this administration has consistently denied me due process.

Since 1972, I have attempted numerous times to seek Relief via appeals, Administrative Remedy, and through Court proceedings. But, because of my indigency and inability to legally Match the Muscle of the

State of Louisiana, Rights, such as the First, Eight, and Fourteenth Amendments are being denied me.

Though my placement in the CCR was before the establishment of the Cell Block Review Board, or the Administrative Remedy Procedure Act, Im being forced to utilize these vehicles for relief that has absolutely no legal jurisdictions for the claim Im presenting. The Review Board and the ARP act are not applicable in this matter as they deny me a defense, of established law of April 17, 1972.

I have requested from previous and this Administration to put a end to my solitary confinement status by creating a program — a meaningful program that would be fair and equitable to all inmates. But instead, all previous, as well as this present administration has chosen to act with total disregard for my well being and the being of others similar situated. 28 years in solitary confinement, not based upon behavior, but based upon REVENGE for the satisfaction of friends and relatives affiliated with this institution.

Years of denying me to live in a environment with less restrictions as I've been subjected to, in CCR's solitary confinement, for the past 28 years, is proof that the state of Louisiana has no intention of ever releasing me

from solitary Confinement.

Relief

1. Immediate Release from Solitary Confinement

Grant Compensatory Damage in the amount of:

1. forty dollars ($40.00) per day held in Solitary Confinement

Grant Punitive Damages in the amount of:

2. Five Million Dollars ($5,000,000) for years of arbitrary decisions that kept me under such harsh and inhumane conditions.

Respectfully Submitted,

Herman Wallace

cc:

file

Alfred Shapiro, Attorney

REJECTED
FEB 16 2000
ADMINISTRATIVE REMEDY PROCEDURE
LOUISIANA STATE PENITENTIARY

Herman Wallace
#76759-J/CAR 3-R-13
La. State Prison
Angola, La. 70712

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

FORM ARP-1
(REJECTED)

NUMBER: LSP - 2000 - 0208

OFFENDER'S RELIEF REQUEST FORM

(Type or use ball-point pen)

TO: ROBERT WILKERSON 80966
(Offender's Name & Number)

LSP (CCR UPPER C)
(Offender's Living Unit)

1/12/2000
Date of Incident

XXX **REJECTED.** Your request has been rejected for the following reasons:

Decisions of the Lockdown Review Board may not be appealed through this procedure as defined in the Administrative Remedy Procedure. If you need assistance regarding the Administrative Remedy Procedure, you may contact your inmate counsel substitute for assistance.

2/16/200
Date of Rejection

DORA RABALAIS
Warden's Designee

---

INSTRUCTIONS TO OFFENDER: This request for remedy was rejected for the reasons stated. You may not pursue this complaint to Step 2 nor to Step 3 since it was rejected. If you are dissatisfied, you may seek Judicial Review in the Nineteenth Judicial District Court within 30 days of the date you receive this notice of rejection.

2-20-2000 on Visit

LOUISIANA STATE PENITENTIARY

(R)

ANGOLA, LOUISIANA

ARP NUMBER: LSP - 2000 - 0208

201

:E: ROBERT WILKERSON 80966

.OCATION: (CCR UPPER C)

: HEREBY ACKNOWLEDGE RECEIPT OF FORM ARP-1 REGARDING REQUEST FOR REMEDY 
IUMBER LSP-2000-0208.

:ECEIVED BY: Robert K Wilkerson 80966
(INMATE'S NAME & NUMBER)

)ATE RECEIVED: 2-24-2000

)ELIVERED BY: [signature] Sgt.

This is a Request for Administrative Remedy

RECEIVED
JAN 13 2000
Legal Programs Department

From: Robert "King" Wilkerson #80966
Camp "J" Gar 2-R-12
Angola, Louisiana 70712

RE: Release from 28 years of solitary confinement

To: Burl Cain, Warden (or Designee)
La. State Prison
Angola, Louisiana 70712

RECEIVED
JAN 13 2000
WARDEN'S OFFICE

Warden Cain (or designee);

FILED
FEB 16 2000
ADMINISTRATIVE REMEDY PROCEDURE
LOUISIANA STATE PENITENTIARY

I am seeking administrative remedy or intervention by your administration for release from my nearly 28 years of solitary confinement. Prison records would show that I was initially classified to close cell restricted or CCR, in May 1972. Allegedly for "[redacted] wanting to play lawyer for another inmate", and for what can be termed a "Ghost Investigation", since this investigation prevails unto this day. In any event, I have always questioned the validity or legitimacy of my being sent to solitary confinement in the first place. However, it can now be said that after nearly 28 years of solitary confinement (with sometimes lengthy periods - including years, with [redacted] disciplinary or incident reports) the nature of my original reason for being sent to solitary confinement no longer exist. The validity, if any, is lost in antiquity. Since 1972, no prison administration has deemed me eligible for release from my solitary status, into the mainstream prison population. And this present administration has found it convenient to follow in the footsteps of its predecessors.

During my many solitary years at CCR, many attempts and appeals have been made to all administrations - including this present one, to alter its policy. Nevertheless, all administrations has continued to act with total indifference, refusing to set forth an equitable guideline, or to establish a working criteria whereby a prisoner can gain access to a lesser restricted area, away from CCR or some other extended lockdown area. If such a criteria does, in fact exist, then

it does so only in theory, not in actual practice, at least not in practice for this prisoner whose perpetuity in solitary confinement is a matter of public record.

Presently, I am housed at camp "J" the prison's disciplinary camp, where after having completed the required six (6) months program, I appeared before the camp's reclassification board on october, 1999. Said board reclassified me to another solitary confinement area. However, (due to indifference, abuse, and wanton violations of the spirit and letter of the camp "J" management program by prison administrators and this, too, is another critical issue that needs to be addres I remains under Camp "J's" "Treatment Program". Again, on January 11/[illegible] [redacted], the camp "J" board again met. I was reclassified to the sa status as before; i.e., to another solitary confinement area. As of the writing of this ARP, I am still being housed in solitary confinem still under the complexities and hardships of Camp "J's" punitive prograr This perpetual administrative indifference adds insult to injury; it exacerbates my already cruel and unusual standing within the priso The wanton violation of my civil and human rights has to come to halt. You, warden Cain-et al, can bring to a halt the inhuman practic of perpetually holding me in solitary confinement. Therefore ...

RELIEF REQUESTED

... I am requesting an immediate transfer to a non-solitary confinement area (i.e., a non-extended lockdown area) within the prisor Additionally, I seek monetary damages, compensatory and punitive in the amount of 1,500,000.00, and 3,500,000.00, respectively, for 28 years of arbitrary, and oftentimes-inhuman treatment I've had to endure.

Submitted By:

s/ Robert King Wilkerson

Robert K. Wilkerson #80961

Camp "J" GAR 2-R-11

Louisiana State Prison

Angola, Louisiana, 70712