FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

00 AUG 11 AM 9: 39

SIGN_____
by DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT KING WILKERSON et al. | * | CIVIL ACTION |
| VERSUS | * | NUMBER 00-304-C-M3 |
| RICHARD STALDER et al. | * | |

\* \* \* \* \* \* \*

**STATUS REPORT**

**A. Jurisdiction**

This is an action under 42 U.S.C. § 1983. Jurisdiction lies under 28 U.S.C. § 1331, 1343(a)(3) and (4). Plaintiffs also assert state law claims. Jurisdiction for the state law claims lies under 28 U.S.C. § 1367.

**B. Brief explanation of the case**

  1. Plaintiffs claim that they have been subjected to cruel and unusual punishment by being confined to extended lockdown for 28 years. They also contend that the decisions to continue their confinement have been and continue to be made without due process of law.

  2. Defendants' claims: Plaintiffs fail to allege that they have exhausted their administrative remedies with regard to their conditions of confinement claims as required by 42 USC §1997e(a) and La.R.S. 15:1171 *et seq*. and La.R.S. 15:1184.

All of plaintiffs' federal claims that arose prior to 30 March 1999 are prescribed. The defendants are entitled to qualified immunity on plaintiffs' federal and Louisiana law claims for damages. The decisions not to release the plaintiffs from lockdown did not deprive them of a liberty interest protected by the Due Process Clause. The complaint does not provide specific

1

factual allegations as to defendants Stalder, Cain, and Vannoy. The plaintiffs do not plead any detriment to any litigation with regard to their access to court claims.

Plaintiffs' claims for injunctive relief fail to state a claim for which relief can be granted pursuant to the limitations on prospective relief contained in 18 USC §3626 and La.R.S. 15:1182.

3. Motion to dismiss pending.

### C. Principal legal issues in dispute

1. Whether confinement in extended lockdown for 28 years constitutes cruel and unusual punishment in violation of the Eighth Amendment?

2. Whether plaintiffs have a liberty interest in being released from extended lockdown after 28 years of confinement in that classification?

3. Whether the decisions to continue plaintiffs' confinement in extended lockdown have been and are made in accordance with due process of law?

4. Are the defendants entitled to qualified immunity from plaintiffs' claims for monetary damages under both federal and Louisiana law?

5. Is the requested prospective relief in the form of release from extended lockdown into the general population available under the limitations of the Prison Litigation Reform Act (18 U.S.C. § 3626) and the Louisiana Prison Litigation Reform Act (La. R.S. 15:1182)?

### D. Damages

1. Plaintiffs seek compensatory and punitive damages. They have not yet quantified the amount sought.

2. Are the plaintiffs entitled to recover damages for mental and emotional injury without a prior showing of physical harm under the limitations of 28 U.S.C. § 1997e(e) and La. R.S. 15:1184(E)?

3. Is the requested prospective relief in the form of punitive damages available under the limitations of the Prison Litigation Reform Act (18 U.S.C. § 3626) and the Louisiana Prison Litigation Reform Act (La. R.S. 15:1182).

**E. Service**

All defendants have been served and appeared.

**F. Discovery**

1. Plaintiffs have not commenced discovery.

2. The defendants object to any discovery until after their qualified immunity-based motion to dismiss is ruled upon.

3. Experts: At this point, plaintiffs contemplate calling one or two expert witnesses to testify on the impact of extended confinement in a lockdown situation, such as that endured by plaintiffs. If the plaintiffs plan to use an expert witness, the defendants will use an expert in the same or similar field.

**G. Proposed scheduling order**

1. Recommended deadlines for amending complaint, adding new parties, claims, counterclaims, cross-claims: Plaintiffs suggest 30 days after disposition of defendants' pending motion to dismiss, with the following exception: should plaintiffs learn in discovery of additional persons who played or continue to play a role in the decision not to release them from extended lockdown, plaintiffs should be allowed to add them as defendants.

2. Completion of discovery: The defendants have indicated that they will appeal a denial of their qualified immunity defenses. Accordingly, the parties suggest a scheduling conference addressing completion of discovery after disposition of that motion.

**H. Pretrial and Trial Dates**

1.

    (a) This case is NOT ready for the final pretrial conference.

    (b) The defendants contend that setting a final pretrial conference is premature. The defendants plan to seek appellate review from any denial of their qualified immunity defenses.

   2. Demand for jury trial: The defendants have not answered yet. They plan to demand a trial by jury.

   3. Number of days that trial will take: unknown at this time.

I. **Other matters**

   None at this time.

J. **Alternate dispute resolution**

   The parties do not wish to engage in alternate dispute resolution.

K. **Settlement**

   No settlement efforts have been made. A settlement conference would not be appropriate at this time.

L. **Consent to jurisdiction by a magistrate judge**

   Plaintiffs' counsel has not yet consulted with her clients about consenting to jurisdiction by a magistrate judge.

   The defendants decline to consent at this time.

                              Respectfully submitted,

                              ROBIN E. SCHULBERG, P.L.C.
                              Attorney for Plaintiffs

                              _____
                              Robin E. Schulberg LSBN 20365
                              Cooperating Attorney – ACLU Foundation
                                 of Louisiana
                              Post Office Box 1483
                              Covington, LA 70434
                              (504) 871-8213

Report dated: August 10, 2000

4

## CERTIFICATE OF SERVICE

    I certify that I served a copy of the foregoing on Andre Charles Castaing, Assistant Attorney General, Department of Justice, P.O. Box 94095, Baton Rouge, LA 70804-9095, by deposit in the U.S. mail, properly addressed and postage prepaid, this 10th day of August, 2000.

                                                          Robin E. Schulberg