

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT KING WILKERSON, ALBERT WOODFOX, and HERMAN WALLACE, | * * | CIVIL ACTION NUMBER 00-304-C-M3 |
| VERSUS | * | JUDGE TYSON |
| RICHARD STALDER et al. | * | MAGISTRATE DALBY |

\* \* \* \* \* \* \*

### MEMORANDUM OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT

Defendants assert qualified immunity from plaintiffs' due process claim on the ground that plaintiffs have no liberty interest in freedom from extended lockdown in the aftermath of Sandin v. Conner, 515 U.S. 472 (1995). Their position is incorrect. Not only has the Fifth Circuit recognized that confinement in segregation can give rise to a liberty interest in "extraordinary circumstances." Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999); Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996). But also, nearly all the sister circuits have declined to read Sandin as imposing a blanket bar to such claims.

The Second Circuit has taken the lead, holding in April 1997 that "Sandin did not create a *per se* blanket rule that disciplinary confinement may never implicate a liberty interest." Miller v. Selsky, 111 F.3d 7, 9 (2d Cir. 1997). Rather, the district court "must

1



examine the specific circumstances of the punishment," Brooks v. DiFasi, 112 F.3d 46, 49 (2d Cir. 1997), to determine whether a particular inmate's confinement in lock-down creates "atypical and significant" hardship. A key part of the fact-specific inquiry is the duration of the restricted confinement, id., "since especially harsh conditions endured for a brief interval and somewhat harsh conditions endured for a prolonged interval might both be atypical." Sealey v. Giltner, 197 F.3d 578, 586 (2d Cir. Dec. 6, 1999). Hence, in Colon v. Howard, 215 F.3d 227, 231 (2d Cir. June 9, 2000), the Second Circuit reversed the trial court to hold as a matter of law that 305 days in a segregated housing unit (SHU) imposed an atypical and significant hardship giving rise to a constitutionally protected liberty interest under Sandin. Moreover, for due process challenges to SHU confinements between 101 to 305 days, the Second Circuit requires the development of a detailed factual record following discovery. Id. at 232.

Nearly all the other circuits have likewise considered duration of confinement in segregation in deciding whether the plaintiff faced atypical and significant hardship within the meaning of Sandin. See Hatch v. District of Columbia, 184 F.3d 846, 856, 858 (D.C. Cir. July 30, 1999) (court must look to both nature of the deprivation and its length); Shoats v. Horn, 213 F.3d 140, 144 (3rd Cir. May 23, 2000) (eight years in administrative segregation gives rise to a liberty interest); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (exposure to relatively burdensome conditions for a mere six months does not impose significant hardship); Rodgers v. Johnson, 221 F.3d 1335, 2001 WL 875767 (6th Cir. June 20, 2000) (unpublished) (reversing summary dismissal where the inmate had spent 10 years in administrative segregation); Bryan v. Duckworth, 88 F.3d 431, 433 (7th Cir. 1996) (if conditions in segregation were considerably harsher than

those of normal prison environment, "then a year of [segregation] might count as a deprivation of liberty where a few days or even weeks might not."), abrogated on other grounds, Diaz v. Duckworth, 143 F.3d 435 (7th Cir. 1998); Herron v. Wright, 116 F.3d 480, 1997 WL 292333 (8th Cir. June 3, 1997) (unpublished) (length of time in segregation is a significant factor; ten years in segregation appears "beyond typical and insignificant"), and Herron v. Schriro, Nos. 99-3230, 99-3232, 2001 WL 360479 (8th Cir. April 12, 2001) (unpublished) (affirming finding that 13 years' confinement in administrative segregation infringes liberty interest), petition for cert. filed (U.S. Sept. 10, 2001) (No. 01-6634); Keenen v. Hall, 83 F.3d 1083,1089 (9th Cir. 1996) (duration of confinement in segregation is a factor in test for "atypical and significant hardship"), amending opinion on other grounds and denying rehearing, 135 F.3d 1318 (1998); Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 809 (10th Cir. Jan. 27, 1999) (court must address both "duration and degree" of plaintiff's restrictions as compared to those imposed on inmates); Williams v. Fountain, 77 F.3d 372, 374 n.3 (11th Cir. 1996) (full year of solitary confinement is atypical and significant hardship).

The overwhelming weight of authority establishes that extended exposure to a hardship can make it atypical and significant, even if it was not so in the first instance. That interpretation of Sandin was clearly established by March 30, 1999, a year prior to the institution of this lawsuit. Each of the plaintiffs endured more than a quarter century in lockdown, and plaintiffs Wallace and Woodfox likely will spend the rest of their lives in lockdown absent judicial intervention. (Plaintiff Wilkerson remained in lockdown until early 2001, when he was released from prison following habeas relief from the Fifth Circuit.) Surely, such lengthy and potentially indefinite restrictions constitute

3

"extraordinary circumstances" and "atypical and significant hardship." This Court should deny the motion to dismiss, and allow this case to proceed to discovery for development of a factual record.

    Respectfully submitted,

    ROBIN E. SCHULBERG, APLC
    Attorney for Plaintiffs

    Robin E. Schulberg LSBN 20365
    Cooperating Attorney – ACLU
        Foundation of Louisiana
    Post Office Box 1483
    Covington, LA 70434
    Telephone (985) 871-8213
    Telefax (985) 893-7630

    and

    Alfred B. Shapiro LSBN 9963
    General Counsel
    ACLU Foundation of Louisiana
    8220 Goodwood Blvd., Suite 2-B
    Baton Rouge, LA 70808

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT KING WILKERSON, ALBERT WOODFOX, and HERMAN WALLACE, | * * | CIVIL ACTION NUMBER 00-304-C-M3 |
| VERSUS | * | JUDGE TYSON |
| RICHARD STALDER et al. | * | MAGISTRATE DALBY |

\* \* \* \* \* \* \*

### NOTICE OF HEARING

To:  Andre Charles Castaing
    Assistant Attorney General
    Louisiana Dept. of Justice, Litigation
    P.O. Box 94095, Capitol Station
    Baton Rouge, LA 70804-9095

PLEASE TAKE NOTICE that plaintiffs' Motion for Leave to File Supplemental Authorities is set for hearing before United States Magistrate Dalby, United States District Court, Middle District of Louisiana, 777 Florida Street, Baton Rouge, LA 70801, on the 4th day of January, 2002, without oral argument.

Respectfully submitted,

ROBIN E. SCHULBERG, APLC
Attorney for Plaintiffs

Robin E. Schulberg LSBN 20365
Cooperating Attorney – ACLU
    Foundation of Louisiana
Post Office Box 1483
Covington, LA 70434
Telephone (985) 871-8213
Telefax (985) 893-7630

1

## CERTIFICATE OF SERVICE

    I certify that I served a copy of the foregoing Notice of Hearing on Andre Charles Castaing, Louisiana Department of Justice, Litigation, P.O. Box 94095, Capitol Station, Baton Rouge, LA 70804-9095, by deposit in the U.S. mail, properly addressed and postage prepaid, this 1st day of December, 2001.

Robin E. Schulberg