



FILED
DIST COURT
MIDDLE DIST. OF LA
2002 APR 11 P 4:29
SIGN ____
BY DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ROBERT KING WILKERSON (DOC# 80966), ALBERT WOODFOX (DOC# 72148), and HERMAN WALLACE (DOC# 76759)** | : | **CIVIL ACTION** |
| | : | **NUMBER 00-0304-C-M3** |
| **VERSUS** | | |
| | : | **JUDGE TYSON** |
| **RICHARD STALDER, ET AL.** | : | **MAGISTRATE JUDGE DALBY** |

**OBJECTION TO MAGISTRATE JUDGE'S REPORT**

**MAY IT PLEASE THE COURT:**

The appearing defendants, Richard Stalder, Burl Cain, Tom Norris, Richard Peabody, Sam Smith, Paul Myers, and Robert Rachal respectfully object to the magistrate judge's report entered 28 March 2001 (docket no. 46).[1]

The report concerns the defendants' motion to dismiss (doc. no. 4 & 5) and Motion to Dismiss Plaintiffs' Amended Complaint (doc. no. 24 & no. 25).

---

[1] The defendants original motion was filed on behalf of defendants Stalder, Cain, Vannoy, Tolliver, and Norris. The plaintiffs' Amended Complaint (doc. no. 20) eliminated claims against Vannoy and Tolliver and added claims against several new defendants, including Peabody, Smith, and Myers. At the 12 January 2001 oral argument before the Magistrate Judge, undersigned adopted the motion to dismiss filed by the other defendants (rather than file a separate motion that would make the same arguments). See: Minute Entry, doc. no. 34.

Since the time of the 12 January 2001 oral argument, defendant Robert Rachal has been served. Again in the interests of judicial efficiency, undersigned counsel adopts on Rachal's behalf the motions to dismiss filed on behalf of the other defendants (rather than file an additional motion that makes the same arguments) and makes this objection on his behalf as well.

INITIALS | DOCKET#
KK | 48



c: DLD/NL

## I. OBECTIONS.

1. The Magistrate Judge erred when she found that the defendants were not entitled to qualified immunity on the 14th Amendment due process claim.

2. The Magistrate Judge erred when she denied the defendants qualified immunity on plaintiffs' claims for punitive damages.

3. The Magistrate Judge erred when she denied the defendants qualified immunity on the plaintiffs' state constitutional law claims.

4. The Magistrate Judge erred when she found that the plaintiffs alleged sufficient causal connexity as to Warden Cain.

## II. THE MAGISTRATE JUDGE ERRED WHEN SHE FOUND THAT THE DEFENDANTS WERE NOT ENTITLED TO QUALIFIED IMMUNITY ON THE 14TH AMENDMENT DUE PROCESS CLAIM.

The Magistrate Judge found that the defendants were not entitled to qualified immunity on the plaintiffs' 14th Amendment due process claim. The discussion in the Magistrate Judge's report is both incorrect and incomplete.

### A. The law on qualified immunity.

Government officials, performing discretionary functions, "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". Harlow v. Fitzgerald, 102 S.Ct. 2727, 2738 (1982). The court conducts a bifurcated analysis to assess whether a defendant is entitled to qualified immunity. Saucier, 121 S.Ct. at 2156.

The first step is to determine whether the plaintiff has alleged a violation of a clearly established constitutional right. Saucier, 121 S.Ct. at 2156. This a "purely legal

question" to be determined by the Court. Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991). The court uses currently applicable constitutional standards to make this assessment. Saucier, 121 S.Ct. at 2156. The plaintiff bears the burden of pleading such a violation of clearly established law. See: Mitchell v. Forsyth, 105 S.Ct. 2806, 2815 (1985).

If the plaintiff meets the burden of alleging that there has been a violation of a constitutional right which is clearly established under current law, then the second step is for the court to determine whether that constitutional right was clearly established at the time of the events in question. Saucier, 121 S.Ct. at 2156

The court must determine whether an alleged right was established with sufficient particularity that a reasonable official could anticipate his actions would violate that right. Anderson v. Creighton, 107 S.Ct. 3034, 3039 (1987). It is not enough that the law be established as a general proposition (such as that the 4th Amendment prohibits "unreasonable" searches and seizures or that the 8th Amendment prohibits "excessive" force).

Rather, the right that the official is alleged to have violated must have been "clearly established" in a more particularized and more relevant sense. The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right at the time. Saucier, 121 S.Ct. at 2156. As the Supreme Court held:

> The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful *in the situation he confronted*.
>
> - Saucier, 121 S.Ct. at 2156 (emphasis added).

If the law did not put the officer on notice that his conduct in the situation he confronted would be clearly unlawful, he is entitled to qualified immunity. Saucier, 121 S.Ct. at 2156-57.

For qualified immunity to be surrendered:

> pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances.
>
> - Sorenson v. Ferrie, 134 F.3d 325, 330 (5th Cir. 1998), citing, Pierce, 117 F.3d at 882.

In determining whether a right is "clearly established" for qualified immunity purposes, the court is confined to precedent from the 5th Circuit and the Supreme Court. Shipp v. McMahon, 234 F.3d 907, 915 (5th Cir. 2000)(on panel rehearing), cert. denied, 121 S.Ct. 2193 (2001).

**B. The magistrate judge erred when she found that the law was clearly established in 1999 and 2000 that the interest at issue was of *Sandin* significance.**

The finding of an interest protected by the Due Process Clause is a threshold inquiry in any procedural due process claim. The deprivation of a protected interest is an essential element of a procedural due process claim. American Manufacturers Mutual Insurance Company v. Sullivan, 119 S.Ct. 977, 989 (1999).

As the result of the Supreme Court's decision in Sandin v. Conner, 115 S.Ct. 2293 (1995), the liberty interest analysis has two prongs:

1. First, the deprivation must be of Sandin significance; and
2. Second, the State must have in fact created a liberty interest.

The Magistrate Judge found it was clearly established at the time of the events in this suit (from March 1999 onward) that a liberty interest existed when the alleged deprivation did not automatically lengthen the inmate's sentence or time he spent in prison. That finding is incorrect.

It may be that this case will develop the law that the plaintiffs here have a liberty interest. However, it was not clearly established in 1999 and 2000 that the alleged liberty interest was of Sandin significance. In interpreting Sandin, the U.S. 5th Circuit held that:

> It is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional "liberty" status.
>
> - Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995).

Prisoners have no liberty interest in avoiding disciplinary segregation, at least where the status does not inevitably affect the duration of the sentence. Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997), citing, Sandin v. Connor, 115 S.Ct. at 2302.

In light of the 5th Circuit's case law to the contrary, is difficult to see how the Magistrate Judge reached her conclusion. If individuals must parse the case law and ignore seemingly clear statements from the 5th Circuit in order to divine the rule of law, it

is impossible to find that the rule of law thereby divined is "sufficiently clear that a reasonable official would understand that what he is doing violates that right".

C. **The Magistrate Judge erred when she ignored the second prong of the liberty interest analysis.**

As noted above, post-Sandin, the liberty interest analysis has two prongs:

1. First, the deprivation must be of Sandin significance; and

2. Second, the State must have in fact created a liberty interest.

Prior to Sandin, the liberty interest analysis focused solely on whether the state placed "substantive limitations on official discretion". Kentucky Dept. of Corrections v. Thompson, 109 S.Ct. 1904, 1909 (1989), citing, Olim v. Wakinekona, 103 S.Ct. 1741, 1747 (1983). In Sandin, the Supreme Court grafted a new element onto the existing liberty interest analysis. This is demonstrated by the language in Sandin that a State:

> may under certain circumstances create liberty interests which are protected by the Due Process Clause.
>
> - Sandin, 115 S.Ct. at 2300 (emphasis added).

Further, the Court held that inmate Conner's confinement in segregation did not present the type of deprivation "in which a State might conceivably create a liberty interest". Sandin, 115 S.Ct. at 2301 (emphasis added). Obviously, the action of the State in actually creating a liberty interest is still relevant. Establishing a deprivation of Sandin significance is **a necessary but not a sufficient condition** for the plaintiffs to prevail on their liberty interest claims. To prevail, the plaintiffs **must also establish** that a liberty

interest was in fact created by the State of Louisiana. The Magistrate Judge ignored that part of the liberty interest analysis.

In their motion to dismiss, the defendants asserted that even if the plaintiffs prevailed on the first part of the liberty interest analysis (Sandin significance), their claim failed on the second part. The plaintiffs fail to sufficiently allege that the State of Louisiana in fact created a liberty interest in **release** from extended lockdown. This case is not about the plaintiffs' initial placement in extended lockdown. Rather, their due process claims concern an alleged liberty interest in release from extended lockdown. Accordingly, in order to prevail, they must establish that the State of Louisiana in fact created a liberty interest in release from extended lockdown.

In order to overcome the qualified immunity defense, the plaintiffs must support their claim:

> with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.
>
> - Schultea v. Wood, 47 F.3d 1427, 1434 (en banc).

The plaintiffs have alleged no facts whatsoever that there are any statutes, rules, or regulations that establish any substantive predicates governing official decision-making and then mandating the outcome to be reached upon a finding that the relevant criteria have been met. Thompson, 109 S.Ct. at 1909. Further, to create a liberty interest, there

must be explicitly mandatory language, i.e.,

> specific directives to the decision maker that if the regulations' substantive predicates are present, a particular outcome must follow, in order to create a liberty interest.
>
> - Thompson, 109 S.Ct. at 1910.

In neither their opposition to the defendants' motion to dismiss the original complaint nor in their amended complaint do the plaintiffs identify any source wherein the liberty interest was created. For example, they have not identified a rule that states that they are entitled to release from lockdown should certain criteria be reached. Schultea usually allows the plaintiff a chance to correct a deficiency. In this case, the plaintiffs have filed an opposition to the motion to dismiss and an amended complaint and have still failed to identify the source of the purported liberty interest. The defendants are entitled to have this claim dismissed.

The Magistrate Judge's passing discussion of the issue in footnote 20 (on p. 17) misses the point entirely. It is true that in the pre-Sandin case of McCrae v. Hankins, 720 F.2d 863, (5th Cir. 1983) the 5th Circuit held that Louisiana prison regulations intended to create a liberty interest in not being placed in extended lockdown in the first place. McCrae is irrelevant to this case. This case does not deal with a purported liberty interest in not being placed in lockdown initially. Rather, this case deals with the entirely different situation of whether the state has created a liberty interest in release from lockdown. McCrae does not speak to that point.

If the Magistrate Judge's analysis is allowed to stand, then the liberty interest analysis will depend solely upon the significance of the initial deprivation, with

no reference whatsoever to whether the state in fact actually created a liberty interest in confinement, much less a liberty interest in release.

This point is analytically similar to release from prison on parole. There is undoubtedly a liberty interest in not being put in prison in the first place. However, there is no constitutional right to parole. Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989). A state is free to have a parole system whereby parole release is a matter of discretion with the paroling authority. In fact, that is just the type of parole system created by the State of Louisiana. Merit v. Lynn, 848 F.Supp. 1266, 1269 (W.D. La. 1994). See also Bosworth v. Whitley, 627 So.2d 629 (La.1993) ( "Louisiana parole statutes do not create an expectancy of release or liberty interest ..."). However, under the Magistrate Judge's analysis, with its erroneous focus solely on the significance of the deprivation, an inmate who has been in prison for 28 years would also have to have a liberty interest in release. After all, an individual certainly has a greater interest in being released from custody than merely from extended lockdown.

## III. THE MAGISTRATE JUDGE ERRED WHEN SHE DENIED THE DEFENDANTS QUALIFIED IMMUNITY ON PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES.

The Magistrate Judge declined to reach the issue of whether the defendants are entitled to qualified immunity on plaintiffs' claims for punitive damages. In doing so, the Magistrate Judge cited to the rule that the court should not resolve this issue because it "necessarily raises difficult constitutional questions regarding the construction and effect of the PLRA." The magistrate is incorrect.

First, while the rule relied upon by the Magistrate Judge may be appropriate in a normal case, it is inappropriate when the defendants have raised the qualified immunity defense. The U. S. Supreme Court has repeatedly stressed that the qualified immunity issue must be resolved at the earliest possible stage of the litigation since it entails not merely a defense to liability but is instead an immunity from suit and an entitlement not to stand trial or face the other burdens of litigation. Saucier v. Katz, 121 S.Ct. 2151, 2156 (2001). Unless the plaintiffs allege specific facts which clearly demonstrate that they are entitled to punitive damages, the defendants are entitled to qualified immunity. Schultea, 47 F.3d at 1434.

Second, with regard to the assertion that the issue raises "difficult constitutional questions": what constitutional questions? The plaintiffs did not raise any constitutional questions on this issue in their opposition to the defendants' motion. Rec. doc. 17, pp. 10-11.

Third, in their motion, the defendants contend that under the plain language of 18 USC §3626, punitive damages are subject to the limitations on relief contained in that section. Since the filing of the motion, the 11th Circuit has adopted the defendants' position. In Johnson v. Breeden, 280 F.3d 1308, 1325 (11th Cir. 2002) the court held that punitive damages are prospective relief subject to the limitations of §3626.

Fourth, the defendants are clearly entitled to qualified immunity on this point. Under §3626(a)(1), the court shall not grant or approve any prospective relief "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means

necessary to correct the violation of the Federal right". The plaintiffs admit in their opposition to the defendants' motion to dismiss that:

> The narrowest possible injunctive relief that would correct the constitutional violation would be release into the general prison population.
>
> - Opposition, rec. doc. 17, p. 11.

Given this admission, granting any additional prospective relief, including punitive damages, is prohibited by §3626.

## IV. <u>THE MAGISTRATE JUDGE ERRED WHEN SHE DENIED THE DEFENDANTS QUALIFIED IMMUNITY ON THE PLAINTIFFS' STATE CONSTITUTIONAL LAW CLAIMS</u>.

The plaintiffs urge due process claims under the Louisiana Constitution. The Magistrate Judge correctly notes that these claims are parallel to the federal due process claims. Magistrate Judge's Report, p. 17, fn 21. The defendants object to the implicit finding that they are not entitled to qualified immunity on the parallel state constitutional claim and assert the same reasons as contained in their objection on the federal law claims.

## V. <u>THE MAGISTRATE JUDGE ERRED WHEN SHE FOUND THAT THE PLAINTIFFS ALLEGED SUFFICIENT CAUSAL CONNEXITY AS TO WARDEN CAIN</u>.

In order to impose personal liability on a defendant under §1983, the plaintiff must show that the defendant's actions somehow caused the deprivation of the plaintiff's constitutional rights. <u>See generally</u>: <u>Alton v. Texas A&M University</u>, 168 F.3d 196, 200 (5th Cir. 1999). In addition to other grounds urged, Warden Cain moved to dismiss the claims against him on qualified immunity grounds because the complaints

failed to establish sufficient personal involvement in any violations of the plaintiffs' constitutional rights. See: Memo in Support of Motion to Dismiss, doc. no. 5, pp. 16-17 and Memo in Support of Motion to Dismiss Amended Complaint,. doc. no. 25, pp. 9-11.

The Magistrate Judge erred in finding that the complaint made sufficient factual allegations as to Warden Cain. The mere fact that Warden Cain "was aware" of the plaintiffs' situation is not the same as satisfying the Alton requirement that the defendant's action must cause the violation of the plaintiffs' constitutional rights.

**VI. CONCLUSION.**

For the reasons stated herein, the Magistrate Judge's Report should be rejected. The defendants are entitled to qualified immunity on the plaintiffs' federal and state due process claims and the plaintiffs' claims for punitive damages.

Respectfully submitted,

RICHARD P. IEYOUB
ATTORNEY GENERAL

BY: ______________________
ANDRÉ CHARLES CASTAING
ASSISTANT ATTORNEY GENERAL
Bar Roll # 17509

LOUISIANA DEPARTMENT OF JUSTICE
LITIGATION DIVISION
P. O. Box 91279
Baton Rouge, LA 70821-1279
Telephone: (225) 342-8495
Fax: (225) 342-4952

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served upon counsel for all represented parties and has been served upon all pro se parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 11th day of April, 2002.

Robin E. Schulberg, Esq.
ROBIN E. SCHULBERG, P.L.C.
P. O. Box 1483
Covington, LA 70434

ANDRÉ CHARLES CASTAING