

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

2004 MAR 31  P 2: 13

**ROBERT KING WILKERSON, ET AL**

**VERSUS**                                     CIVIL ACTION NO. 00-304-C-M3

BY DEPUTY CLERK

**RICHARD STALDER, ET AL**
• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

## STATEMENT OF UNCONTESTED FACTS

Pursuant to Local Rule 56.1, Richard Stalder, Secretary, Louisiana Department of Public Safety and Corrections; Burl Cain, Warden, Louisiana State Penitentiary; Richard Peabody, Deputy Warden, Louisiana State Penitentiary; Robert Rachal, former Major, Louisiana State Penitentiary; Sam Smith, Assistant Warden, Louisiana State Penitentiary; Paul J. Myers, Major, Louisiana State Penitentiary; and Tom Norris, former Classification Officer, Louisiana State Penitentiary, through undersigned counsel, submits this Statement of Uncontested Facts:

1.  Robert King Wilkerson, DOC #80966, was an inmate at LSP from October 8, 1971 until his release on February 8, 2001.  On June 5, 1970, Wilkerson was convicted of armed robbery and on August 19, 1970 he was convicted of Aggravated Escape.  He was sentenced to the custody of the Department and confined at LSP.  He was initially classified as maximum custody.

2.  The Department considered the following factors in making this classification: He was convicted of Armed Robbery and Aggravated Escape.  He was sentenced to 35 years on the Armed Robbery and eight years on the Aggravated Escape to be served consecutively.  He had pending charges of Aggravated Battery related to an attack with a knife on a deputy in Orleans Parish.  He was convicted of the Aggravated Battery on 4/18/1972.  He was sentenced to seven years to run

DLD

159684.1

| INITIALS | DOCKET# |
|----------|---------|
| nt  Page 1 | 74 |

concurrrently with the remainder of his sentence. His maximum custody classification was continued thereafter.

3.    While at LSP, he was charged with First Degree murder of another inmate, August Kelly , DOC #73841. He was convicted of first degree murder on February 20, 1975. His maximum custody classification was continued pending trial.

4.    Wilkerson's initial classification was maximum following his conviction for first degree murder on February 20, 1975.

5.    The Department considered the following factors in making this classification: Wilkerson's convictions displayed a pattern of violence toward other inmates and law enforcement officers which presented a threat to the safety, security and good order of the facility, other inmates, and the staff.

6.    Wilkerson's classification remained maximum until his release from LSP on February 8, 2001 after his conviction for First Degree murder was amended to Criminal Conspiracy to Commit Second Degree Murder and his sentence was reduced to seventeen years, 217 days with credit for time served.

7.    Albert Woodfox, DOC #72148, has been an inmate at LSP since August 5, 1971. On July 31, 1969, Woodfox was convicted of armed robbery and sentenced to the custody of the Department and  confined at LSP. He was initially classified as medium custody.

8.    The Department considered the following factors in making this classification: Criminal charge of conviction, length of sentence, demeanor, age, previous arrest history, conduct while in the parish jail, potential for violence, medical condition,

mental condition, the inmate's potential for violence, the inmate's potential for escape, the need for protection, security of the institution, the need to protect the inmate, staff, other inmates, and the general public.

9.    While at LSP, he was charged with first degree murder of a correctional officer, Brent Miller. His classification was increased to maximum pending trial. He was convicted of first degree murder on March 7, 1973.

10.   Woodfox's initial classification was maximum following his conviction for first degree murder on March 7, 1973.

11.   The Department considered the following factors in making this classification: He presented a serious threat to the safety of the staff, other inmates, the general public, and a threat to the safety, security, and good order of the facility.

12.   Woodfox has remained in extended lockdown throughout his sentence for first degree murder due to his classification. He was granted a new trial regarding this conviction and the crime was amended to Second Degree Murder on February 23, 1999. His classification to maximum custody was continued thereafter due to the continued serious threat to the safety of the staff, other inmates, the general public, and threat to the safety, security and good order of the facility.

13.   Herman Wallace, DOC #76759, has been an inmate at LSP since June 27, 1969. On February 23, 1967 and February 2, 1968, Wallace was convicted of two counts of armed robbery and sentenced to the custody of the Department and confined at LSP. He was initially classified as medium custody.

14.   The Department considered the following factors in making this classification: the crime for which he was convicted, length of sentence, record while in Parish

Jail, and demeanor before the Initial Classification Board, age, previous arrest history, conduct while in the parish jail, potential for violence, medical condition, mental condition, the inmate's potential for violence, the inmate's potential for escape, the need for protection,  security of the institution, the need to protect the inmate, staff, other inmates, and the general public.

15.    While at LSP, he was charged with first degree murder of a correctional officer, Brent Miller.  His classification was increased to maximum pending trial.  He was convicted of first degree murder on January 10, 1974.

16.    Wallace's initial classification was maximum following his conviction for first degree murder on January 10, 1974.

17.    The Department considered the following factors in making this classification: Wallace presented a serious threat to the safety of the staff, other inmates, the general public, and a threat to the safety, security, and good order of the facility.

18.    Wallace has remained in extended lockdown throughout his sentence for first degree murder due to his classification and because he continues to be a serious threat to others and to the facility.

Respectfully submitted:

CHARLES C. FOTI, JR.
Louisiana Attorney General

Richard A. Curry, La Bar Roll 4671
M. Brent Hicks, La Bar Roll 23778
McGlinchey Stafford, PLLC
9th Floor, One American Place
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
*Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via

United States Mail, proper postage pre-paid, on all counsel of record, namely:

Thomas W. Milliner, Esq.
ACLU Foundation of Louisiana
One Canal Place, Suite 2800
365 Canal Street
New Orleans, LA 70130

Nicholas J. Trenticosta, Esq.
Attorney & Counselor at Law
7100 St. Charles Avenue
New Orleans, LA 70118

Baton Rouge, Louisiana, this 31st day of March, 2004.

M. Brent Hicks