UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2004 DEC -9 P 2: 59

BY DEPUTY CLERK

ROBERT KING WILKERSON, ET AL

VERSUS                                        CIVIL ACTION NO. 00-304-C-M3

RICHARD STALDER, ET AL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT, THE AFFIDAVIT OF NICK TRENTICOSTA AND ATTACHMENTS

MAY IT PLEASE THE COURT:

**I.    INTRODUCTION**

On March 31, 2004, Richard Stalder, Secretary, Louisiana Department of Public Safety and Corrections; Burl Cain, Warden, Louisiana State Penitentiary at Angola ("LSP"); Richard Peabody, Deputy Warden, LSP; Robert Rachal, former Major, LSP; Sam Smith, Assistant Warden, LSP; Paul J. Myers, Major, LSP; and Tom Norris, former Classification Officer, LSP (collectively referred to as "State Defendants"), filed a Motion for Partial Summary Judgment with this Court. Oral argument was heard on October 4, 2004. At the hearing the Court requested further briefing. Rather than addressing the issues raised by the Court, the plaintiffs chose to file a memorandum and supporting affidavit with attachments containing scandalous, immaterial, and prejudicial statements based upon newspaper articles and other unreliable sources. The memorandum, affidavit and attachments should be stricken from the record.

**II.   DOCUMENTS FILED IN COURT RECORDS CONTAINING IMMATERIAL, IMPERTINENT, SCANDALOUS OR PREJUDICIAL STATEMENTS SHOULD BE STRICKEN.**

The decision to grant a Rule 12(f) Motion to Strike is within the discretion of the Court. These motions are allowed and necessary where the matters being challenged are unrelated to the non-moving parties claims and the continued presence of the matter in the record would

184767.1



INITIALS | DOCKET#
SH | 100

prejudice the moving party. *See, Augustus v. Board of Public Instruction of Escambia County*, 306 F.2d 862 (5th Cir. 1962); *FDIC v. Niblo*, 821 F.Supp. 441, 449 (N.D.Tex. 1993); *FSLIC v. Derbes*, 1988 WL 137472 (E.D.La. 1988); Charles A Wright & Arthur R. Miller, *Federal Practice & Procedure,* Vol. 5C, §1382, 433-436 (3d ed., West 2004).

Scandalous matters "which improperly cast a derogatory light on someone are subject to a motion to strike." *See, Alvarado Morales v. Digital Equipment Corp.*, 669 F.Supp. 1173 1186 (D. Puerto Rico 1987) (*quoting, OKC Corp. v. Williams*, 461 F.Supp 540, 550 (N.D. Tex. 1978); Charles A Wright & Arthur R. Miller, *Federal Practice & Procedure,* Vol. 5C, §1382, 465-467 (3d. ed., West 2004). Immaterial statements which are not essential or importantly related to the issue or claim for relief before the court, can also be the subject of a motion to strike. *See, Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1037 (C.D.Cal., 1998) (*citing, Fantasy Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds; Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)); Charles A Wright & Arthur R. Miller, *Federal Practice & Procedure,* Vol. 5C, §1382, 458 (3d. ed., West 2004).

As set forth below, the memorandum, affidavit, and attachments should be stricken.

### III.   THE MEMORANDUM, AFFIDAVIT, AND ATTACHMENTS ARE LITTERED WITH A REPULSIVE HISTORICAL DEPICTION OF ANGOLA WHICH IS IRRELEVANT TO THESE PROCEEDINGS AND SHOULD BE STRICKEN.

The first seven (7) pages of Plaintiffs' supplemental memorandum contains a repulsive historical depiction of Angola during the late 1960s and early 1970s which is completely unrelated and immaterial to the issues before this Court. The scandalous content only serves to prejudice the State Defendants. The Plaintiffs rely upon newspapers and other unreliable sources attached to the Affidavit of Nick Trenticosta (the "Affidavit") as the basis for their abhorrent history lesson. The following are just a few of the scandalous, repulsive and irrelevant

statements contained within the memorandum. Each of these statements are either quotes or rely upon documents attached to the Affidavit:

- "prisoners [as inmate guards] ... all too often ... blazed away at each other from watchtowers or 'accidentally' settled old scores with bullets."[1] (quoting C. Murray Henderson, *Dying to Tell 2, Racist Pigs Who Hold Us Captive* (1992), attached to the Affidavit of Nick Trenticosta as Exhibit D).

- "Angola was a cauldron of violence, racism, prostitution and sexual slavery."[2]

- "Violence by staff against prisoners was a central element of prison life ... Hilton Butler, a former Angola warden, ... boasted to a newspaper ... 'I've got just about every finger broken on both hands from punching [prisoners]'"[3] (quoting Drew Broach, *Angola's Changing of the Guard*, the Times Picayune, Feb. 22, 1987, attached to the Affidavit of Nick Trenticosta as Exhibit F.)

- "Butler, in fact, has proudly stated that he once tried to kill two of the plaintiffs, Wallace and Woodfox."[4]

- "[Y]oung and/or weak prisoners, on a shockingly widespread scale, were routinely forced into sexual slavery or prostitution. James Dunn ... described the conditions vividly ... 'I saw fourteen guys rape one youngster ... man, they did everything to him ... and they wouldn't even use no grease ... he had to be taken to the hospital where they had to sew him back up"[5] (quoting C. Murray Henderson, *Dying to Tell 2, Racist Pigs Who Hold Us Captive* (1992), attached to the Affidavit of Nick Trenticosta as Exhibit D).

- Regarding homosexual, inmate rape ... "[A]nytime that happens and a high level of homosexual rapes and enslavements is taking place, there has to be a tacit trade-off between the inmate power structure and the administration."[6] (quoting C. Murray Henderson, *Dying to Tell 2, Racist Pigs Who Hold Us Captive* (1992), attached to the Affidavit of Nick Trenticosta as Exhibit D).

- "The administrators response to the prisoners' appeals [regarding protests] was comparable to historic reaction of white Southern officials to the demands of the Civil Rights movement."[7]

- "Thursday at Angola was known as 'Fresh Fish day' because ... newly admitted prisoners would be assigned to their dormitories."[8]

---

[1] See page 2 of the Memorandum.
[2] See page 2 of the Memorandum.
[3] See page 3 of the Memorandum.
[4] See page 3 of the Memorandum.
[5] See page 4 of the Memorandum.
[6] See page 5 of the Memorandum.
[7] See page 5 of the Memorandum.

These inflammatory remarks are immaterial and impertinent to the matter at hand. The statements are at best hearsay taken from unreliable sources. The sources relied upon such as *Racist Pigs Who Hold Us Captive* and *Rage and Survival Behind Bars* serve the sole purpose of prejudicing the State Defendants and in no way assist the tryer of fact. Both the memorandum, which quotes extensively from the attachments to the Affidavit, and the attachments themselves should be stricken due to their scandalous and inflammatory nature.

The issue before this Court is whether the inmates were placed in extended lockdown as a result of their initial classification. The Plaintiffs' twisted history of Angola is absolutely non-essential and unrelated to deciding the issue of whether these particular plaintiffs were in extended lockdown as a result of their initial classification. The Plaintiffs' offensive historical allusions are unrelated, unhelpful, and not connected to the question of whether there was a liberty interest at stake according to *Sandin v Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the issue the Court asked the parties to brief.

The memorandum, affidavit and attachments serve no purpose and have no connection to the determination of the merits of the Plaintiffs' claims. Their presence in the record can only serve to prejudice the State Defendants. As such, they should be stricken from the record. *See, G-I Holdings, Inc. v. Baron & Budd,* 238 F.Supp.2d 521, 555-556 (D.C.N.Y. 2002); Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure,* Vol. 5C, §1382 (3d. ed., West 2004).

### IV. THE AFFIDAVIT AND ATTACHMENTS SHOULD BE STRICKEN FROM THE RECORD SINCE THEY DO NOT COMPORT WITH THE STANDARDS MANDATED BY RULE 56(E) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

As set forth above, the affidavit and attachments should be stricken because they are scandalous and irrelevant. In addition, the affidavit and attachments do not conform with Rule

---

[8] See page 6 of the Memorandum.

56(e) of the Federal Rules of Civil Procedure regarding the form of affidavits and should therefore be stricken from the record for this reason as well. In his affidavit, Mr. Trenticosta identifies and attaches numerous newspaper articles, interviews, book excerpts and other writings that he did not author and are not based on his personal knowledge. These documents are hearsay. These unreliable documents are then presented as evidence of the plaintiffs' repulsive historical account of life at Angola in the late 1960's and early 1970's.

The Affidavit states only the following about exhibits D through K:

- Exhibit D is an excerpt from a book, *Dying to Tell, Racist Pigs Who Hold Us Captive*, Anne Butler (Hamilton) & C. Murray Henderson.

- Exhibit E is an excerpt from a book, *Life Sentences: Rage and Survival Behind Bars*, by Wilbert Rideau.

- Exhibit F is a clipping from the New Orleans Times Picayune.

- Exhibit G is a transcript of excerpts from a taped interview.

- Exhibits H, J, and L are clippings from the Baton Rouge Advocate.

- Exhibit I and K are clippings from the Baton Rouge Sunday Times.

It is these inadmissible documents that allegedly support the repulsive and scandalous statements contained within the supplemental memorandum. The affidavit and the documents should be stricken as inadmissible hearsay. They do not meet the federal rules for proper summary judgment evidence.

In *Pan-Islamic Trade Corporation v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980), the Fifth Circuit held that newspaper articles and book excerpts attached to an affidavit of a person without personal knowledge are hearsay and can not be considered in connection with a summary judgment motion. *See also, Cox v. National Football League*, 29 F.Supp.2d 463, 468 (N.D. Ill. 1998) (holding that excerpts from a book attached to an affidavit could be stricken.)

Rule 801 of the Federal Rules of Evidence defines hearsay as a statement made by one other than the declarant at trial, offered for the truth of the matter asserted. Rule 802 explicitly states that hearsay is inadmissible unless it falls under one of the exceptions defined in the Federal Rules of Evidence. The statements outlined in the preceding list qualify as hearsay since they are not being made by the declarant and they are being offered for the truth of their contents. Furthermore, none of the statements qualify under any of the exceptions to hearsay outlined in Rules 801, 803, or 804. As such, these documents are inadmissible.

Rule 56(e) of the Federal Rules of Civil Procedure requires that affidavits supporting motions in opposition to summary judgment set forth information based on personal knowledge, in a form that is admissible in evidence. As hearsay, the documents outlined above are not made from personal knowledge, and they are not admissible in court.

The Fifth Circuit Court of Appeals has stated that an affidavit that does not comport with Rule 56(e) of the Federal Rules of Civil Procedure is subject to a timely Motion to Strike. *Auto Drive-Away Company of Hialeah, Inc. v. Interstate Commerce Commission*, 360 F.2d 446, 448-449 (5th Cir. 1966), *Watts v. Kroger Company*, 170 F.3d 505, 508-509 (5th Cir. 1999); and *Steinberg, M.D. v. Obstetrics-Gynecological & Sterility Group, P.C.*, 260 F.Supp.2d 492, 495 (D.Conn. 2003) (where the Court held that a motion to strike was the proper vehicle to strike hearsay evidence in an opposition to summary judgment). Therefore, the Affidavit and attachments should be stricken from the record since they do not comport with Rule 56(e) of the Federal Rules of Civil Procedure.

## V.   CONCLUSION

The plaintiffs' supplemental memorandum in opposition, the affidavit of Nick Trenticosta and the attachments to the affidavit are littered with an offensive, repulsive historical depiction of Angola that is not relevant to the issues of the case. These statements are

scandalous and their presence in the record serves no purpose other than prejudicing the State Defendants. Furthermore, the underlying facts that allegedly support the Plaintiffs' twisted history come from newspaper articles, book excerpts and other unreliable sources that are inadmissible hearsay.

For all of these reasons, the Supplemental Memorandum in Opposition to Motion for Partial Summary Judgment, the Affidavit of Nick Trenticosta and the attachments to the Affidavit should be stricken from the record.

**CHARLES C. FOTI, JR.**
Louisiana Attorney General

_____
M. Brent Hicks, TA, La Bar Roll 23778
Richard A. Curry, La Bar Roll 4671
Jamie D. Seymour, La Bar Roll 29418
*McGlinchey Stafford, PLLC*
14th Floor, One American Place
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
*Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via United States Mail, proper postage pre-paid, on all counsel of record, namely:

Thomas W. Milliner, Esq.
ACLU FOUNDATION OF LOUISIANA
One Canal Place, Suite 2800
365 Canal Street
New Orleans, LA 70130

Nicholas J. Trenticosta, Esq.
ATTORNEY & COUNSELOR AT LAW
7100 St. Charles Avenue
New Orleans, LA 70118

Baton Rouge, Louisiana, this 9 day of December, 2004.

_____
M. Brent Hicks