UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2005 MAR 18 P 3: 31

BY DEPUTY CLERK

**ROBERT KING WILKERSON, ET AL**

**VERSUS**              CIVIL ACTION NO. 00-304-C-M3

**RICHARD STALDER, ET AL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO CONSOLIDATE PENDING PARTIAL MOTIONS FOR SUMMARY JUDGMENT INTO A SINGLE MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM

**NOW INTO COURT**, through undersigned counsel, comes Richard Stalder, Secretary, Louisiana Department of Public Safety and Corrections; Burl Cain, Warden, Louisiana State Penitentiary; Richard Peabody, Deputy Warden, Louisiana State Penitentiary ("LSP"); Robert Rachal, former Major, LSP; Sam Smith, Assistant Warden, LSP; Paul J. Myers, Major, LSP; and Tom Norris, former Classification Officer, LSP (collectively referred to as "State Defendants") who respectfully aver the following:

1.

This lawsuit was brought by three inmates who assert two causes of action arising out of their confinement at LSP, namely:

- Violations of the inmates' right to be free of cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution of 1974 (the "Eighth Amendment Claim"); and

- Violations of the inmates' right to due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Louisiana Constitution of 1974 (the "Due Process Claim").

2.

On March 31, 2004, the State Defendants filed a motion for partial summary judgment seeking to dismiss the Due Process Claim.

3.

On February 1, 2005, the Magistrate Judge issued a report denying the State's motion for partial summary judgment on the Due Process Claim. However, the State Defendants timely filed an objection to the Magistrate Judge's report and recommendations on February 11, 2005 which is currently pending.

4.

On February 18, 2005, the State Defendants filed a motion for partial summary judgment seeking to dismiss of all Eighth Amendment Claims. This motion is currently pending.

5.

The State Defendants did not file its Eighth Amendment motion when it filed the Due Process motion because the expert testimony needed to support the Eighth Amendment motion was unavailable when the Due Process motion was filed.

6.

The two partial motions for summary judgment seek to dismiss all claims asserted by the inmates in this matter.

7.

The State Defendants seek to have their two motions for partial summary judgment consolidated, treated by this Court as a single motion for summary judgment and ruled upon accordingly.

**WHEREFORE**, State Defendants pray that this motion be granted and that its pending motion for partial summary judgment filed on March 31, 2004 and its pending motion for summary judgment filed on February 18, 2005, be consolidated and treated as a single motion for summary judgment seeking to dismiss all claims, with prejudice, at plaintiffs' costs.

Respectfully submitted:

CHARLES C. FOTI, JR.
Louisiana Attorney General

_____
Richard A. Curry, La Bar Roll 4671
M. Brent Hicks, La Bar Roll 23778
McGlinchey Stafford, PLLC
9th Floor, One American Place
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
*Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via United States Mail, proper postage pre-paid, on all counsel of record, namely:

Nicholas J. Trenticosta, Esq.
Cooperating Attorney
ACLU Foundation of Louisiana
7100 St. Charles Avenue
New Orleans, LA 70118

Charles Delbaum, Esq.
General Counsel
ACLU Foundation of Louisiana
1010 Common Building, Suite 1400A
New Orleans, LA 70112

Baton Rouge, Louisiana, this __18__ day of March, 2005.

_____
M. Brent Hicks