## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ROBERT KING WILKERSON, ET AL**

**VERSUS**                                    **CIVIL ACTION NO. 00-304-C-M3**

**RICHARD STALDER, ET AL**
*************************************************************************

## MOTION FOR PROTECTIVE ORDER

**NOW INTO COURT**, through undersigned counsel, comes Richard Stalder, Secretary, Louisiana Department of Public Safety and Corrections; Burl Cain, Warden, Louisiana State Penitentiary; Richard Peabody, Deputy Warden, Louisiana State Penitentiary; Robert Rachal, former Major, LSP; Sam Smith, Assistant Warden, LSP; Paul J. Myers, Major, LSP; and Tom Norris, former Classification Officer, LSP, (hereinafter jointly referred to as "LSP"), who respectfully request that this Court issue a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and LSA – R.S. 15:574.12 for the following reasons to wit:

1.

On August 24, 2005 Plaintiffs issued their Second Request for Production of Documents containing twenty-six (26) requests (the "Document Request"). A copy of Plaintiff's Second Request for Production of Documents is attached as Exhibit 1.

2.

On November 16, 2005 LSP responded to the request. A copy of LSP's Response to Second Request for Production of Documents is attached as Exhibit 2.

3.

On February 28, 2005 LSP supplemented its response. A copy of LSP's Supplemental Response to Second Request for Production of Documents is attached as Exhibit 3.

4.

The Document Request seeks production of documents that are protected by LSA- R.S. 15:574.12.

5.

Pursuant to LSA-R.S. 15:574.12 "the prison record" and "any other information obtained by … the Department or Public Safety and Corrections … in the discharge of their official duties shall be confidential" and shall not be disclosed to anyone except as provided therein.

6.

Subsection (F)(1) sets forth the process that must be followed before LSP can turn over documents if they are subpoenaed. It provides as follows:

> F. (1) Whenever records covered by this Section are subpoenaed, the records shall be submitted to the appropriate court for a ruling as to whether the information should be turned over to the party who caused the subpoena to be issued. The court shall make this determination in camera. Should the court find:
>
> (a) That the information is not relevant to the proceedings, or
>
> (b) That the information was derived from communications which were obviously made in the confidence that they would not be disclosed, or
>
> (c) That confidentiality is essential to future useful relations between the source and the recorder of information,
>
> the information should be withheld

7.

To the extent requests 8, 13, 14, 15, 16, 18, 19, and 22 seek information concerning inmates who are not parties to these proceedings, these requests are subject to LSA-R.S. 15:574.12's confidentiality and relevancy requirement. Pursuant to LSA-R.S. 15:574.12 documents pertaining to inmates who are not parties to this litigation should be inspected by this

Court to determine whether they are sufficiently relevant to the proceeding to justify their production.

8.

To the extent that these requests seek production of information not pertaining to the Plaintiffs, the requests seek irrelevant information and therefore do not comply with LSA-R.S. 15:574.12(F)(1)(a).

9.

To the extent requests 8, 13, 14, 15, 16, 18, 19, and 22 seek information concerning inmates who are not parties to these proceedings, the requests are extremely burdensome and seek irrelevant information. In essence, Plaintiffs seek to review every document pertaining to every inmate who has been released from CCR for the past ten (10) years. CCR has 90 cells and at any one time 90 inmates could be housed there. The Plaintiffs are seeking to review tens of thousands of documents pertaining to hundreds of inmates.

10.

Request 8 asks for administrative remedy procedures filed by inmates housed at CCR for the past ten (10) years. In order to comply with this request alone, LSP must produce over 70,000 records. Requests 15, 16 request complaints by any inmate who has been housed in CCR for the past ten (10) years. Request 18 requests watch logs for all inmates housed in CCR for the past ten (10) years. Request 19 requests unusual occurrence reports for CCR for the past ten (10) years. These requests are extremely burdensome and do not seek relevant information.

11.

Requests 13 and 14 require LSP to identify every inmate who has been housed in CCR for the past ten (10) years. LSP does not have any type of listing or roster of inmates who have been housed at CCR since January 1, 1995. LSP has advised in its supplemental response to

Request 13 that it maintains shower logs for three years. Such a listing is protected by LSA-R.S. 15:574.12 and does not meet subsection (F)(1)(a)'s relevancy requirement. It is irrelevant to these proceedings to determine which other inmates have been housed in CCR.

12.

The most troubling of these requests is Request 22 which requires production of the prison records for every inmate who has been released from CCR since January 1, 1995. LSP can only identify these individuals by reviewing shower logs for the past three years. It has no record of inmates assigned to CCR over three years ago. However, producing this information for inmates who have been housed in CCR within the past three years would reveal highly confidential information about other inmates which is not relevant to these proceedings. Under no circumstances should the plaintiffs be entitled to review other inmates records regardless of their housing assignments.

13.

Other inmate complaints, reviews, and status is not relevant to this proceeding. This is not a class action but rather a complaint by two current inmates and one former inmate alleging that they did not receive due process while in CCR and that the conditions in CCR are cruel and unusual. At issue are the facts particular to these individual inmates, how other inmates were treated is irrelevant to the inquiry.

14.

Over 100,000 documents may have to be produced in order to comply with these requests unless they are limited. Such a document production will be extremely burdensome upon LSP and will require a significant devotion of time and effort.

15.

Requests 8, 13, 14, 15, 16, 18, 19, and 22 should be limited to documents pertaining to the Plaintiffs only. However, should the Court decide to compel LSP to produce the requested documents the production should be produced under a confidentiality order prohibiting counsel for plaintiffs from disclosing the information produced with the plaintiff inmates or other third parties.

16.

Requests 10, 11, and 12 compel LSP to produce documents which could aid inmates in escape attempts and could threaten the safety of the institution. These requests compel production of documents describing various camps and the population held within, including classification materials, physical dimensions and layout, and all other documents relating to inmate housing designations in these camps. This information could threaten the safety of the institution and aid in escape attempts if certain inmates obtained this information. Thus, these documents should only be produced under a confidentiality order prohibiting counsel for plaintiffs from disclosing the information produced with the plaintiff inmates or other third parties.

**WHEREFORE,** for the reasons set forth herein, the Defendants respectfully move this Court, pursuant to Federal Rules of Civil Procedure Rule 26(c) and LSA-R.S. 15:574.12, to issue a protective order limiting requests 8, 13, 14, 15, 16, 18, 19, and 22 to documents pertaining to the Plaintiffs and subjecting requests 10, 11, and 12 to a confidentiality order prohibiting counsel for plaintiffs from disclosing the information produced with the plaintiff inmates or other third parties.

Respectfully submitted:

CHARLES C. FOTI, JR.
Louisiana Attorney General

M. Brent Hicks, La Bar Roll 23778
Richard A. Curry, La Bar Roll 4671
McGlinchey Stafford, PLLC
14th Floor, One American Place
Baton Rouge, Louisiana 70825
*Attorneys for State Defendants*

## RULE 26(c) CERTIFICATE

I hereby certify that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, I have conferred in good faith with opposing counsel in an attempt to resolve this discovery dispute without court action.

M. Brent Hicks

224526.1