UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ROBERT KING WILKERSON, ET AL**

**VERSUS**  CIVIL ACTION NO. 00-304-C-M3

**RICHARD STALDER, ET AL**
*******************************************************************

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**</u>

**MAY IT PLEASE THE COURT:**

**I.  INTRODUCTION.**

This lawsuit was filed by two current inmates and one former inmate who were sentenced to the custody of the Louisiana Department of Public Safety and Corrections ("Department") at Louisiana State Penitentiary at Angola ("LSP") - Robert King Wilkerson, Albert Woodfox, and Herman Wallace (hereinafter jointly referred to as "the inmate plaintiffs"). At all times relevant herein the inmates were confined at LSP.[1] The inmate plaintiffs claim that their confinement in extended lockdown at LSP violated their right to be free of cruel and unusual punishment as guaranteed by the Eighth Amendment and their right to due process guaranteed by the Fourteenth Amendment.

On August 24, 2005 the inmate plaintiffs issued their Second Request for Production of Documents containing twenty-six (26) requests (the "Document Request").[2] The parties have been able to work through most of the requests. However, several requests are subject to LSA-R.S. 15:574.12's confidentiality requirement which requires a court order prior to releasing the documents. Specifically, requests 8, 13, 14, 15, 16, 18, 19, and 22 seek protected documents. These requests seek production of documents pertaining to both the inmate plaintiffs and to other

---

[1] In 2001, Wilkerson was released from LSP after his conviction was amended to Conspiracy to commit Second Degree Murder and his sentence was reduced to time served.

[2] A copy of Plaintiff's Second Request for Production of Documents is attached as Exhibit 1 to LSP's Motion for Protective Order.

inmates. For the reasons set forth below, this Court should enter an order, pursuant to LSA-R.S. 15:574.12, limiting the document production to documents pertaining to the inmate plaintiffs.

## II. CONFIDENTIAL LSP RECORDS CANNOT BE PRODUCED UNLESS THE COURT EXAMINES THE RECORDS AND FINDS THEM TO BE RELEVANT.

Pursuant to LSA-R.S. 15:574.12 "the prison record" and "any other information obtained by ... the Department or Public Safety and Corrections ... in the discharge of their official duties shall be confidential" and shall not be disclosed to anyone except as provided therein. Subsection (F)(1) sets forth the process that must be followed before LSP can turn over documents if they are subpoenaed. It provides as follows:

> F. (1) Whenever records covered by this Section are subpoenaed, the records shall be submitted to the appropriate court for a ruling as to whether the information should be turned over to the party who caused the subpoena to be issued. The court shall make this determination in camera. Should the court find:
>
> (a) That the information is not relevant to the proceedings, or
>
> (b) That the information was derived from communications which were obviously made in the confidence that they would not be disclosed, or
>
> (c) That confidentiality is essential to future useful relations between the source and the recorder of information,
>
> the information should be withheld.

Thus, the Court must make an independent inquiry and examination to determine whether the requested documents are relevant to the dispute. As set forth below, to the extent that these requests seek production of information not pertaining to the inmate plaintiffs, the requests seek irrelevant information and therefore do not comply with LSA-R.S. 15:574.12(F)(1)(a).

### III. INFORMATION PERTAINING TO INMATES NOT PARTIES TO THIS LITIGATION IS NOT RELEVANT TO THESE PROCEEDS AND IS THEREFORE PROTECTED BY LSA-R.S. 15:574.12.

The common thread for requests 8, 13, 14, 15, 16, 18, 19, and 22 is that they request information pertaining to inmates who are not parties to this litigation. Information pertaining to other inmates cannot be released without a court order under LSA-R.S. 15:574.12. But here, the information requested does not meet subsection (F)(1)(a)'s relevancy requirement. Thus, the Court should not order LSP to produce the requested information.

At issue before the Court is whether the three inmate plaintiffs were afforded due process and whether they were subject to cruel and usual punishment. Other inmates complaints, reviews, and status is not relevant to this inquiry. This is not a class action. At issue is the facts particular to these individual inmates, how other inmates were treated is irrelevant to the inquiry.

The requests are also extremely burdensome. In essence, the inmate plaintiffs seek to review every document pertaining to every inmate who has been release from CCR for the past ten (10) years. CCR has 90 cells and at anyone time 90 inmates could be housed there. The inmate plaintiffs are seeking to review tens of thousands of documents pertaining to hundreds of inmates.

Request 8 asks for administrative remedy procedures filed by inmates housed at CCR for the past ten (10) years. In order to comply with this request alone LSP must produce over 70,000 records. Requests 13, 14, 22 require LSP to identify every inmate who has been housed in CCR for the past ten (10) years and produce a copy of prison records for every inmate who has been released from CCR since January 1, 1995. Requests 15, 16 requests complaints by any inmate who has been housed in CCR for the past ten (10) years. Request 18 requests watch logs for all inmates housed in CCR for the past ten (10) years. Request 19 requests unusual occurrence reports for CCR for the past ten (10) years.

Requests 8, 13, 14, 15, 16, 18, 19, and 22 should be limited to documents pertaining to the inmate plaintiffs only. LSP does not object to producing ARP's filed by the inmate plaintiffs or UOR's which document events affecting the inmate plaintiffs. Clearly, these documents would be relevant to the Eighth Amendment claim. However, the same documents pertaining to other inmates would have no bearing on the plaintiff inmates claims and therefore should not be produced.

Should the Court decide to compel LSP to produce other inmate records, the documents should be produced under a confidentiality order prohibiting counsel for plaintiffs from disclosing the information produced with the plaintiff inmates or other third parties.

### IV. PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS 10, 11, AND 12 SHOULD BE SUBJECT TO A PROTECTIVE ORDER.

Requests 10, 11, and 12 seek production of documents which could aid inmates in escape attempts and could threaten the safety of the institution. These requests seek documents describing various camps and the population held within, including classification materials, physical dimensions and layout, and all other documents relating to inmate housing designations in these camps. This information could threaten the safety of the institution and aid in escape attempts if certain inmates obtained this information. Thus, these documents should only be produced under a confidentiality order prohibiting counsel for plaintiffs from disclosing the information produced with the plaintiff inmates or other third parties.

### V. CONCLUSION.

For all of the reasons set forth herein, pursuant to Federal Rules of Civil Procedure Rule 26(c) and LSA-R.S. 15:574.12, this Court should issue a protective order limiting requests 8, 13, 14, 15, 16, 18, 19, and 22 to documents pertaining to the inmate plaintiffs and subjecting

requests 10, 11, and 12 to a confidentiality order prohibiting counsel for plaintiffs from disclosing the information produced with the plaintiff inmates or other third parties.

Respectfully submitted:

CHARLES C. FOTI, JR.
Louisiana Attorney General

_____
M. Brent Hicks, La Bar Roll 23778
Richard A. Curry, La Bar Roll 4671
McGlinchey Stafford, PLLC
14th Floor, One American Place
Baton Rouge, Louisiana 70825
*Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the foregoing pleading has been served via United States Mail, proper postage pre-paid, on all counsel of record, namely:

George H. Kendall, Esq.
Holland & Knight, L.L.P.
195 Broadway, 24th Floor
New York, New York 10007

Nicholas J. Trenticosta, Esq.
Cooperating Attorney
ACLU Foundation of Louisiana
7100 St. Charles Avenue
New Orleans, LA 70118

Baton Rouge, Louisiana, this ___28___ day of February, 2006.

_____
M. Brent Hicks