UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT KING WILKINSON, ET AL. | ) ) ) ) | CIVIL ACTION NUMBER 00-0304-C-M3 |
| Plaintiffs, | ) ) | JUDGE TYSON |
| VS. | ) ) | MAG. JUDGE DALBY |
| RICHARD STALDER, ET AL. | ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE TO MOTION FOR PROTECTIVE ORDER

Plaintiffs Robert King Wilkerson, Herman Wallace, and Albert Woodfox, by and through undersigned counsel, respectfully respond to Defendants' Motion for Protective Order as follows:

## BACKGROUND

This is a civil rights lawsuit filed by two current indigent prisoners and one former indigent prisoner that concerns the actions of  Defendants in holding Plaintiffs in solitary confinement and administrative segregation unjustly for decades. In response to a request for documents that, given the length of confinement, was relatively narrow, the Defendants seek a protective order and ruling that they need not disclose some of the requested material because it lacks relevance and further because to do so would be needlessly burdensome. The law does not support the Defendants' position as the governing standard for discovery is broad and includes anything reasonably calculated to lead to the discovery of

1

admissible evidence.  Because the records requested by Plaintiffs are narrowly

tailored to discover only what is reasonable and necessary to the litigation at hand,

the Court should enter an order requiring Defendants to produce the requested

records, subject to any confidentiality order the Court deems necessary.

After Plaintiffs' Second Request for Documents was filed, and  Defendants

responded and objected to the production of some material, the parties have been

able to come to agreement on many of the requests.[1]  Defendants, however, state

that requests 8, 13, 14, 15, 16, 18, 19, and 22 seek protected documents and that

any documents pertaining to inmates other than the Plaintiffs are not relevant.  We

believe that the requested records regarding other inmates are indeed relevant, and

perhaps crucial to Plaintiffs' case, and therefore, must be produced.  Plaintiffs do

not, however, object to the production of the documents pursuant to a

confidentiality order, if the court deems that one is necessary to protect any

legitimate privacy concerns.

## **DISCUSSION**

## **Documents requested by plaintiffs are relevant to the subject matter of the action, and therefore, must be produced**

The information requested by Plaintiffs, including the records of other

inmates, is plainly relevant to Plaintiffs' case, and therefore, Defendants are

required to produce all documents.  Federal Rule of Civil Procedure 26 (b) permits

---

[1] Plaintiffs have made considerable effort to reach agreements with Defendants regarding the discovery requests and to narrow their requests to include only what is absolutely necessary to establish their civil rights claims.  For example, in response to Request 22, pertaining to the production of the prison records for every inmate released from CCR since January 1995, plaintiffs have agreed to narrow their request to the last three years, in response to Defendants assertion that it can only identify individuals in CCR during this time period

"…discovery of any matter relevant to the subject matter involved in the action." In

Oppenheimer Fund v. Sanders, 437 U.S. 340 (1978) the Supreme court broadly

interpreted relevant information to encompass any matter that bears, or that could

reasonably could lead to other matters that could bear on, any issue that is or may

be in the case. See also, Dunbar v. United States, 502 F.2d 506, 509-510 (5th Cir.

1974). Relevancy as defined in the discovery phase is not equated with that

ordinarily used in determining the admissibility of evidence. The test is the

relevancy *to the subject matter* which is broader than the relevancy *to the issues*

*presented* by the pleadings. Holliman v. Redman Development Corp., 61 F.R.D. 488,

490 (D.SC 1973); United States of America v. Nysco Laboratories, Inc., 26 F.R.D.

159, 162 (E.D.NY 1960).

Defendants contend that Plaintiffs' requests that seek information pertaining

to other inmates is not relevant under LSA-R.S. 15:574.12. This contention,

however, does not comport with the broad definition of relevance that applies to the

discovery phase. The records of other inmates housed in CCR are certainly material

to the subject matter of this action, and there is a strong likelihood that they will

lead to admissible evidence. One subject matter of this lawsuit is the nature of the

hearings of the lockdown review board, and plaintiffs have alleged that the hearings

are a meaningless "sham," in violation of the Due Process Clause. Also at issue are

the conditions of confinement in extended lockdown, where Plaintiffs have been

locked up for periods of longer than thirty years, the circumstances of which violate

the Eight Amendment. The records of inmates released from CCR over the past

3

ten years, which occurs by way of lockdown review board hearings, are undoubtedly

relevant to the subject matter of this action – the lockdown review board hearings.

Furthermore, the administrative remedy procedures filed by other inmates housed

at CCR, which is the method by which inmates express concerns about the lockdown

review board hearings or the harsh conditions of confinement, are also particularly

relevant to the subject matter of this action.  The records requested by Plaintiffs are

narrowly tailored to include only what is relevant to the subject matter of this civil

rights lawsuit.  Accordingly, the records requested by plaintiffs, including those

concerning other inmates, are highly relevant.  Defendants have failed to

demonstrate that this material will not generate relevant evidence.

## Mere fact discovery is burdensome to Defendants is not a sufficient objection

Defendants' burdensome objections also cannot and should not defeat

discovery. The mere fact that interrogatories are lengthy, or that the defendant will

be put to some trouble and expense in preparing the requested answers is not alone

a sufficient objection to a discovery request.  See Alexander v. Parsons, 75 F.R.D.

536 (W.D.Mich. 1977); In re: Haugen Construction Services Inc. v. First American

Bank, 1999 WL 1014958 at *1 (Bankr. D.N.D. Nov. 4, 1988); Wirtz v. Capitol Air

Service Inc., 42 F.R.D. 641 (D.KS. 1967).

In Alexander, plaintiffs were seeking damages from defendants for injuries

allegedly sustained by plaintiff in an assault in jail. Plaintiffs requested, *inter alia*,

all documents reflecting any assaults or complaints of assaults by prisoners within

the jail during the last five years.  75 F.R.D. at 538.  Defendants objected to the

request and contended that producing the documents was burdensome would

require "...2,000 man-hours of labor to search some 57,000 records."  Id. The court

ordered both sides to try and work out a mutually agreeable method for obtaining

the information sought and then if they could not reach an agreement they were to

return to court.  In doing so, the court explained that,

> Defendants should note, however, that the mere fact discovery is
> burdensome to them is not a sufficient objection to such discovery,
> providing the information sought is relevant or may lead to the
> discovery of admissible evidence.

Id. at 539.

Furthermore, Defendants' inefficient record-keeping system should not

prevent Plaintiffs' from obtaining records they need in preparation for trial.

Problems with a defendant's record-keeping system is not a sufficient reason to

prevent plaintiffs from obtaining the information they need for trial.  Zahorik v.

Cornell University, 98 F.R.D. 27, 35 (N.D.NY 1983).  In Zahorik, the defendant in

an employment discrimination lawsuit opposed the discovery of defendant's past

history on several grounds.  Defendants argued that the discovery was oppressive,

burdensome, and largely irrelevant because it applied to class claims and since a

class was not certified, plaintiffs should only concentrate their efforts on individual

claims.  Id. at 29.  Defendant also claimed that in order to answer the broad

requests, members of at least ten colleges and one hundred departments would be

required to conduct exhaustive interviews and file searches, and submitted seven

affidavits supporting that contention.  Id. at 34-35. Defendant also explained that it

had no centralized repository for records, and therefore, could not quickly obtain the

requested information from one source.  Id. at 35.  The Court noted that,

> [a]t first blush defendant's argument appears to be reasonable.
> However, it seems as though defendant is attempting to prevent
> plaintiffs from adequately preparing their case simply because they
> do not possess an efficient record-keeping system.

Id.  The court held that the documents must be produced because they were in the

sole control of the defendant, and although the compilation of the material would be

a burden to the defendant, the court could not allow defendant's disjointed record-

keeping system to prevent plaintiffs from having access to the material necessary to

prepare for trial.  The court also noted that it would be "grossly unjust" to allow the

defendant to have access to the material for use in rebutting plaintiffs' case while

restricting plaintiffs to discovery in only a small segment of the University area.

   The same principles apply here.  For example, Defendants' contend that they

do not keep any listing or roster of inmates that have been housed in CCR since

January 1, 1995.  Defendants state that LSP can identify these individuals only by

reviewing shower logs for the past three years.  Defendants' inefficient record-

keeping methods should not keep plaintiffs from accessing relevant materials that

are crucial to trial preparation.  Furthermore, it would be plainly unjust to allow

Defendants to have access to records of other inmates in CCR for use in rebutting

plaintiffs' case, while keeping plaintiffs' access restricted to only their own records.

**<u>Any burden on Defendants is far outweighed by the benefit that the requested information would provide to Plaintiffs</u>**

The information requested by Plaintiffs is both relevant and crucial to Plaintiffs' case. Therefore, Defendants should be required to produce all documents requested, even assuming *arguendo* that it may impose a heavy burden on them. The Court must balance the degree of need shown by the interrogator against the claims of burden asserted by the interrogated party.  <u>See</u> FED. R. CIV. P. 26(b)(2)(iii); <u>In re Folding Carton Antitrust Litig.</u>, 83 F.R.D. 256, 259 (N.D. Ill. 1979) (despite burden and expense of providing it, information about purchasing practices over 15 year period was relevant to conspiracy allegations and class certification and must be produced); <u>Culp v. Devlin</u>, 78 F.R.D. 136 (E.D. Pa. 1978) (in police brutality case, interrogatory as to prior reports received by officers, though not limited to officers involved in incident, relevant and perhaps crucial to case, and therefore, production required even though it might impose heavy burden); <u>King v. Georgia Power Company</u>, 50 F.R.D. 134 (N.D. Ga 1970) (although preparation of answer to interrogatory would be time-consuming and costly, information must be produced because it is crucial to issues and in direct control of defendant).  The burden is on the party objecting to the discovery request to support the claim that the interrogatories submitted are burdensome and oppressive and that may be done by affidavits or evidence offered revealing the nature of the burden.  <u>Wirtz</u>, 42 F.R.D. at 643.

In <u>King</u>, a civil rights action challenging hiring and promotion practices, defendants objected to Plaintiffs' interrogatory asking the defendant to specify in detail how the provisions of the collective bargaining agreement at issue were applied.  The Court overruled the objection and stated that "[a]lthough preparation of a direct answer will be time-consuming, and probably costly, the information is crucial to the issues of this suit, and is in the exclusive custody of the defendant." 50 F.R.D. at 136 (N.D. Ga. 1970).

In <u>Culp</u>,  a civil rights suit arising from an alleged incident of police brutality, Plaintiffs served Defendants with interrogatories and requested documents relating to prior reports received by officers, though not limited to officers involved in the incident, regarding alleged police brutality and any depositions and actions taken as a result.   Defendants objected to Plaintiff's discovery requests on the basis that production would be overly burdensome and would not lead to relevant information. The Court overruled the objection and held that Defendants were required to answer the interrogatory, even thought it might impose a heavy burden on them, because the reports concerning the officers were relevant and perhaps crucial to plaintiff's case.  <u>Id.</u> at 141. Specifically, the Court stated,

> [i]t is true that this Court has found that the production of the documents necessary to answer interrogatory I.5 will be burdensome to the defendants; however when weighed against the plaintiff's need for this information to establish his case, that burden placed upon the defendants does not seem undue.

<u>Id.</u>

8

In this case, Defendants object to producing some information on the basis that the request is overbroad, unduly burdensome, or irrelevant. The information requested by Plaintiffs, however, is particularly crucial to Plaintiffs' claims regarding violation of their due process guarantees and their Eighth Amendment Constitutional right to be free from cruel and unusual punishment. Furthermore, the information requested is in the sole control of Defendants. There is no other way for Plaintiffs to obtain it.

Additionally, Defendants assert that they will have to produce over 100,000 documents. Defendants, however, have failed completely meet their burden, as the objecting party, of providing affidavits or offering evidence revealing the nature of the burden it is asserting. Accordingly, Defendants objections should be overruled, because any arguable burden on defendant is significantly outweighed by the degree of need shown by the Plaintiffs.

### Federal interests served by Plaintiffs' access to documents far outweighs policies behind Louisiana confidentiality laws, in light of available protective provisions

Should the Court accept Defendants' assertions that the materials requested by Plaintiffs are privileged, the purpose the privilege is meant to serve is far outweighed by allowing the Plaintiffs to review the requested documents in this case. State law privileges do not automatically bind federal courts in federal cases. See, e.g., Carr v. Monroe Mfg. Co., 431 F.2d 384, 388 (5th Cir. 1970); United States v. Wilson, 960 F.2d 48, 51 (7th Cir. 1992). Instead, when a party asserts a privilege based on state law, the court must balance the purpose the privilege is meant to

serve against the federal interests served by allowing Plaintiffs access to the information.  See Carr, 431 F.2d at 388; Wilson, 960 F.2d at 50.  Since evidentiary privileges impede the fact-finding function by excluding relevant evidence, privileges are disfavored and narrowly construed by the courts.  Id. at 50; see also, Memorial Hospital v. Shadur, 664 F.2d 1058, 1061 (7th Cir. 1981) (citing United States v. Nixon, 418 U.S. 683, 710 (1974)).

     In this case, the Defendants' interest in confidentiality can be fully protected by means other than non-disclosure, for example, by redacting the identifying information of any individuals.  Defendants object to producing some of the requested material because, they assert, the information is highly confidential and would threaten the safety of LSP and aid inmates in escape attempts.  The Court can adequately address such concerns by enter a protective order circumscribing access to, copying, and use of the documents.  These safeguards would more than adequately protect the privacy of any of the individuals affected, properly protect the safety of LSP, and prevent any information from being utilized to aid an inmate in an escape attempt.

     Still other factors clearly tip the balance in favor of Plaintiffs.  The documents requested by Plaintiffs are critical to the determination whether Plaintiffs have been deprived of the minimum civilized measures which constitute the necessities of life in violation of the ban on cruel and unusual punishment provided in the Eighth Amendment and whether they have been deprived of their due process rights under the Fourteenth Amendment to the Constitution of the

United States.  Furthermore, Defendants are the sole source of the information that Plaintiffs need to protect their Constitutional rights.  In this case, the balance of competing interests clearly tips in favor of Plaintiffs, and therefore, the records should be produced by Defendants.

Furthermore, this case can be distinguished from <u>Johnson v. Stalder</u>, in which an inmate at LSP was denied access to his own prison records because his criminal case was not yet in the post-conviction relief stage and he had not demonstrated a need for access.  754 So.2d 246 (La. App. 1998).  In sharp contrast, Plaintiffs have demonstrated a strong need for the requested information in regards to their pending civil lawsuit alleging a violation of their constitutional rights.  Unlike, Mr. Johnson, Plaintiffs clearly articulated need for the requested information far outweighs Defendants' need for confidentiality, especially in light of available safeguards such as redaction and protective orders.

**<u>Plaintiffs are ready and willing to bear the expense of examining and copying the requested records on Defendants' premises</u>**

Plaintiffs are the ones that will bear the burden of examining and copying the records, at their own expense.  In weighing the burden of producing discovery to Defendants, the court should consider any steps taken by plaintiffs in an effort to alleviate the burden.  <u>See</u> <u>Wirtz</u>, 42 F.R.D. at 643  (objection to discovery request on basis of burdensomeness overruled in part because plaintiff offered services of investigator to audit and summarize records in order to relieve defendants of burden); <u>Butler v. Harrah's Marina Hotel Casino</u>, 1987 WL 16691 at *1 (E.D.Pa.

1987).  In <u>Butler</u>, plaintiffs, husband and wife, sued to recover damages for personal injuries suffered by Mrs. Butler when she fell at the Hotel Casino.  Plaintiffs requested discovery of records of any person that slipped and fell at the Hotel Casino over the last four years.  Defendants objected on the basis that the request was "overly broad, unduly burdensome, and designed to harass the defendants."  <u>Id.</u> at *3.  The Court overruled the objections and held that defendants had to disclose the requested documents and that Plaintiffs would bear the burden of examining and copying the records at their own expense on defendants' premises those records deemed necessary.  <u>Id.</u> at *4.  Plaintiffs have been, and remain today, ready and willing to travel to Defendants' premises and examine and copy requested records, at their own expense. As a result, Plaintiffs have every incentive to narrowly tailor their request to include only what is relevant, necessary to the establishment of their constitutional claims, and likely to lead to admissible evidence, which they have done.

## **CONCLUSION**

Plaintiffs have sought to ensure that their requests are narrowly tailored to included only the documents that are relevant, absolutely  necessary for plaintiffs to establish their claims, and that are very likely to lead to admissible evidence. Accordingly, the Court should deny Defendants' Motion for Protective Order and require Defendants to produce all of the documents Plaintiffs request in their Second Request for Documents, subject to any confidentiality order that the court may deems necessary.

Respectfully submitted,

Counsel for Plaintiffs

GEORGE H. KENDALL
Holland & Knight, LLP
195 Broadway
24th Floor
New York, NY 10007
212-513-3358

STEPHEN HANLON
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
202-828-1871

NICHOLAS J. TRENTICOSTA
Attorney at Law
LSBA roll No. 18475
7100 St. Charles Avenue
New Orleans, LA 70118
504-864-0700

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION was served this 8th day of March 2006 by tendering same by U.S. mail, and through electronic e-mail, on all counsel of record, namely:

M. Brent Hicks, Esq.
McGlinchey Stafford, PLLC
One American Place, 14th Floor
Baton Rouge, LA 70825

14