

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ROBERT KING WILKERSON, ET AL**

**VERSUS**  CIVIL ACTION NO. 00-304-C-M3

**RICHARD STALDER, ET AL**

*************************************************************************

## PROTECTIVE ORDER

Upon Consideration of the Motion for Protective Order, the Court's March 15, 2006 Order, the Court having found that the Plaintiff's Second Request for Production of Documents satisfies the requirements of LSA – R.S. 15:574.12 and for good cause shown the parties consent to entry of the following Protective Order;

**PRESENT:** George Kendall, Stephen Hanlon, and Nicholas J. Trenticosta on behalf of Robert King Wilkerson, Albert Woodfox, and Herman Wallace (hereinafter jointly referred to as "Plaintiffs"); and

M. Brent Hicks and Richard A. Curry on behalf of Richard Stalder, Secretary, Louisiana Department of Public Safety and Corrections; Burl Cain, Warden, Louisiana State Penitentiary; Richard Peabody, Deputy Warden, Louisiana State Penitentiary; Robert Rachal, former Major, LSP; Sam Smith, Assistant Warden, LSP; Paul J. Myers, Major, LSP; and Tom Norris, former Classification Officer, LSP, (hereinafter jointly referred to as "LSP")

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this Protective Order shall govern the production of all documents in response to the Plaintiff's Second Request for Production of Documents and all future "Confidential Information" produced by LSP as follows:

## DEFINITIONS

1. "Confidential Information" is defined as any material designated "Confidential-Counsel Only," which may include but is not limited to material so designated or appearing in: (1) "documents"; (2) "discovery responses"; (3) pleadings; or (4) "testimony."

"Documents" include all writings, recordings and photographs as defined by Federal Rules of Evidence, Rule 1001, including originals and all copies thereof, in whatever form maintained or produced. "Discovery responses" include "documents" produced in response to Requests for Production, responses to Interrogatories, and responses to Requests for Admission. "Testimony" includes all testimony given under oath in this proceeding, all transcripts, recordings or videotapes thereof, and all "documents" referred to therein.

2. "Permitted Persons" include all "Counsel-Only Permitted Persons".

3. "Counsel-Only Permitted Persons" are:

   a. named counsel of record for the parties to this litigation, partners, and shareholders and employees of counsel of record and their firms who are assisting in prosecution or defense of this litigation;

   b. expert witnesses or consultants and their employees who are assisting them, who have been engaged by counsel for a party to assist in prosecution or defense of this action, each of whom shall be required to sign the Agreement prior to any disclosure;

   c. court reporters;

   d. the Court and its staff, under such safeguards as the Court may direct;

4. "Disclosure," "disclose," "disclosed" and "disclosing" mean disclosure in any way or manner, including but not limited to allowing any review of "Confidential Information" by persons not authorized by this Order to review it, or by verbally or in any written form either directly or indirectly communicating the content or substance of any "Confidential Information" to persons not authorized by this Order to review it.

## SCOPE OF ORDER

Except as otherwise ordered by the Court, this Order shall apply to documents produced in response to the Plaintiff's Second Request for Production of Documents and all future materials produced by LSP designated as "Confidential—Counsel Only."

5.  "Confidential Information" must be used solely and exclusively for purposes of this case, and then only in accord with the provisions of this Order. Such information may not be used in or for other cases, proceedings or disputes or any other purpose.

## PROCEDURE FOR DISCLOSURE AND USE OF "CONFIDENTIAL INFORMATION"

6.  Except with the prior written consent of LSP, all documents designated as "Confidential—Counsel Only" by LSP may not be disclosed in any way, except to the "Counsel-Only Permitted Persons."

7.  It is the responsibility of counsel for each party to maintain material designated as "Confidential—Counsel Only" obtained from any Defendants in a secure manner, so as to allow access only to "Counsel-Only Permitted Persons."

8.  Prior to any disclosure of "Confidential Information" in a deposition, all persons in attendance shall be alerted to the impending disclosure. Non-"Permitted Persons" and/or non-"Counsel-Only Permitted Persons" shall be excused. "Permitted Persons" and/or "Counsel-Only Permitted Persons" shall be given a copy of this Order before the deposition is continued. The court reporter shall return the original deposition transcript and all notes used for making the transcript in a sealed envelope marked "Confidential" or "Confidential—Counsel Only" to the attorney noticing the deposition.

9.  All "Confidential Information" that is submitted to the Court or used in any proceeding before the Court shall remain subject to this Order. A party desiring to use information

designated as "Confidential—Counsel Only" in any proceeding before the Court in a fashion that would reveal its contents to non-Permitted Persons, shall provide the Defendants with at least ten (10) days' notice of that intent, to enable the Defendants to seek any additional protection that it may desire.

### PROCEDURE AFTER RESOLUTION

10. Within sixty (60) days after the conclusion of this matter (including any appellate proceedings), all "Confidential Information," including all copies made of same, except as specified below, shall be destroyed by the recipient or returned to LSP, at the election of LSP. All notes, drafts, memoranda, documents, work papers and other materials prepared by attorneys or experts that contain or reflect the content of any "Confidential Information" may be destroyed or retained by the attorneys or the experts, but if retained must be treated in accord with this Order.

11. The provisions of this Order shall remain in full force and effect after the entry of final judgment in this case (including any appellate proceedings).

12. The Court will retain jurisdiction, both before and after entry of final award in this case, to construe, enforce and amend the provisions of this Order.

### ENFORCEMENT

13. Except as otherwise provided herein, all parties and persons to whom "Confidential Information" is disclosed are enjoined from using "Confidential Information," except in conjunction with the prosecution of claims or defenses in this litigation, and are further enjoined from disclosing "Confidential Information" to any other person, except in accord with the provisions of this Order.

14. Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule and the inherent power of the Court.

Baton Rouge, Louisiana, this 21st day of March, 2006.

_____
M JUDGE, United Stated District Court

Respectfully submitted:

_____
M. Brent Hicks, La Bar Roll 23778
McGlinchey Stafford, PLLC
14th Floor, One American Place
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
*Attorneys for Defendants*

_____
George H. Kendall, Esq.
Holland & Knight, L.L.P.
195 Broadway, 24th Floor
New York, New York 10007
*Attorneys for Plaintiffs*