UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT KING WILKERSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **RICHARD STALDER, ET AL.** | **NO. 00-304-C-M3** |

### ORDER

This matter came before the Court for a telephone conference on July 10, 2006.

**PRESENT:** **George Kendall**
**Harmony Loobe**
Counsel for plaintiffs

**Brent Hicks**
**Richard A. Curry**
Counsel for defendants

The purpose of the conference was to discuss plaintiffs' Motion for Leave to Seek Designation of Additional Expert Witnesses And Slight Modification of Court Schedule (*rec. doc. no.* 147), which is opposed by defendants.

Counsel for both sides are in agreement that substantial progress has been made in discovery, particularly with respect to review of prison records. Plaintiffs' counsel noted that information gleaned from those prison records regarding medical, psychological, and corrections issues has shown a reasonable need for four new expert witnesses in the place of, or in addition to, the single expert (Dr. Stuart Grassian, a psychologist) previously designated. The new experts plaintiffs now move to add are Dr. Craig Haney (a psychologist), Steve Martin (corrections expert on the use of punitive segregation), James

Cv38c:T: 00:15

Aiken (corrections expert on inmate classification and security matters), and Dr. Sheldon Hersh (regarding plaintiffs' medical conditions).

Plaintiffs' present counsel conceded that Dr. Grassian did previously interview the individual plaintiffs, but emphasized that plaintiffs' prior counsel scheduled those interviews before the more recent review of prison documents, a turn of events (including delays necessitated by Hurricane Katrina) that should not bind present counsel considering, *inter alia*, the important issues presented by this case and plaintiffs' need to effectively address those issues. Furthermore, plaintiffs note that a trial date has not been set, and they are requesting only a modest, approximately one-month extension of deadlines included in the existing scheduling order. Plaintiffs' counsel also reiterated that the plaintiffs remain in lockdown and have every reason to want this case to proceed expeditiously, but they have had to depend on voluntary assistance from pro bono counsel in what is a complicated and difficult case, which has heretofore suffered from repeated turnover of counsel, lack of funding, and very little discovery. Counsel concluded by stating that any additional time granted to plaintiffs should be balanced by the granting of additional time to defendants.

Defendants' objections to the granting of plaintiffs' motion include the fact that they only received notice of the names of plaintiffs' four new experts about two weeks ago. Defendants' counsel noted that this case has been going on for a long time, multiple continuances have been granted to plaintiffs to submit their brief in opposition to defendants' pending motion for summary judgment on Eighth Amendment issues, and defendants may have to retain additional new expert witnesses themselves to counter plaintiffs' new experts. Defendants also requested that the Court allow them to put their written opposition to plaintiffs' motion into the record, regardless of the outcome of today's hearing.

Upon considering the arguments of both parties in full, and further considering the very concrete progress recently made in this case, the Court concluded that plaintiffs' request is reasonable, will serve the ends of justice in that both sides will be able to fully and fairly present their respective positions, and will not unduly delay this matter. Furthermore, defendants' request to file an opposition memorandum into the record is reasonable.

Accordingly, **IT IS ORDERED** that

1. Plaintiffs' Motion for Leave to Seek Designation of Additional Expert Witnesses (Dr. Craig Haney, Steve Martin, James Aiken, and Dr. Sheldon Hersh) And Slight Modification of Court Schedule (*rec. doc. no.* 147) is **GRANTED**.

2. Defendants' request to file a written opposition to plaintiffs' motion into the record is **GRANTED**.

3. The parties shall jointly prepare and submit to the Court no later than **Friday, July 14, 2006**, a motion and proposed order setting forth the deadlines discussed in today's conference.

Signed in Baton Rouge, Louisiana, on July 10, 2006.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**