UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT KING WILKERSON, ET AL

VERSUS                                                          CIVIL ACTION NO. 00-304-C-M3

RICHARD STALDER, ET AL
**********************************************************************

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO SEEK DESIGNATION
OF ADDITIONAL EXPERT WITNESSES**

**MAY IT PLEASE THE COURT:**

This memorandum is submitted on behalf of Richard Stalder, Secretary, Louisiana Department of Public Safety and Corrections; Burl Cain, Warden, Louisiana State Penitentiary at Angola ("LSP"); Richard Peabody, Deputy Warden, LSP; Robert Rachal, former Major, LSP; Sam Smith, Assistant Warden, LSP;  Paul J. Myers, Major, LSP; and Tom Norris, former Classification Officer, LSP (collectively, the "State") in opposition to a Motion for Leave to Seek Designation of Additional Expert Witnesses filed on behalf of inmates Herman Wallace and Albert Woodfox and former inmate Robert King Wilkerson (collectively, the "Plaintiffs").  In their motion, Plaintiffs ask this Court for authority to retain a completely new slate of experts – thereby dramatically expanding the issues in litigation and significantly delaying a lawsuit that was filed on **March 30, 2000 – over six years ago**.

The crux of Plaintiffs' motion is not a "slight modification of court schedule," as represented in their filing.  Rather, the crux of Plaintiffs' motion is a request for authority to identify and produce reports from **four new expert witnesses**.  Years ago, this Court established a deadline for Plaintiffs to designate expert witnesses and produce expert

reports. The parties were required to designate any expert witness and produce reports by **January 24, 2005.** *See* the Court's November 2, 2004 order, docket no. 92.

Both parties designated experts and produced reports. Plaintiffs designated Dr. Stuart Grassian who generated a report, dated January 12, 2005. The State designated Patrick Keohane and Joel Dvoskin who also generated reports.

The State sought expert testimony and produced reports that responded to the opinions stated in Dr. Grassian's report. In light of Dr. Grassian's opinion, the State was confident that this matter was ripe for dispositive motion. Accordingly, on February 18, 2005, the State timely filed a motion for summary judgment. <u>The State's motion for summary judgment remains pending today – one and one-half years later</u>.

The deadline for Plaintiffs to respond to the State's motion for summary judgment has been successively extended from March of 2005 until June 11, 2005, then to October 13, 2005, then to February 18, 2006. On March 15, 2006, the Court granted plaintiffs an additional 120 days to respond. Finally, on May 16, 2006, the Court fixed the current deadline of July 17, 2006. Plaintiffs now seek to extend the deadline to September 18, 2006 so that they can produce expert testimony with their response. The State would be severely prejudiced if Plaintiffs' current motion to designate new experts is granted at this late date so as to again delay consideration of its motion for summary judgment.

The State acknowledges that Plaintiffs' current counsel is not responsible for most of the delay represented the foregoing series of events. Plaintiffs' current counsel has been enrolled as counsel of record for just over one year. The prejudice to the State, however, remains the same – regardless of the identity of Plaintiffs' counsel.

Plaintiffs' response to the State's motion for summary judgment now is due on July 17, 2006; Plaintiffs thus are finally facing a hard deadline for responding to the State's February 18, 2005 motion for summary judgment. After all of these previous delays, and when final submission finally seems imminent, Plaintiffs now insist on a further, "slight" delay. This latest delay, however, also would permit Plaintiffs to change the direction of the case by inserting new legal theories and new grounds for relief.

Over the past six years, the State has prepared a defense to the Plaintiffs' claims, as those claims are articulated in the Plaintiffs' complaint. During the past 18 months, the State refined its defense to respond to Plaintiffs' claims as articulated through the opinion of Dr. Grassian. In the past <u>month</u>, however, Plaintiffs apparently have concluded that their statement of the case is inadequate. Plaintiffs now seek to add, not one – but <u>four</u> – new experts to create a case where none exists.

Plaintiffs motion is too late:

- The case has been pending for well over six years.

- The State's motion for summary judgment has been pending for 18 months.

- The Plaintiffs' deadline for responding to the long pending motion for summary judgment is at hand.

- The deadline for designating experts passed a year and a half ago.

The State carefully articulated grounds to dismiss Plaintiffs' Eighth Amendment claims in the summary judgment filed in February, 2005. Plaintiffs can not be permitted to remain silent during the intervening years until, on the cusp of a decision (and with no

238487.1

advance notice to the State), Plaintiffs conclude that they need to produce completely new experts – experts in completely new fields – to assert completely new opinions.

The State does not know – even today – what the prospective Plaintiffs' experts might opine. Plaintiffs are not seeking a "slight" modification of court schedule. Opening new vistas of expert testimony at this point could force the State to locate, retain, and introduce to this case experts to respond to these new opinions (in new areas of expertise). Again, until several weeks ago, the State had no reason to believe that new experts or opinions were even being considered.

Only after the Plaintiffs designated their expert and produced their expert report (and only after the delay for designating experts had expired) did the State file its motion for summary judgment. Another 18 months have passed. It is not fair to now allow Plaintiffs to restate their lawsuit – at the very point at which the motion for summary judgment is being submitted for decision. The State urges the Court to deny Plaintiffs' request to designate additional witnesses at this stage of the proceedings.

    Respectfully submitted:

    CHARLES C. FOTI, JR.
    Louisiana Attorney General

    */s/ M. Brent Hicks*
    Richard A. Curry, La Bar Roll 4671
    M. Brent Hicks, La Bar Roll 23778
    McGlinchey Stafford, PLLC
    14th Floor, One American Place
    Baton Rouge, Louisiana 70825
    Telephone: (225) 383-9000
    Attorneys for State Defendants

## CERTIFICATE OF SERVICE

**I CERTIFY** that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to George Kendall, Esq. and William Quigley, Esq. by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 14th day of July, 2006.

                                             */s/ M. Brent Hicks*
                                             M. Brent Hicks