UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT KING WILKERSON, ET AL.**         CIVIL ACTION

**VERSUS**

**RICHARD STALDER, ET AL.**               NO. 00-304-C-M3

## ORDER

This matter came before the Court for a telephone conference on March 22, 2007.

      **PRESENT:**   **George Kendall**
                     Counsel for plaintiffs

                     **Brent Hicks**
                     **Eboni Townsend**
                     Counsel for defendants

The purpose of the conference was to discuss defendants' concerns regarding whether discovery should be allowed with respect to any information prior to March 30, 1999[1], other than that already present in plaintiff's prison records, and whether the discovery deadline should be extended. Defendants argue, *inter alia*, that allowing testimony by some of the witnesses recently identified by plaintiff could result in a trial-within-a-trial, *i.e.*, a *de facto* re-trial of plaintiff's prior convictions for murders that took place prior to 1999 while plaintiffs were inmates at Angola. Plaintiffs countered that no such re-trial will occur, and that defendants themselves, in presenting a defense, will rely on evidence and events that pre-date 1999; plaintiffs thus have a due process right to rely on similar such pre-1999 evidence in order to rebut defendants' case.

In order to resolve their disagreement with respect to pre-1999 discovery,

---

[1] For the sake of brevity, this date will henceforth be referred to simply as "1999."

Cv38c:T: 00:30

defendants would like to file a motion to clarify their currently pending motion in limine to exclude evidence of alleged conditions and damages predating March 30, 1999 (*rec. doc. no.* 162), which motion does not specifically seek exclusion of evidence and facts concerning the crimes for which plaintiffs were convicted of committing while they were inmates. Defendants noted that a resolution of this scope of discovery issue will assist the parties in narrowing and completing discovery. Plaintiffs have no objection to defendants filing such a motion. Plaintiffs also have no objection to defendants' request for oral argument on the motions that will be pending before the Court once defendants file their new motion to clarify their previous motion in limine.

Since defendants' recently filed and now pending motion for summary judgment seeks dismissal of plaintiff's Eighth Amendment claims, and the parties dispute the scope of discovery in relation to pre-1999 evidence and circumstances, the parties should also address in their briefs, and be prepared to discuss at oral argument (1) whether plaintiffs' statements in previous briefs that they make no claims that arose prior to March 30, 1999, referred to both their due process claims and Eighth Amendments claims, and (2) whether plaintiffs' Eighth Amendment claims constitute a continuing tort for which prescription has, or has not, yet begun to run, and for which pre-1999 discovery should or should not be allowed.

Upon considering the arguments of both parties, and further considering the importance of narrowing permissible discovery to a degree that will serve the ends of justice and allow both sides to fully and fairly present their respective positions, yet not unduly delay this matter, the Court concludes that defendants' request to extend the discovery deadline and to file an additional motion in limine regarding pre-1999 discovery is reasonable, as is the request for oral argument.

Accordingly, **IT IS ORDERED** that:

1. Defendants shall file their motion to clarify their previously filed motion in limine to exclude evidence of alleged conditions and damages predating March 30, 1999 (*rec. doc. no.* 162) no later than Friday, **April 13, 2007**;
2. Plaintiffs shall file their written opposition to defendants' motion to clarify no later than Monday, **April 23, 2007**;

Cv38c:T: 00:30

3.   Oral argument shall be heard on Tuesday, **May 15, 2007**, **at 2:00 p.m.**, in Courtroom 6, on defendants' motion to clarify their previously filed motion in limine and on defendants' previously filed motion in limine (*rec. doc. no.* 162), The court will review and determine at a later date whether to include defendants' motion to exclude the testimony and opinions of Steve Martin and James Aiken (*rec. doc. no.* 167);

4.   The current discovery deadline of March 31, 2007, will be reset after resolution of the motions argued on Tuesday, **May 15, 2007**.

Signed in Baton Rouge, Louisiana, on March 23, 2007.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

Cv38c:T: 00:30