UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT KING WILKERSON, ET AL. | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | NUMBER 00-304-C-M3 |
| | ) | |
| v. | ) | JUDGE TYSON |
| | ) | |
| RICHARD STALDER, ET AL., | ) | MAGISTRATE JUDGE DALBY |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

**MAY IT PLEASE THE COURT:**

In arguing they are entitled to summary judgment on Plaintiffs' Eighth Amendment Claims, Defendants have taken the position that the sufficiency of the allegations in Plaintiffs' complaint is at issue, even though this case is at the summary judgment stage. *See* Defendants' Reply Memorandum, Docket # 205, Attachment 1, at 5-6. *But see Sherman v. Hallbauer*, 455 F.2d 1236 (5th Cir. 1972). In addressing this argument, Plaintiffs file this notice of supplemental authority, concerning the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. ___, 06-7317 (June 4, 2007) (per curiam). *Erickson* confirms that, even if it were the relevant document at this stage in the litigation, Plaintiffs' second amended complaint adequately pleaded the harms Plaintiffs have suffered resulting from a deprivation of basic human needs. *See*

1

Plaintiffs' Second Amended Complaint at ¶¶ 17, 27, Docket # 36; Plaintiffs' Response

Memorandum at 23-24, Docket # 178.   A copy of *Erickson* is attached as Appendix A.


Dated: New York, New York
June 4, 2007


        Respectfully submitted,


               Stephen F. Hanlon
               HOLLAND & KNIGHT
               2099 Pennsylvania Avenue, NW
               Washington, DC
               202.828.1871

               George H. Kendall
               Harmony I. Loube
               Samuel Spital
               HOLLAND & KNIGHT
               195 Broadway
               24th Floor
               New York, NY  10007
               212.513.3358

               Nicholas J. Trenticosta
               LSBA Roll No. 18475
               7100 St. Charles Avenue
               New Orleans, LA  70118
               504.864.0700


               By: *Nick Trenticosta* / s s

               Counsel for Plaintiffs

# APPENDIX A

Per Curiam

# SUPREME COURT OF THE UNITED STATES

## WILLIAM ERICKSON *v.* BARRY J. PARDUS ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

No. 06–7317. Decided June 4, 2007

PER CURIAM.

Imprisoned by the State of Colorado and alleging violations of his Eighth and Fourteenth Amendment protections against cruel and unusual punishment, William Erickson, the petitioner in this Court, filed suit against prison officials in the United States District Court for the District of Colorado. He alleged that a liver condition resulting from hepatitis C required a treatment program that officials had commenced but then wrongfully terminated, with life-threatening consequences. Deeming these allegations, and others to be noted, to be "conclusory," the Court of Appeals for the Tenth Circuit affirmed the District Court's dismissal of petitioner's complaint. 198 Fed. Appx. 694, 698 (2006). The holding departs in so stark a manner from the pleading standard mandated by the Federal Rules of Civil Procedure that we grant review. We vacate the court's judgment and remand the case for further consideration.

Petitioner was incarcerated in the Limon Correctional Facility in Limon, Colorado, where respondents Barry Pardus and Dr. Anita Bloor were working as prison officials. After Dr. Bloor removed petitioner from the hepatitis C treatment he had been receiving, petitioner sued under 42 U. S. C. §1983, complaining, *inter alia*, that Dr. Bloor had violated his Eighth Amendment rights by demonstrating deliberate indifference to his serious medical needs. See, *e.g., Estelle* v. *Gamble,* 429 U. S. 97, 104–105 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton

Per Curiam

infliction of pain . . . proscribed by the Eighth Amendment," and this includes "indifference . . . manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed" (footnotes and internal quotation marks omitted)); see also *Helling* v. *McKinney*, 509 U. S. 25, 35–37 (1993).

Petitioner based his claim on the following allegations, which we assume to be true for purposes of review here: Officials at Colorado's Department of Corrections (Department) diagnosed petitioner as requiring treatment for hepatitis C. After completing the necessary classes and otherwise complying with the protocols set forth by the Department, petitioner began treatment for the disease. The treatment, which would take a year to complete, involved weekly self-injections of medication by use of a syringe. Soon after petitioner began this treatment, prison officials were unable to account for one of the syringes made available to petitioner (and other prisoners) for medical purposes. Upon searching, they found it in a communal trash can, modified in a manner suggestive of use for injection of illegal drugs. Prisoner Complaint in Civ. Action No. 05–CV–00405–LTB–MJW (D. Colo.), p. 3 (hereinafter Petitioner's Complaint).

Prison officials, disbelieving petitioner's claim not to have taken the syringe, found that his conduct constituted a violation of the Colorado Code of Penal Discipline for possession of drug paraphernalia. Letter from Anthony A. DeCesaro to William Erickson (Sept. 30, 2004), attached to Petitioner's Complaint. This conduct, according to the officials, led to the "reasonable inference" that petitioner had intended to use drugs, so the officials removed petitioner from his hepatitis C treatment. *Ibid.* "The successful treatment of Hepatitis C is incumbent upon the individual remaining drug and alcohol free to give the liver a

Per Curiam

better chance of recovery," they indicated, *ibid.*, an explanation they later offered to defend against petitioner's allegations of cruel and unusual punishment, see Defendants' Motion to Dismiss in Civ. Action No. 05–CV–00405–LTB–MJW, p. 10. Assuming that a person in the course of this treatment takes illicit drugs, the prison's protocol mandates a waiting period of one year followed by a mandatory drug education class lasting six months. Brief in Opposition 4. Petitioner therefore could face a delay of some 18 months before he would be able to restart treatment.

In his complaint petitioner alleged Dr. Bloor had "removed [him] from [his] hepatitis C treatment" in violation of department protocol, "thus endangering [his] life." Petitioner's Complaint 2. Petitioner attached to the complaint certain grievance forms. In these he claimed, among other things, he was suffering from "continued damage to [his] liver" as a result of the nontreatment. Colorado Dept. of Corrections Offender Grievance Form (June 30, 2004). The complaint requested relief including damages and an injunction requiring that the Department treat petitioner for hepatitis C "under the standards of the treatment [protocol] established by [the Department]." Petitioner's Complaint 8.

Three months after filing his complaint, and well before the District Court entered a judgment against him, petitioner filed a Motion for Expedited Review Due to Imminent Danger, in Civ. Action No. 05–B–405 (MJW) (D. Colo.). Indicating it was "undisputed" that he had hepatitis C, that he met the Department's standards for treatment of the disease, and that "furtherance of this disease can cause irreversible damage to [his] liver and possible death," petitioner alleged that "numerous inmates" in his prison community had died of the disease and that he was "in imminent danger" himself "due to [the Department's] refusal to treat him." *Ibid.* He had identi-

fied similar allegations in an earlier filing, explaining that
"his liver is suffering irreversible damage" due to the
decision to remove him from treatment and that he "will
suffer irreparable damage if his disease goes untreated."
Plaintiff's Objections to the Magistrate's Recommenda-
tions in Civ. Action No. 05–CV–00405–LTB–MJW, p. 3.

Respondents answered these filings with a motion to
dismiss. The Magistrate Judge recommended, as relevant,
that the District Court dismiss the complaint on the
ground it failed to allege Dr. Bloor's actions had caused
petitioner "substantial harm."  Recommendation on De-
fendants' Motion To Dismiss, p. 12.  The District Court
issued a short order indicating its agreement with the
Magistrate Judge and dismissing the complaint.

The Court of Appeals affirmed.  It quoted extensively
from the Magistrate Judge's discussion of "substantial
harm" before holding that petitioner had made "only
conclusory allegations to the effect that he has suffered a
cognizable independent harm as a result of his removal
from the [hepatitis C] treatment program."  198 Fed.
Appx., at 698.  Acknowledging decisions by courts that
have found Eighth Amendment violations when delays in
medical treatment have involved "life-threatening situa-
tions and instances in which it is apparent that delay
would exacerbate the prisoner's medical problems" (and
that have, moreover, indicated the Eighth Amendment
"protects against future harm to an inmate"), *id.*, at 697
(internal quotation marks omitted), the court nevertheless
found petitioner's complaint deficient: Petitioner had,
according to the court, failed to "allege that as a result of
the discontinuance of the treatment itself shortly after it
began or the interruption of treatment for approximately
eighteen months he suffered any harm, let alone substan-
tial harm, [other] than what he already faced from the
Hepatitis C itself," *id.*, at 698 (internal quotation marks
omitted).  Having reached this conclusion, the court saw

Per Curiam

no need to address whether the complaint alleged facts sufficient to support a finding that Dr. Bloor had made her decisions with a "sufficiently culpable state of mind." *Id.,* at 697, 698 (internal quotation marks omitted).

It may in the final analysis be shown that the District Court was correct to grant respondents' motion to dismiss. That is not the issue here, however. It was error for the Court of Appeals to conclude that the allegations in question, concerning harm caused petitioner by the termination of his medication, were too conclusory to establish for pleading purposes that petitioner had suffered "a cognizable independent harm" as a result of his removal from the hepatitis C treatment program. *Id.,* at 698.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp.* v. *Twombly,* 550 U. S. ___, ___ (2007) (slip op., at 7–8) (quoting *Conley* v. *Gibson,* 355 U. S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra,* at ___ (slip op., at 8–9) (citing *Swierkiewicz* v. *Sorema N. A.,* 534 U. S. 506, 508, n. 1 (2002); *Neitzke* v. *Williams,* 490 U. S. 319, 327 (1989); *Scheuer* v. *Rhodes,* 416 U. S. 232, 236 (1974)).

The complaint stated that Dr. Bloor's decision to remove petitioner from his prescribed hepatitis C medication was "endangering [his] life." Petitioner's Complaint 2. It alleged this medication was withheld "shortly after" petitioner had commenced a treatment program that would take one year, that he was "still in need of treatment for this disease," and that the prison officials were in the meantime refusing to provide treatment. *Id.,* at 3, 4. This alone was enough to satisfy Rule 8(a)(2). Petitioner, in

Per Curiam

addition, bolstered his claim by making more specific allegations in documents attached to the complaint and in later filings.

The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed *pro se* is "to be liberally construed," *Estelle*, 429 U. S., at 106, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Whether petitioner's complaint is sufficient in all respects is a matter yet to be determined, for respondents raised multiple arguments in their motion to dismiss. In particular, the proper application of the controlling legal principles to the facts is yet to be determined. The case cannot, however, be dismissed on the ground that petitioner's allegations of harm were too conclusory to put these matters in issue. Certiorari and leave to proceed *in forma pauperis* are granted, the judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE SCALIA would deny the petition for a writ of certiorari.

Cite as: 551 U. S. ____ (2007)          1

THOMAS, J., dissenting

# SUPREME COURT OF THE UNITED STATES

## WILLIAM ERICKSON *v.* BARRY J. PARDUS ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

No. 06–7317.   Decided June 4, 2007

JUSTICE THOMAS, dissenting.

I have repeatedly stated that the Eighth Amendment's prohibition on cruel and unusual punishment historically concerned only injuries relating to a criminal sentence. *Farmer* v. *Brennan*, 511 U. S. 825, 861 (1994) (opinion concurring in judgment); *Helling* v. *McKinney*, 509 U. S. 25, 42 (1993) (dissenting opinion); *Hudson* v. *McMillian*, 503 U. S. 1, 18–20 (1992) (dissenting opinion).  But even applying the Court's flawed Eighth Amendment jurisprudence, "I would draw the line at actual, serious injuries and reject the claim that exposure to the *risk* of injury can violate the Eighth Amendment." *Helling, supra,* at 42 (THOMAS, J., dissenting).  Consistent with these views, I would affirm the judgment of the Court of Appeals.  I respectfully dissent.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY was served this 4th day of June 2007 by tendering same by U.S. mail, and through electronic e-mail, on all counsel of record, namely:

M. Brent Hicks, Esq.
McGlinchey Stafford, PLLC
One American Place, 14th Floor
Baton Rouge, LA 70825