UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT KING WILKERSON, ET AL. ) | | |
| ) | CIVIL ACTION | |
| Plaintiffs, ) | NUMBER 00-304-C-M3 | |
| ) | | |
| v. ) | JUDGE TYSON | |
| ) | | |
| RICHARD STALDER, ET AL., ) | MAGISTRATE JUDGE DALBY | |
| ) | | |
| Defendants. ) | | |

## REPLY TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM

**MAY IT PLEASE THE COURT:**

Plaintiffs file this brief reply to Defendants' Supplemental Memorandum of 6/8/01, Doc. No. 221, to address two points.

First, as this Court is aware, qualified immunity analysis is only relevant to Plaintiffs' requests for damages. *See, e.g., Mangaroo v. Nelson*, 864 F.2d 1202, 1208 (5th Cir. 1989). Therefore, even if Defendants were entitled to qualified immunity, *but see* Plaintiffs' Memorandum of 3/12/07, Doc. No. 178, at 50-59, Defendants would not obtain summary judgment on Plaintiffs' Eighth Amendment claim because Plaintiffs have also requested declaratory and injunctive relief.

Second, even if this case were to be analyzed based on the allegations in Plaintiffs' Second Amended Complaint, *but see Sherman v. Hallbauer*, 455 F.2d 1236 (5th

Cir. 1972), Defendants would be incorrect that a "heightened pleading requirement" would apply here.

> As we recently explained . . . there no longer exists a *per se* "heightened" pleading requirement in qualified immunity cases. *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (*en banc*). Rather, in such cases any requirement that a plaintiff clarify the allegations set forth in his or her complaint arises solely out of the district court's discretionary authority to order a reply to defendant's proffer of a qualified immunity defense. *Id.*

*Brown v. Valmet Appleton*, 77 F.3d 860, 863 n. 11 (5th Cir. 1996). *See Schultea v. Wood*, 47 F.3d 1427, 1430, 1433-34 (5th Cir. 1995) (*en banc*).

In this case, Defendants did not proffer a qualified immunity defense concerning the substance of Plaintiffs' Eighth Amendment claim. *See* Magistrate Judge's Report, 3/28/02, Doc. No. 46, at 7 ("No argument is raised at this juncture that qualified immunity bars all relief on the Eighth Amendment claim."). *See also* Defendants' Memorandum in Support of Motion to Dismiss, 9/26/00, Doc. No. 25, at 4-11; Defendants' Memorandum in Support of Motion to Dismiss, 5/9/00, Doc. No. 5, at 7-13. Therefore, this Court never had the occasion to consider whether or not to order Plaintiffs to file a reply, and no heightened pleading requirement is applicable here.[1]

The allegations in Plaintiffs' Second Amended Complaint were more than sufficient to satisfy Plaintiffs' pleading burden under any relevant standard. *See* Second

---

[1] To the degree Defendants assert that there is a lack of causal connectivity between the named Defendants and the allegations in support of Plaintiffs' Eighth Amendment claim, this Court has already resolved the causal connectivity issue in addressing Defendants' motion to Dismiss Plaintiffs' Due Process claim. *See* Magistrate Judge's Report, 3/28/02, Doc. No. 46, at 3, 17-18. The Court rejected this argument with regard to all Defendants except Defendant Stalder because Plaintiffs' allegations "would establish that Secretary Stalder was aware of their lengthy extended lockdown, but there are no allegations tending to establish that he was aware that the lockdown board was conducting only sham hearings." *Id.* at 18. Plaintiffs' Eighth Amendment claim, unlike Plaintiffs' Due Process claim, does not require Plaintiffs to demonstrate that individual Defendants were aware that the lockdown review boards conducted sham hearings.

Amended Complaint, Doc. No. 36, at ¶¶ 14-27; *id.* ¶¶ 6-13.  *See also Schultea*, 47 F.3d at

1430, 1433.


Dated: New York, New York
      June 11, 2007


                Respectfully submitted,


                            Stephen F. Hanlon
                            HOLLAND & KNIGHT
                            2099 Pennsylvania Avenue, NW
                            Washington, DC
                            202.828.1871

                            George H. Kendall
                            Harmony I. Loube
                            Samuel Spital
                            HOLLAND & KNIGHT
                            195 Broadway
                            24th Floor
                            New York, NY  10007
                            212.513.3358

                            Nicholas J. Trenticosta
                            LSBA Roll No. 18475
                            7100 St. Charles Avenue
                            New Orleans, LA  70118
                            504.864.0700


                            By: _Nicholas Trenticosta / ss_

                            Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing REPLY TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM was served this 11th day of June 2007 by tendering same by U.S. mail, and through electronic e-mail, on all counsel of record, namely:

M. Brent Hicks, Esq.
McGlinchey Stafford, PLLC
One American Place, 14th Floor
Baton Rouge, LA 70825