# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBERT KING WILKERSON, ALBERT**
**WOODFOX, HERMAN WALLACE**

**CIVIL ACTION**

**NUMBER 00-304-RET-DLD**

**VERSUS**

**RICHARD L. STALDER, ET AL.**

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on defendants' motion for partial summary judgment (rec. doc. 252).  Defendants argue that all plaintiffs' claims for injunctive relief are now moot and should be dismissed, with prejudice, because plaintiffs have been released from extended lockdown in the closed cell restriction (CCR) unit and were moved to Camp D in March 2008. The motion is opposed (rec. doc. 260).

## Factual Background

After being placed in extended lockdown at the Louisiana State Penitentiary (LSP) in Angola, Louisiana in 1972 and remaining there for over a quarter century, plaintiffs, Herman Wallace, Robert King Wilkerson, and Albert Woodfox, brought suit in March 2000, alleging that the continued confinement in extended lockdown violated their right to be free of cruel and unusual punishment guaranteed by the Eighth Amendment of the United States Constitution, and that the sham review proceedings of their continued confinement

violated their right to due process of law guaranteed by the Fourteenth Amendment of the United States Constitution (rec. docs. 1 and 36).[1]

On March 20, 2008, Wallace and Woodfox were moved out of extended lockdown in the CCR unit and into a maximum security dormitory at Camp D, also located at LSP. Camp D, primarily for institutional sex offenders, which Wallace and Woodfox are not, is a low density dorm where 12 to 15 inmates live in a dorm that was built to house 68 inmates (rec. doc. 252-2 and 260-4).  Camp D is attached to an outside exercise yard of approximately 2600 square feet.  The rules governing the maximum custody dormitory were promulgated through  LSP Directive 10.026 on July 3, 2008, not by state statute or Department of Corrections regulation.   Plaintiffs acknowledge that they have more privileges and fewer restrictions in certain respects - but not in other respects - than inmates assigned to CCR (rec. doc. 261).  Pursuant to LSP Directive 10.026,  "[t]he Warden of the Louisiana State Penitentiary may alter or change the eligibility requirement [for Camp D] at any time" (rec. doc. 254-4).

Defendants have consistently maintained that plaintiffs' confinement in extended lockdown does not violate their constitutional rights and have filed several dispositive motions seeking to have plaintiffs' due process and Eighth Amendment claims dismissed. Both defendants' motion for partial summary judgment seeking to dismiss due process claims and Eighth Amendment claims have been denied (rec. doc. 116 and 242).

---

[1] Wallace has remained in extended lockdown continuously since 1972.  Wilkerson remained in extended lockdown from 1972 until early 2001, when his conviction was overturned and he was fully released from state custody.  On May 25, 2001, this Court dismissed Wilkerson's claims for declaratory and injunctive relief as moot; therefore, defendants' motion for partial summary judgment does not apply to Wilkerson (rec. doc. 39). Woodfox has remained in extended lockdown since 1972, except for a three year period when he was incarcerated in parish jail.  At the time defendants' motion for partial summary judgment was filed, Wallace and Woodfox would have been in extended lockdown for almost 36 and 33 years, respectively.

Defendants now move this Court for an order dismissing plaintiffs' claims for injunctive relief as moot because plaintiffs were recently moved out of extended lockdown and into Camp D.  Defendants acknowledge that plaintiffs' remaining claim for damages is not at issue in this motion (rec. doc. 252-2).[2]

**<u>Argument of Parties</u>**

Defendants argue that it has been over three months (at the time of defendants' motion) since plaintiffs Woodfox and Wallace were transferred from extended lockdown into their current maximum security dormitory at Camp D; therefore the condition that plaintiffs original sought to enjoin (continued confinement in extended lockdown) no longer exists (rec. doc. 252-2).  Defendants suggest that the conditions in Camp D are significantly different from those in extended lockdown in that Camp D is a low density dorm where plaintiffs have freedom to move about the dorm and to interact with other inmates.  They also have liberal access to outdoor exercise.  Defendants claim that because plaintiffs are no longer assigned to extended lockdown, the conditions on which plaintiffs  originally sought injunctive relief is moot, and plaintiffs lack standing to pursue injunctive relief.  Thus, defendants request that all claims for injunctive relief be dismissed, with prejudice.

Plaintiffs respond that their move to Camp D in March 2008 is  nothing more than a voluntary and perhaps temporary cessation of the conduct which plaintiffs allege is unlawful; defendants have failed to provide any real assurance that they will not return plaintiffs to extended lockdown or other similar confinement in the future (rec. doc. 260).

---

[2] The Court granted the parties' joint stipulation of plaintiffs' partial dismissal, with prejudice, of damages and voluntary appeal dismissal on October 24, 2007, which dismissed plaintiffs' request for damages (compensatory and punitive) with respect to their claims under the Eighth Amendment and Article I, Section 20 of the Louisiana Constitution of 1974 (rec. doc. 248).  Plaintiffs reserved their claims for damages under the Fourteenth Amendment and Article I, Section 2 of the Louisiana Constitution of 1974.

Mere voluntary cessation, plaintiffs argue, does not make a request for injunctive relief moot.  As additional evidence of the lack of certainty that the allegedly illegal conduct has ceased,  plaintiffs note that nothing in the LSP directive limits defendants' discretion to return plaintiffs to lockdown or other similar confinement regardless of plaintiffs' behavior. For example, plaintiffs present evidence proving that Wallace is under a suspended sentence to be returned to extended lockdown, specifically Camp J, for two disciplinary infractions, which plaintiffs argue do not threaten institutional security or warrant relocation to extended lockdown (rec. doc. 260-5, Exhibit D).[3]

**Discussion**

The issue before the court is whether or not defendants' voluntary and unilateral decision to move plaintiffs from extended lockdown into Camp D renders plaintiffs' claim for injunctive relief moot.   The Supreme Court teaches that courts should apply the following strict standard when determining whether a case has been mooted by a defendant's voluntary conduct: "a case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.,* at 189, citing *U.S. v. Concentrated Phosphate Export Assn.,* 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968).  The party asserting mootness carries the heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to recur.  *Id., see also Gates v. Cook,* 376 F.3d 323, 337 (5th Cir. 2004).

---

[3] In addition to being under a suspended sentence for a quarters change to Camp J, Wallace was also sentenced to loss of telephone privileges for 24 weeks and loss of canteen privileges for 12 weeks (rec. doc. 260-5, Exhibit D).

For example, the Mississippi Department of Corrections (MDOC) moved to dismiss the inmate-plaintiffs' claims for injunctive relief in *Gates v. Cook*, 376 F.3d 323 (5th Cir. 2004) arguing that it had already met their concerns regarding issues of sanitation, pest control, poor cell lighting, ping-pong toilets, and inadequate mental heath care.  The Fifth Circuit held that although the MDOC claimed that it was already meeting or attempting to meet the required standards, the MDOC had not met its heavy burden of showing that its voluntary conduct had mooted any of the issues in the case because the conditions complained of had persisted for years. *Gates v. Cook*, 376 F.3d 323, 337. A defendant's suggestion that it has already met, intends to met, or is attempting to meet certain standards thus will not moot a request for injunctive relief.  Rather, subsequent events must make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.

Defendants, however, argue that the act of moving plaintiffs from extended lockdown to Camp D eliminates the conditions on which plaintiffs base their original request for injunctive relief; therefore, the controversy is moot, and plaintiffs' request should be dismissed, with prejudice.   It is true that the transfer of a prisoner *out* of an institution often will render his claims for injunctive relief moot; however, plaintiffs were not transferred *out* of LSP in this case. See *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078 (5th Cir. 1991).   The only basis for a finding of mootness in this case is defendants' voluntary transfer of Wallace and Woodfox *within* LSP from extended lockdown to Camp D in March 2008.  "[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. V. Laidlaw Environmental Services, Inc.*,

528 U.S.167, 189 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), citing *City of Mesquite,* 455 U.S. 283, 289, 201 S.Ct. 1070, 71 L.Ed.2d 152 (1982). "[I]f it did, the courts would be compelled to leave '[t]he defendant ... free to return to his old ways.'" *Id.,* at 189,   *citing City of Mesquite,* 455 U.S. at 289, n. 10 (citing *U.S. v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953).

Thus while it is uncontested that Woodfox and Wallace were transferred from extended lockdown into their current maximum security dormitory at Camp D in March 2008,  transfer from one section of LSP to another is not the equivalent of being transferred *out* of an institution - like the plaintiffs in *Oliver* and *Cooper*, supra.  Furthermore, the language of LSP Directive 10.026, provides that the "Warden of Louisiana State Penitentiary may alter or change the eligibility requirements at any time," which gives the Warden the absolute discretion to transfer plaintiffs back to extended lockdown at any time. (rec. doc. 252-4, Exhibit 1).

If defendants were able to moot claims for injunctive relief simply by voluntarily ceasing the prohibited conduct without providing any assurances that the conduct would not be repeated, they would rarely ever be subject to injunction, regardless of the illegality of their conduct.  In cases of ongoing transgressions which are significantly impacted by the duration of the conduct, the defendants could simply momentarily cease the offending conduct, have the injunction dismissed with prejudice, and then resume the prohibited conduct.  The plaintiff, however, would be forced to complain of the resumed conduct not in the context of time or duration, but rather would be relegated to complaining only of conduct which commenced *after* the dismissal.  In other words, the cumulative effect of the offending conduct would be lost in the legal sense, but certainly not as a practical or factual

matter.  In this case, as the defendants are well aware, one of the main issues is the duration of confinement and its cumulative effect.

### Conclusion

Defendants have the unfettered power and discretion  to move plaintiffs from Camp D back into extended lockdown, depending on the plaintiffs' behavior, actual or perceived, the interpretation of LSP Directive 10.026, or any other reason.  Because defendants have the capability of returning plaintiffs to extended lockdown and subjecting them to the same condition about which they originally filed suit, plaintiffs' request for injunctive relief is not moot.  Defendants have not offered any evidence to satisfy their heavy burden of persuading the court that subsequent events make it absolutely clear that the challenged conduct cannot reasonably be expected to recur.

**IT IS RECOMMENDED** that defendants' motion for partial summary judgment dismissing all claims for injunctive relief (rec. doc. 252) be **DENIED**.

Signed in Baton Rouge, Louisiana, on October 15, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ROBERT KING WILKERSON, ALBERT          CIVIL ACTION
WOODFOX, HERMAN WALLACE

                                                    NUMBER 00-304-RET-DLD

VERSUS

RICHARD L. STALDER, ET AL.

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 15, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**