UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT KING WILKERSON, ET AL

VERSUS                                              CIVIL ACTION NO. 00-304-C-M3

RICHARD STALDER, ET AL

**************************************************************************

# STATE DEFENDANTS'[1] MEMORANDUM IN OPPOSITION TO INMATES' MOTION FOR BRIEF STAY OF THE PRETRIAL REPORT

State Defendants oppose Inmates' "Motion for Brief Stay of the Pretrial Report" (the "Motion for Stay") (Rec. Doc. 264) by which Inmates request yet a further delay of the Court's deadline for filing a Pretrial Report.

Inmates' current Motion for Stay does not, in fact, seek a "brief stay" or continuance; rather, Inmates now seek an indefinite and open-ended stay of the Pretrial Report.[2]  Plaintiffs have articulated no colorable basis to justify any further delay (much less an indefinite stay) of a deadline that already has been continued once at Plaintiffs' request.

On April 3, 2008 this Court ordered that the parties submit a Pretrial Order by August 7, 2008.  On July 26, 2008, Plaintiffs filed a Motion for Order Suspending August 7, 2008 Deadline for Filing of Pretrial Report and August 14, 2008 Pretrial Conference (the "July 26th Motion") (Rec. Doc. 255).  State Defendants opposed the July 26th Motion and urged the Court to maintain

---

[1] The State Defendants are James LeBlanc, Secretary, Louisiana Department of Public Safety and Corrections; Burl Cain, Warden, Louisiana State Penitentiary; Richard Peabody, Deputy Warden, LSP; Robert Rachal, former Major; Paul J. Myers, Major; and Tom Norris, former Classification Officer.

[2] Plaintiffs do not propose any delayed deadline or continuance of the deadline for filing the Pretrial Report.  Rather, Inmates now seek a thirty (30) day period in which to "submit a plan with this court proposing any further discovery and whether Plaintiffs will seek leave to amend their complaint."  The Motion to Stay makes no mention whatsoever of rescheduling the Pretrial Report.  Thus, in a lawsuit that has been pending for almost a decade, Plaintiffs propose to virtually start over.

the August 7, 2008 deadline for filing the Pretrial Report. (Rec. Doc. 257) By Order entered July 30, 2008, the Court reset the deadline for the Pretrial Report to November 5, 2008; the Pretrial Conference has not been reset. (Rec. Doc. 259) It is this new deadline that Plaintiffs now seek to upset.

Inmates' latest effort to avoid filing a Pretrial Report claims that the Inmates have, once again, found a need to conduct additional discovery. (Motion for Stay, Rec. Doc. 264, p. 2) This time, Inmates' rely on the alleged "discovery" of "important new information that may significantly affect the Plaintiffs' case." Inmates claim that Warden Burl Cain recently gave deposition testimony (in an entirely separate legal proceeding) in which Inmates allege that Warden Cain:

> directly contradicted his deposition in this suit . . . Plaintiffs request a short period of time to determine what additional discovery may be necessary in light of Warden Cain's most recent deposition.

Warden Cain's recent deposition certainly did <u>not</u> "directly contradict" his earlier deposition. Inmates' allegation is based on their inaccurate and misleading representation that Warden Cain had testified in November, 2006, to the effect that Woodfox could "almost be described as model prisoner." (Motion for Stay, p. 3). Warden Cain gave no such testimony. Rather, in the November, 2006 deposition, Inmates' counsel posed a hypothetical that asked Warden Cain to assume a totally inaccurate and misleading summary of Woodfox's past conduct and then, based on that wholly inaccurate assumption, counsel asked Warden Cain to agree with counsel's characterization of Woodfox as an "almost . . . model prisoner."

The allegation of contradictory testimony, in any event, certainly does not state a basis to relieve Inmates of their obligation to file a Pretrial Order on November 5, 2008. At most, Plaintiffs claim that <u>one</u> of the witnesses who <u>may</u> be called to testify at the trial of this matter

has offered what they contend is contradictory testimony in response to a misleading hypothet on an isolated occasion in a different lawsuit. State Defendants deny that Warden Cain has given inconsistent testimony; however, at most, this alleged inconsistency will provide Inmates a basis to cross-examine Warden Cain at trial – at which time they can, indeed, test the accuracy of his 2006 and 2008 deposition testimony.

Plaintiffs (again) suggest that "completion of the pretrial order should await the resolution of all the defendants outstanding summary judgment motion." (Motion for Stay, p. 7). If State Defendants' Motion for Partial Summary Judgment is granted, even in part, then the issues before the Court can only be dramatically <u>limited</u> – not expanded.[3] If State Defendants' motion is denied, on the other hand, then the issues before the Court will remain exactly what they are today. There is no logic to Plaintiffs' suggestion that the potential elimination of some or all of the claims for injunctive relief will somehow complicate the issues before the Court or necessitate additional discovery. In any event, Inmates <u>did</u> obtain a continuance based on this representation in July and Inmates now have had another three months in which to address the summary judgment issues.

This matter was scheduled for a Pretrial Conference to be held on August 14, 2008. That Pretrial Conference was upset at Plaintiffs' request and has not been rescheduled. Now, without a Pretrial Conference scheduled, Inmates object to even filing a Pretrial Order because they <u>might</u> want to take additional discovery or amend their petition.

Plaintiffs have identified no basis for additional discovery, however, even if there were some conceivable basis to take a further deposition, or even amend the pleadings, this obviously is something that can be addressed in the Pretrial Order and Pretrial Conference. (Indeed, this

---

[3] Inmates acknowledge this in their Motion for Stay, p. 8. "If Defendants' motion for summary judgment is granted, Plaintiffs' Eighth Amendment claim will no longer be part of the case as Plaintiffs have withdrawn the damages component of that claim."

Court's standard proposed Pretrial Order form calls upon the parties to identify any additional pleadings that may be filed and any additional discovery that may be necessary.)  Rec. Doc. 249.  The Pretrial Order in this matter already has been extended on one occasion based on Plaintiffs' false representation that they intended to conduct additional discovery.  The Court should not now grant an indefinite stay based on a renewed representation that Plaintiffs might <u>now</u> – three months later – conduct additional discovery.

Nothing alleged by Plaintiffs to date could possibly justify a further delay of the Pretrial Order.  Whatever motives Plaintiffs have for refusing to proceed towards trial cannot be supported based on the record of this action.

Respectfully submitted:

**JAMES D. "BUDDY" CALDWELL**
Louisiana Attorney General

*/s/ M. Brent Hicks*
M. Brent Hicks, TA, La Bar Roll 23778
Richard A. Curry, La Bar Roll 4671
*McGlinchey Stafford, PLLC*
14th Floor, One American Place
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
*Attorneys for State Defendants*

## CERTIFICATE OF SERVICE

**I CERTIFY** that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to George Kendall, Esq., William Quigley, Esq. and Nicholas Trenticosta, Esq. by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 31st day of October, 2008.

*/s/ M. Brent Hicks*
M. Brent Hicks