UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT KING WILKERSON, ET AL               CIVIL ACTION

VERSUS                                                  NUMBER 00-304-RET-DLD

RICHARD STALDER, ET AL

**ORDER**

Before the court are the motion to amend complaint (rec. doc. 268) and motion for leave to withdraw the December 1, 2008, proposed third amended complaint and refile (rec. doc. 279). Defendants oppose the motion to file the third amended complaint (rec. doc. 284).

**Law and Discussion**

Throughout the course of this litigation, plaintiffs have objected to their continued confinement in extended lockdown without a legitimate penological interest and their continued confinement without meaningful review. Consequently, this litigation, to date, has focused on plaintiffs' Eighth Amendment and Fourteenth Amendment claims. Plaintiffs' proposed third amended complaint asserts new facts that support their Eighth and Fourteenth Amendment claims and that arguably support new claims under the First and Fourteenth Amendments.[1] Although the parties have raised numerous issues in their briefs, the only issue before the court is whether the proposed amendment is appropriate under Fed. R. Civ. P. 15.

Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The language in Rule 15 "evinces a bias in favor of granting leave to amend."

---

[1] The proposed third amended complaint does not significantly alter the claims involving Wilkerson, who was released from state custody in 2001.

*Jones v. Robinson Property Group, L.P.*, 427 F.3d 987 (5th Cir. 2005).  Although leave to amend is not automatic, a district court should posses a "substantial reason" to deny a motion for leave to amend.  *Id.,* at 994.  In determining whether the motion to amend should be granted, the court has the discretion to consider a number of factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Id.* at 994; U.S. *ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384 (5th Cir. 2008).

  Defendants argue that plaintiffs' amendment would cause undue delay and would complicate the proceedings before the court. The proposed third amended complaint is largely based on facts discovered in the October 2008 deposition of Warden Cain and the December 17, 2008, disciplinary reports of Woodfox and Wallace.  Plaintiffs filed their motion for leave to file third amended complaint on December 29, 2008.  Thus, plaintiffs' motion for leave to file third amended complaint is based on newly discovered facts and evidence, and plaintiffs were not dilatory in filing the third amended complaint. See Matter of Southmark Corp., 88 F.3d 311 (5th Cir. 1996). Additionally, plaintiffs' third amended complaint does not seek to add new parties, but rather asserts new claims related to newly discovered, and arguably illegitimate, reasons for their continued confinement in extended lockdown and failure to receive a review.  Although additional limited and focused discovery will be necessary, it will not be unduly burdensome or overcomplicate the claims already before the court.

  Defendants focus the majority of their opposition on their argument that plaintiffs' new claims are futile because they have not been exhausted as required by the Prison Litigation Reform Act; therefore, the amendment should not be allowed.  Plaintiffs argue that the issues raised in the third amended complaint were either exhausted prior to filing

the original complaint[2] or have been exhausted since the motion for leave to file third amended complaint was filed. At the inception of this litigation, the court and the parties recognized that the plaintiffs had properly exhausted some claims. It is unclear from the face of the complaint, the documents attached to the motion for leave to file third amended complaint, and the memorandum in opposition whether plaintiffs have exhausted their administrative remedies with respect to the newly asserted claims - either prior to or since the suit was filed, whether it was necessary for plaintiffs to exhaust their administrative remedies with respect to the new claims asserted, or whether any administrative remedies were available to plaintiffs. Additionally, the determination of whether the plaintiffs have exhausted their claims involves a merits inquiry that the court is unwilling to make at the motion to amend stage. Thus, the court exercises its discretion in granting the motion for leave to file the third amended complaint and will address specific issues of exhaustion at a later date.

With respect to the discovery sought by the plaintiffs, the court is under the impression based on representations made by plaintiffs' counsel during the December 19, 2008, telephone conference that defendants have produced documents that partially satisfied plaintiffs' December 1, 2008, discovery requests. A telephone status conference is scheduled on April 27, 2009, at 2:00 p.m. to discuss any outstanding discovery requests and to schedule new deadlines in this matter.

Finally, defendants withdrew their motion for sanctions; therefore, that issue is no longer before the court. Accordingly,

**IT IS ORDERED** that plaintiffs' motion to withdraw the December 1, 2008, proposed third amended complaint and refile (rec. doc. 279) is **GRANTED,** and the December 1,

---

[2] Plaintiffs argue the third amended complaint raises issues that were previously exhausted, specifically issues surrounding plaintiffs' allegations that they have been placed under conditions tantamount to solitary confinement without legitimate penological justification.

2008, motion to amend complaint (rec. doc. 268) be withdrawn and the third amended complaint attached to the December 29, 2008, be filed in the record;

**IT IS FURTHER ORDERED** that a **telephone status conference** is scheduled for **April 27, 2009, at 2:00 p.m.** to discuss the outstanding discovery issues related to rec. doc. 270 and 272.  Counsel for plaintiffs shall initiate the conference call to chambers at **(225) 389-3602.**

**IT IS FURTHER ORDERED** that the motion to withdraw request for sanctions by Defendants (rec. docs. 275 and 283) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on April 3, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**