UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT KING WILKERSON, ET AL**          **CIVIL ACTION**

**VERSUS**                                **NUMBER 00-304-RET-DLD**

**RICHARD STALDER, ET AL**

### ORDER

This matter is before the court on defendants' motion for leave to take the depositions of Marina Drummer and Community Futures Collective (rec. doc. 329). CFC is a California non-profit organization which provides fiscal sponsorship, infrastructure development, and support for advocacy and service organizations, including the National Coalition to Free the Angola Three, and Marina Drummer is its director. The motion is opposed (rec. doc. 328).

### Background

On November 2, 2009, defendants contacted plaintiffs about scheduling the deposition of Drummer/CFC via video conference (rec. doc. 328-2, Exhibit 1). Plaintiffs responded that they "cannot arrange or consent to her production for a deposition in this case" (Id., Exhibit 2).

On November 5, 2009, defendants nevertheless noticed the video conference deposition of Drummer and CFC for November 17, 2009, at 4:00 p.m. in Oakland, California, and attached a subpoena duces tecum requesting the production of numerous documents in connection with the depositions (Id., Exhibit 3). Many of the requested documents have to do with the funding of the organization, both in terms of who donates funds and who receives funds. There were no areas of inquiry provided for the deposition of CFC (at least not to the court).  On that same date, the United States District Court for the Northern District of California issued subpoenas to Drummer and CFC ordering them to appear for a deposition on November 17, 2009, and to produce certain documents in connection with the depositions. Id.

On November 6, 2009, plaintiffs notified defendants that the subpoenas issued by the Northern District of California to Drummer and CFC were "issued improperly and in contravention of the Federal Rules" because although plaintiffs previously notified defendants that they did not consent to the depositions, defendants failed to obtain leave of court to take more than 10 depositions in this case, as required by Rule 30(a)(2) (Id., Exhibit 4).

On November 10, 2009, the subpoenas were served on Drummer and CFC to appear for their respective depositions on November 17, 2009 (Id., Exhibit 5).

On November 11, 2009, defendants filed this motion, seeking leave to take the depositions of Drummer and CFC.

On November 12, 2009, plaintiffs filed an opposition to the motion.

On November 13, 2009, defendants filed a motion for leave to file a reply memorandum in support of their original motion.

The discovery deadline is November 18, 2009.

**Law and Discussion**

Unless the parties to an action stipulate their agreement, a party must obtain leave of court before it can take more than 10 depositions in a particular case. Fed. R. Civ. P. 30(a)(2). A court, however, may grant leave for either the plaintiffs or defendants to take more than 10 depositions, to the extent that the discovery sought is consistent with Rule 26(b)(2), which governs the frequency and extent of depositions. Rule 26(b)(2)(C) provides as follows:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Defendants were aware on November 4, 2009, that plaintiffs did not consent to the depositions of Drummer and CFC, but proceeded to have the subpoenas for the depositions and production of documents issued by the Northern District of California rather than filing a motion for leave to take the depositions, which should have included the notices and an explanation as to why the depositions were necessary. Defendants instead provide the following belated justification for the depositions: "at no time has either party invoked the ten deposition rule" (rec. doc. 328). Apparently, both sides have agreed to take many depositions in excess of the first ten depositions, which clearly is allowed under the rules as long as the parties agree. Indeed, both sides have agreed to take additional depositions (all in excess of 10) up to and including November 18, 2009, which is the last day of the discovery period.

The parties, however, did not agree to these two depositions. Drummer and CFC are located in California; they are not parties to this case; they are not under the control of plaintiffs' counsel, and they are not listed on either plaintiffs' or defendants' witness lists. These are not newly discovered witnesses. Defendants have been aware of Drummer's and CFC's identity and their association with the National Coalition to Free the Angola Three

since at least January 31, 2008, and only now, during the final days of discovery, do they seek to depose Drummer and CFC. Defendants' motion for leave does not indicate how the depositions of Drummer or CFC or the documents sought from Drummer and CFC are relevant to this case, why it is necessary to depose them at this late date, or even what areas of inquiry are listed, if any, for the corporate deposition.

It is not until defendants filed a reply brief that they argued for the first time that plaintiffs "feel that access to media is a critical issue in this lawsuit," and Drummer's deposition is necessary and relevant to show that plaintiffs had access to the media (rec. doc. 332-2). Plaintiffs' third amended complaint, however, is not written in terms of access to media, but rather plaintiffs contend that they have been continually confined because of their political beliefs and affiliation, which violates their rights under the First Amendment (rec. doc. 289). In fact, plaintiffs' allegations in the third amended complaint suggest that they have been subject to adverse treatment as a result of *what was said* to the media - for "making statements that 'provoke unfavorable public opinion about LSP and the Attorney General', as well as statements that are 'derogatory' to the New Orleans Police Department and District Attorney's Office" (rec. doc. 289). There are no specific allegations in the complaint that they have not been able to access the media. Even more pertinent, plaintiffs have testified that they have had access to Drummer and CFC (the media)[1]; thus while there possibly could be some marginally relevant information to be gained from these

---

[1] Plaintiffs have been under exceedingly close supervision for many years. It is unlikely that plaintiffs have had access to anyone unknown to the prison, whether it be by telephone, correspondence, or personal visit.

non-parties who are not even listed as witnesses in the litigation, the burden of the proposed depositions outweighs the possible benefit, which is speculative at best, at this late date.[2]

Additionally, Drummer and CFC were served with the subpoenas duces tecum only 7 days (4 business days) prior to the date of the deposition on November 17, 2009. Rule 30(b)(1) requires a party who wants to depose a person by oral questions to give reasonable written notice to every other party of the deposition. The determination as to what constitutes "reasonable written notice" is an extremely fact-specific one. In complex cases, other courts have found that providing only 6 to 10 days notice is not reasonable. *In re Stratosphere Corp. Securities Litigation*, 183 F.R.D. 684, 687 (D.Nev. 1999); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D.Ill. 2005).[3]

It is not just the timing with regard to the notice that is a problem. Defendants have gone about this issue backwards. The whole idea of asking leave of the court for taking a deposition where the other party objects is so that the issue can be sorted out in advance with all the necessary information in hand.[4] Many of the issues plaguing this motion perhaps could have been handled more flexibly had defendants asked first and issued the subpoenas second. Issues that defendants failed to address adequately here, such as the relevance of the depositions/documents, what they hoped to obtain and why they anticipated

---

[2] In the event Drummer/CFC is, for some unknown reason, allowed to be listed as either a "may call" or "will call" witness, defendants may of course seek leave to depose at that time.

[3] While the rule regarding reasonable notice relates to notices of deposition, it would be senseless to require reasonable notice to be given to the parties, without requiring that reasonable notice also be given to the non-party deponent. It is not reasonable to serve a non-party deponent with a subpoena for a deposition and production of documents just four business days before the deposition without imposing an undue burden on the deponent, especially considering one of the subpoenas in this case requests a Rule 30(b)(6) deposition. The court is aware that a challenge to whether reasonable notice was provided is one usually left to the parties; however, the court is granted broad discretion in discovery matters, and finds that the reasonable written notice requirement was insufficient as to the notice given to the non-parties.

[4] Defendants insist that they did not understand plaintiffs' statement that they could not "arrange or consent to her production" meant that plaintiffs did not consent to the deposition (i.e., they objected); however, the court found the statement clear enough. At the very least, defendants could have clarified with the plaintiffs any ambiguity they found in the statement before proceeding.

obtaining it from these depositions as opposed to other sources, the necessity and importance to the litigation at this late date, the timing as it relates to the deponents and to the litigation, and the areas of inquiry could have been discussed and perhaps resolved to some extent with more time and information, if such information exists. But there is no more time.

Thus, pursuant to Rule 26(b)(2)(C), defendants' motion for leave to depose Drummer and CFC is denied because defendants have failed to show how the depositions or documents sought are relevant or necessary to the extent that the benefits outweigh the burden, especially since neither party has listed them as witnesses, defendants have been aware of Drummer and CFC for almost two years, defendants have had ample time to schedule these depositions, defendants have failed to provide Drummer and CFC with reasonable written notice of the depositions, the discovery deadline is November 18, 2009, and this case has been pending almost ten years. As a result, the deposition notices issued to Marina Drummer and CFC are stricken.[5]

**IT IS ORDERED** that defendants' motion for leave to take the depositions of Marina Drummer and Community Futures Collective (rec. doc. 328) is **DENIED**, and the deposition notices issued to Marina Drummer and Community Futures Collective are **STRICKEN.**

Signed in Baton Rouge, Louisiana, on November 13, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[5] Given that the court has stricken the notices of deposition, if the defendants do not withdraw the Rule 45 subpoenas duces tecum which were served upon the non-parties, the parties are advised that any issues relating to the subpoenas must be taken up with the court in the Northern District of California.

-6-