UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT KING WILKERSON, ET AL.,<br><br>    Plaintiffs,<br><br>v.<br><br>RICHARD STALDER, ET AL.,<br><br>    Defendants. | CIVIL ACTION<br>NUMBER 00-304-C-M3<br><br>JUDGE BRADY<br><br>MAGISTRATE JUDGE BOURGEOIS<br><br>**Evidentiary Hearing Requested** |

### MEMORANDUM IN SUPPORT OF PLAINTIFF WOODFOX'S
### MOTION FOR PRELIMINARY INJUNCTION

This history of this case is well known to this Court. The Louisiana Department of Public Safety and Corrections has held Plaintiff Albert Woodfox ("Plaintiff Woodfox" or "Mr. Woodfox") in solitary confinement for the past 41 years in violation of his constitutional rights.

In further violation of those rights, Defendants now strip search Plaintiff Woodfox and inspect his anus every time he enters or leaves his cell. These strip searches occur as often as 6 times a day: when Mr. Woodfox goes to a doctor appointment or to have his hair cut, to daily exercise in an individual pen on the yard, to the phone by the guard offices for a phone call with his lawyers, etc.

Defendants strip Mr. Woodfox even though he is shackled in wrist, ankle and waist chains when outside of his cell; is under constant observation or escort; and typically has no contact with individuals other than correctional personnel.

1

## I.  Factual History

Defendants recently resumed regular strip searches of Mr. Woodfox at the David Wade Correctional Center. Defendants force Mr. Woodfox to strip until he is naked and expose himself each time he leaves his cell and each time he returns to it. Defendants force Mr. Woodfox to bend at the waist, lift his genitals, and spread his buttocks so that the officer may inspect his anus. Defendants force Mr. Woodfox to submit to these degrading searches despite him being escorted by prison guards everywhere he goes and is never outside the direct observation of the prison guards.

Defendants force Mr. Woodfox to be stripped regardless of whether he has actually made physical contact with inmates or people from outside the prison. Plaintiff Woodfox must submit to this procedure even when he has only left his cell to exercise in an enclosed pen where he has no contact with other inmates or people from outside the prison. Each time Mr. Woodfox leaves his cell, he is shackled by the waist, hands, and feet, and is always escorted by a correctional officer anywhere he goes.

## II.  Mr. Woodfox Exhausts his Administrative Remedies

Mr. Woodfox exhausted his grievances on Defendants' unlawful strip searching of him. First, he orally informed Defendants' staff that they were violating the law by conducting such wanton strip searches. Defendants refused to cease its practices. Second, Mr. Woodfox pursued a formal administrative grievance, known as a an Administrative Remedy Procedure ("ARP") pursuant to 22 La. ADC, Part I, § 325(E)(1), etc seq. Defendants, up through the final appeal of Mr. Woodfox's ARP, confirm that they will continue to strip search Mr. Woodfox in the manner described above. *See* Exhibit 1: Administrative Remedy.

**III.   Discussion**

    **A.   The Standards for a Preliminary Injunction**

Rule 65 of the Federal Rules of Civil Procedure governs the granting of preliminary injunctions. To obtain a preliminary injunction, a plaintiff must show:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest.

*Planned Parenthood of Houston and Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005).

    **B.   Mr. Woodfox Has a Substantial Likelihood of Success on the Merits**

"An inmate's right to be free from unconstitutional searches arises under the Constitution of the United States." *Schiedel v. Garner,* 2013 U.S. Dist. LEXIS 100130 (W.D. La. Apr. 25, 2013). The Supreme Court has held that the search of an inmate's body cavity must be ***reasonable under all the facts and circumstances*** in which they are performed. As the Court explained:

> the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

*Bell v. Wolfish*, 441 U.S. 520, 559 (1979).   This is the controlling standard in the Fifth Circuit, where inmate claims of unconstitutional strip searches and body cavity searches are evaluated through the lens of Fourth Amendment reasonableness. *See*, *e.g.*, *Moore v. Carwell*, 168 F.3d 234, 237 (5th Cir. 1999) (citing *Elliott v. Lynn*, 38 F.3d 188, 191 n. 3 (5th Cir. 1994); *United States v. Lilly*, 576 F.2d 1240 (5th Cir. 1978)).

3

Analyzed within this constitutional framework, Defendants' strip searches of Mr. Woodfox are unreasonable. Mr. Woodfox is shackled at the hands, waist, and ankles any time he is out of his cell. These shackles are over a prison-issued jumpsuit, which he is not allowed to remove when outside his cell. Mr. Woodfox cannot reach, let alone secret, something into his backside. Moreover, he is under constant watch while outside of his cell and he is not allowed contact with other inmates who could pass him contraband. Thus, there is no one else who could hide any contraband on Mr. Woodfox's person, let alone in or around his genitals.

### C. Mr. Woodfox Will Continue to Suffer Irreparable Injury Without Relief

Defendants' unlawful strip searches of Mr. Woodfox are precisely what the Fifth Circuit has described as searches conducted in a "humiliating and degrading manner." *Elliott v. Lynn*, *supra*. Without relief from this Court, Mr. Woodfox will continue to suffer unjustifiable violations of his bodily integrity with for no rational penological interest.

### D. Defendants will not be Damaged

At most, this injunction will prohibit Defendants from strip searching Mr. Woodfox to and from various isolated locations within the facility, while he is shackled, and while he is escorted and observed at all times. Given the impossibility of Mr. Woodfox secreting contraband into his backside while shackled, Defendants have no reasonable argument for potential harm.

### E. The Public Interest will not be Negatively Effected

The only public interest at issue here is protection of the Fourth Amendment. The public interest will not be negatively effected by an injunction against strip searching one shackled, isolated inmate.

## IV.     Conclusion

For the foregoing reasons, Mr. Woodfox requests this Court to issue preliminary injunction prohibiting Defendants from the strip searches at issue here.

October 1, 2013                                              Respectfully submitted,


By: *s/ Katherine Kimpel*
Katherine M. Kimpel
Sheridan L. England
SANFORD HEISLER, LLP
1666 Connecticut Ave. NW
Suite 300
Washington, DC 20009
202.499.5202

George H. Kendall
Carine Williams
Victor Genecin
SQUIRE SANDERS (US), LLP
30 Rockefeller Plaza
New York, NY 10112
212.892.9800

Nicholas J. Trenticosta
LSBA Roll No. 18475
7100 St. Charles Avenue
New Orleans, LA 70118
504.864.0700

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served on October 1, 2013 by tendering same through ECF, electronic e-mail, on all counsel of record, namely:

>M. Brent Hicks, Esq.
>Richard A. Curry, Esq.
>MCGLINCHEY STAFFORD, PLLC
>One American Place, 14th Floor
>Baton Rouge, LA 70825

>By: *s/ Katherine Kimpel*
>Katherine M. Kimpel
>Sheridan L. England
>SANFORD HEISLER, LLP
>1666 Connecticut Ave. NW
>Suite 300
>Washington, DC 20009