# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**ROBERT KING WILKERSON, ET AL**      **CIVIL ACTION**

**VERSUS**                             **NO. 00-304-JJB-RLB**

**RICHARD STALDER, ET AL**             **JURY DEMAND**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER TO FOURTH AMENDED COMPLAINT

**NOW INTO COURT**, come defendants, James LeBlanc, Secretary, Louisiana Department of Public Safety and Corrections; Burl Cain, Richard Peabody, Robert Rachal, Randy Ritchie, and Tom Norris (collectively "LSP Defendants"), who answer the allegations of the Fourth Amended Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The Fourth Amended Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 or Louisiana law. The factual allegations do not support a finding of cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution or Article I, Section 20 of the Louisiana Constitution of 1974; the factual allegations do not support a finding of violation of due process of law guaranteed by the Fourteenth Amendment of the United States Constitution or Article I, Section 2 of the Louisiana Constitution of 1974; and the factual allegations do not support a finding of violations of the First and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the Louisiana Constitution of 1974.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a) with respect to all claims asserted in the Fourth Amended Complaint except with respect to those claims alleging violations of plaintiffs' right to due process of law

444669.3

under the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Louisiana Constitution of 1974, to the extent those claims were asserted in the Fourth Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Fourth Amended Complaint are barred by *res judicata* and collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims for damages are barred by qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs did not have a liberty interest under the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Louisiana Constitution of 1974 in their classification as maximum custody pursuant to the Louisiana Department of Public Safety and Corrections regulation.

### SIXTH AFFIRMATIVE DEFENSE

Any and all claims arising prior to March 30, 1999 are prescribed.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief fail to state a claim for which relief can be granted pursuant to 18 U.S.C. § 3826 and LSA-R.S. 15:1182.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are barred under 18 U.S.C. § 3626(a), 42 U.S.C. § 1997e, and LSA-R.S. 15:1182.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for mental or emotional injury are barred by 42 U.S.C. § 1997e and LSA-R.S. 15:1184(E).

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for attorney's fees are barred by 42 U.S.C. § 1997e and LSA-R.S. 15:1185.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a cause of action against any of the LSP Defendants based on vicarious liability.

## TWELFTH AFFIRMATIVE DEFENSE

Albert Woodfox cannot be safely or appropriately released from current restricted housing at this time.

## THIRTEENTH AFFIRMATIVE DEFENSE

Herman Wallace is deceased, and a suggestion of death upon the record was filed on October 15, 2013. The claims asserted herein by him should be dismissed as moot.

## FOURTEENTH AFFIRMATIVE DEFENSE

Herman Wallace could not have been safely or appropriately released from restricted housing at an earlier date because he had been convicted of the 1972 murder of Brent Miller. Wallace also engaged in improper and prohibited contacts with other offenders and the public to be proven at trial.

## FIFTEENTH AFFIRMATIVE DEFENSE

All claims for injunctive relief against LSP Defendants are moot.

---

The LSP Defendants deny each and every allegation of the Fourth Amended Complaint except as specifically admitted below.

Further responding to the numbered paragraphs of the Fourth Amended Complaint, the LSP Defendants state:

444669.3

1.

The LSP Defendants admit that supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367. The remaining allegations do not require an answer from the LSP Defendants; however, out of an abundance of caution, the remaining allegations within paragraph 1 are denied.

2.

The allegations contained in paragraph 2 are admitted.

3.

The LSP Defendants admit that Robert King Wilkerson was incarcerated at LSP until his release in February 2001. The remaining allegations are denied. Further answering, Robert King Wilkerson was released from LSP after his conviction was amended to conspiracy to commit second degree murder and his sentence was reduced to time served.

4.

The allegations contained in paragraph 4 are admitted.

5.

The LSP Defendants admit that Herman Wallace was transferred to Elayn Hunt Correctional Center in March 2009 and remained there until his death in 2013. All other allegations contained within paragraph 5 are denied.

6.

The LSP Defendants admit that Richard Stalder was the Secretary of the Louisiana Department of Public Safety and Corrections in the past, and, at that time, and in that capacity he at one time had general responsibility for the overall operation of the Department, as defined by

LSA-R.S. 36:403 and LSA-R.S. 36:404. All other allegations contained within paragraph 6 are denied.

7.

The LSP Defendants admit that James M. LeBlanc is the Secretary for the Louisiana Department of Public Safety and Corrections as defined by LSA-R.S. 36:403 and LSA-R.S. 36:404. All other allegations contained within paragraph 7 are denied.

8.

The LSP Defendants admit that Burl Cain is the Warden of Louisiana State Penitentiary ("LSP") and is a Regional Warden with limited and general oversight over Elayn Hunt Correctional Center. All other allegations contained within paragraph 8 are denied.

9.

The LSP Defendants admit that Richard Peabody is Deputy Warden of Programs at LSP. All other allegations contained within paragraph 9 are denied.

10.

The LSP Defendants admit that Robert Rachal was a Major at LSP and further admit that Robert Rachal served on the Lockdown Review Board from October 28, 1998 until April 11, 2000. Further answering, Robert Rachal was transferred from LSP to Swanson Correctional Center for Youth-Madison Parish on April 11, 2000 and has not been employed by LSP since that time. All other allegations contained within paragraph 10 are denied.

11.

The LSP Defendants admit that Randy Ritchie was a Classification Officer at LSP and served on the Lockdown Review Board until his employment terminated on September 20, 2000

and has not been employed by LSP since that time. All other allegations contained within paragraph 11 are denied.

12.

The LSP Defendants admit that Sam Smith was an Assistant Warden at LSP and had at times served on the Lockdown Review Board. He is now deceased. All other allegations contained within paragraph 12 are denied.

13.

The LSP Defendants admit that Paul J. Myers was a Major at LSP and had at times served on the Lockdown Review Board. He is now deceased. All of the other allegations contained within paragraph 13 are denied.

14.

The LSP Defendants admit that Tom Norris was a Classification Officer at LSP and served on the Lockdown Review Board at certain times. He has not been employed at LSP for some time. All other allegations contained within paragraph 14 are denied.

15.

The LSP Defendants admit that Jerry Goodwin is Warden at David Wade Correctional Center. All other allegations within paragraph 15 are denied.

16.

The LSP Defendants admit that James Arnold is Assistant Warden over security at David Wade Correctional Center. All other allegations within paragraph 16 are denied.

17.

The LSP Defendants admit that Lonnie Nail is a Colonel at David Wade Correctional Center. All other allegations within paragraph 17 are denied.

18.

The LSP Defendants admit that Chris Evans is a Colonel at David Wade Correctional Center. All other allegations within paragraph 18 are denied.

19.

The LSP Defendants admit that Mark Hunter is a Classification Officer at David Wade Correctional Center. All other allegations within paragraph 19 are denied.

20.

The LSP Defendants admit that Howard Prince is Warden at Elayn Hunt Correctional Center. All other allegations within paragraph 20 are denied.

21.

The LSP Defendants admit that Greg McKey is Assistant Warden over security at Elayn Hunt Correctional Center. All other allegations within paragraph 21 are denied.

22.

The LSP Defendants admit that Betty Johnson is a Colonel at Elayn Hunt Correctional Center. All other allegations within paragraph 22 are denied.

23.

The LSP Defendants admit that Kevin Durbin is a Master Sergeant at Elayn Hunt Correctional Center. All other allegations within paragraph 23 are denied.

24.

The LSP Defendants admit that Jeffrey Gladney was a Classification Officer at Elayn Hunt Correctional Center until his resignation and has not been employed at Elayn Hunt Correctional Center since that time. All other allegations within paragraph 24 are denied.

25.

The LSP Defendants admit that Woodfox and Wilkerson have been housed in Closed Cell Restricted ("CCR) housing for approximately the time period alleged in paragraph 25. The LSP Defendants admit that Wallace was housed in CCR housing until June of 2013 either at Louisiana State Penitentiary or Elayn Hunt Correctional Center, until he was housed in the medical ward at Elayn Hunt Correctional Center until he was released in October of 2013. The LSP Defendants also admit that Wallace and Woodfox were housed in a maximum security dorm from March 2008 until November 13, 2008. All other allegations contained within paragraph 25 are denied as written.

26.

The allegations contained in paragraph 26 are denied as written. LSP does not have a dungeon.

27.

The allegations contained within paragraph 27 are denied. LSP does not have solitary confinement.

28.

The allegations contained within paragraph 28 are denied as written.

29.

The allegations contained within paragraph 29 are denied, as written.

30.

The allegations contained within paragraph 30 are denied, as written. The LSP Defendants admit that review boards have reviewed confinement of Wallace and Woodfox in

444669.3

CCR at ninety (90) day intervals and that decisions to continue their confinement in CCR during this period were based on the reason for their original placement, *i.e.*, their conviction of the murder of correctional officer Brent Miller.

31.

The allegations contained within paragraph 31 are admitted.

32.

The allegations contained within paragraph 32 are denied.

33.

The allegations contained within paragraph 33 are denied.

34.

The allegations contained within paragraph 34 are denied.

35.

The allegations contained within paragraph 35 are denied. Further answering, Woodfox's current housing assignment is appropriate and justified based upon his conviction for the murder of correctional officer Brent Miller.

36.

The allegations contained within paragraph 36 are denied.

37.

The allegations contained within paragraph 37 are denied. Further answering, the deposition transcript is the best evidence of its contents.

38.

The allegations contained within paragraph 38 are denied.

39.

The allegations contained within paragraph 39 are denied.

40.

The allegations contained within paragraph 40 are denied.

41.

The allegations contained within paragraph 41 are denied.

42.

The allegations contained within paragraph 42 are denied.

43.

The allegations contained within paragraph 43 are denied.

44.

The allegations contained within paragraph 44 are denied.  Further answering, Wallace's former and Woodfox's current housing assignments are appropriate.

45.

The allegations contained within paragraph 45 are denied.

46.

The allegations contained within paragraph 46 are denied, as written.  Further answering, Wallace's former and Woodfox's current housing assignments are appropriate.

47.

The allegations contained within paragraph 47 are denied.

48.

The allegations contained within paragraph 48 are denied.  Further answering, Wallace's former and Woodfox's current housing assignments are appropriate.

444669.3

49.

The allegations contained within paragraph 49 are denied. Further answering, Wallace's former and Woodfox's current housing assignments are appropriate.

50.

The allegations contained within paragraph 50 are denied. Further answering, Wallace's former and Woodfox's current housing assignments are appropriate.

51.

The allegations contained within paragraph 51 are denied. Further answering, Wallace's former and Woodfox's current housing assignments are appropriate.

52.

The allegations contained within paragraph 52 are denied.

53.

LSP Defendants demand trial by jury.

**WHEREFORE**, the LSP Defendants pray that the plaintiffs' Fourth Amended Complaint be dismissed, with prejudice, at plaintiffs' cost.

    Respectfully submitted:

    **JAMES D. "BUDDY" CALDWELL**
    Louisiana Attorney General

    */s/Richard A. Curry*
    M. Brent Hicks, TA, La Bar Roll 23778
    Richard A. Curry, La Bar Roll 4671
    *McGlinchey Stafford, PLLC*
    14th Floor, One American Place
    Baton Rouge, Louisiana 70825
    Telephone: (225) 383-9000

    *Attorneys for LSP Defendants*

## CERTIFICATE OF SERVICE

**I CERTIFY** that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to George Kendall, Esq., William Quigley, Esq. and Nicholas Trenticosta, Esq. by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 30th day of October, 2013.

> */s/Richard A. Curry*
> Richard A. Curry

444669.3