UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT KING WILKERSON, ET AL.                          CIVIL ACTION

VERSUS                                                  NO. 00-304-JJB

RICHARD STALDER, ET AL.

### RULING ON MOTIONS TO SUBSTITUTE
### PLAINTIFF HERMAN WALLACE

There are two motions pending before the Court in the wake of Plaintiff Herman Wallace's death.  The first is a Motion to Substitute Plaintiff Herman Wallace (doc. 517) filed by Plaintiffs.  Defendants filed an opposition (doc. 523), and Plaintiffs filed a reply (doc 526).  The second is a Motion to Substitute Party (doc. 546) brought by Mr. Wallace's siblings ("Siblings").[1]  Plaintiffs have filed an opposition (doc. 549) to which the Siblings have filed a reply (doc. 552).  Oral argument is unnecessary.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Plaintiffs' motion is DENIED and the Siblings' motion is GRANTED.

### BACKGROUND

Plaintiff Herman Wallace passed away on October 4, 2013, well after the commencement of the instant action.  Initially, Plaintiffs represented to the Court, in error, that Mr. Wallace died testate, naming Maria Hinds as executor and sole beneficiary in his will.  However, since then, Plaintiffs have corrected this error.  They now represent that Mr. Wallace's last will and testament names Marina Drummer as the executrix (doc. 549).  Plaintiffs now argue that Ms. Drummer is the proper substitute party.  Defendants allege, upon information and belief, that Mr.

---

[1] The following Siblings are listed in the motion: Victory Wallace, Barbara Wallace Marshall, Lorraina Wallace Anderson, and Justina Wallace Williams.

1

Wallace is survived by several brothers and sisters. That allegation is now supported by the motion filed by the Siblings asserting their right to be substituted as a plaintiff party.

On October 15, 2013, Defendants filed a Notice of Suggestion of Death (doc. 507). Plaintiffs seek to substitute Marina Drummer as party plaintiff, in place of Herman Wallace, arguing that the substitution of Ms. Drummer is appropriate because she is the sole successor and executor to Herman Wallace. In the event that the Court finds substitution of Ms. Drummer inappropriate, Plaintiffs contend that discovery should not be stayed pending a proper substitution.[2] Defendants oppose this substitution, claiming Mr. Wallace's siblings are prioritized over the executrix, now Marina Drummer, as the proper party. For support, Defendants rely upon the hierarchy of designated beneficiaries under La. C.C. art. 2315.1. Siblings seek to substitute themselves, also relying upon the art. 2315.1 statutory hierarchy. In response, Plaintiffs aver that the limitations provided under art. 2315.1 pertain only to instances when an action has not yet been instituted.

## DISCUSSION

The Court must determine, pursuant to the Federal Rules of Civil Procedure and the applicable substantive provisions of Louisiana successions law, whether the proper party to proceed with a survival action that has already been instituted may include the succession representative, as the sole successor and executor, to the exclusion of non-inheriting surviving siblings. The Court must make this determination pursuant to procedural mechanism found in Rule 25(a)(1) of the Federal Rules of Civil Procedure and in light of the substantive inheritance laws of the State of Louisiana. *See Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971); *see also* 6 MOORE'S FEDERAL PRACTICE § 25.12[3] (3d ed. 2010) ("Whether a person is a proper

---

[2] The current stay on discovery (doc. 533) will be addressed in the Court's forthcoming ruling on the Hunt/Wade Defendants' Motion for Partial Summary Judgment (doc. 527).

party is…a substantive rather than procedural question and is determined according to state law.").

The Louisiana Code of Civil Procedure Article 801 defines the legal successor of an action that has already been instituted as:

> (1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
> (2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

La. C.C.P. art. 801. The provisions of Article 2315.1 establish a hierarchy of beneficiaries which includes the surviving brothers and sisters of the deceased. La. C.C.P. art. 2315.1. Additionally, Article 2315.1 provides that if no listed beneficiary exists, then the deceased's succession representative may be a substituted party. *Id.*

Louisiana state courts have found that "[t]here is a significant difference between inheriting an instituted action and inheriting the right to institute an action." *Guidy v. Theriot*, 377 So. 2d 319, 324 (La. 1979). Using this logic, the court in *Guidry* held that once an action had been instituted, the prescriptive period of Article 2315 no longer applied but rather the nonabatement and substitution provisions of other articles, including Article 801, controlled. *Id.* at 325. In *Nathan v. Touro Infirmary*, 512 So. 2d 352, 355 (La. 1987), the Louisiana Supreme Court extended its holding in *Guidry* finding "if the C.C. art. 2135 prescriptive period no longer applies once the suit has been instituted, neither does the limitations of beneficiaries." The Plaintiffs rely upon this language to argue that Marina Drummer, and not Wallace's siblings, is the proper party. However, they have relied upon this language in error. *See* Jason R. Johanson, *Common Law "Intervention": The Rights of Successors and the Uneasy History of Louisiana's Survival Action*, 77 TUL. L. REV. 737, 753 (2003) ("To give effect to the dicta in *Nathan*…would

3

be to overrule a long history of jurisprudential strict construction of article 2315.1 and its listed beneficiaries…Strictly construed, article 2315.1, in the presence of a specifically listed beneficiary, excludes the succession representative from the maintenance of…the survival action."); *see also id.* at 753 (explaining that "the survival action itself, even though a property right, is explicitly carved out from succession law by legislative mandate.").³

In *Nathan*, the court specifically addressed the question of "whether a succession representative as plaintiff may continue a C.C. art. 2315 personal injury suit brought by a victim who died *without surviving beneficiaries designated in C.C. art. 2315*." 512 So.2d at 353 (emphasis added). The court did not hold that a succession representative may be substituted when Article 2315 beneficiaries exist. In fact, the concurrence made it clear that the legal successor could only be substituted in this case because there were no statutory beneficiaries. A lower court opinion is particularly instructive on this point.

In *Carl v. Naquin*, 637 So.2d 736 (La. Ct. App. 1 1994), the court was called upon to determine whether a universal legatee was the proper plaintiff when the deceased had a surviving brother. Finding that the applicable statutes and the state supreme court's decision in *Nathan* were clear and unambiguous, the court held that the surviving brother was the only proper plaintiff as a matter of law. *Id.* at 738; *see also Rainey v. Entergy Gulf States, Inc.*, 885 So.2d 1193, 1203-04, (La. Ct. App. 1 2004) (finding that the testator and particular legatee is not a

---

³ Plaintiffs also argue that L.C.C. art. 685 applies to the present situation. It does not. As the issue presently before the Court concerns the substitution of parties, Art. 801 is the governing state provision. However, even if an argument could be made that art. 685 applies, the matter before the Court would implicate the art. 685 exception. Art. 685 states that, "the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or his succession, while the latter is under administration." This rule applies "[e]xcept as otherwise provided by law." *Id.* The official commentary to art. 658 states that art. 2315.1 is such an exception. *Id.* As the official commentary explains, "The general rule vesting the authority to file suit on behalf of the decedent in his succession representative does not apply to a suit to recover personal injury damages caused by an offense because that right of action 'does not pass through the victim's succession to be transmitted to his heirs as an inheritance.'" (quoting *Haas v. baton Rouge General Hospital*, 364 So. 2d 944, 945 (La. 1978)). December 17, 2013.

proper plaintiff party when the deceased had surviving children); *Dufrene v. Avondale Indus.*, 795 So.2d 456, 459 (La. Ct. App. 4 2001) (holding that a grandchild is not a proper party plaintiff when there are other Article 2315.1 beneficiaries). In making its decision, the court pointed to the *Nathan* concurrence which "stated succinctly" that the "'legal successor' [] could be substituted as party plaintiff because there were no La. Civ. Code. art. 2315 survivors." *Id.*

The decision required by Louisiana jurisprudence is clear. Since Mr. Wallace is survived by brothers and sisters, they are to be given first preference as "legal successor" pursuant to C.C.P. arts. 801 and 2315.1 and are thus the proper party plaintiffs.

Finally, out of an abundance of caution, the Plaintiffs request that Marina Drummer be permitted to intervene in the litigation. However, Rule 24 of the Federal Rules of Civil Procedure requires that a motion be filed for the court's consideration. Therefore, the Court will not address this issue until the Plaintiffs have filed a proper motion. While Plaintiffs may obviously address this issue as they see fit in their brief, the Court is particularly interested in any reasons why the Siblings, or any other existing party, cannot or will not "adequately represent" Ms. Drummer's interest in the litigation. FED. R. CIV. P. 24(a)(2).

## Conclusion

Accordingly, Plaintiff's Motion to Substitute Plaintiff Herman Wallace (doc. 517) is DENIED and the Siblings Motion to Substitute (doc. 546) is GRANTED.

Plaintiffs may file a motion to intervene. Oppositions must be filed within 15 days of the filing of Plaintiffs' brief.

Signed in Baton Rouge, Louisiana, on December 16, 2013.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**