UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT KING WILKERSON, ET AL

VERSUS

RICHARD STALDER, ET AL

CIVIL ACTION

NO. 00-304-JJB

## RULING AND ORDER

This matter is before the Court on a Motion for Stay of Proceedings Pending Hunt/Wade Defendants'[1] Interlocutory Appeal on Qualified Immunity (doc. 557). The Plaintiffs have filed an opposition (doc. 560), to which the Hunt/Wade Defendants have replied (doc. 565). Oral argument is unnecessary. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Hunt/Wade Defendants' motion is GRANTED.

The Hunt/Wade Defendants filed a Motion for Partial Summary Judgment Dismissing All Damages Claims on the basis of qualified immunity. (Doc. 527). Upon the Hunt/Wade Defendants' request, the Court stayed discovery pending its determination on the issue of qualified immunity. (Doc. 533). Ultimately, the Court denied the Hunt/Wade Defendants' motion for summary judgment and lifted the stay on discovery. (Doc. 553). Soon thereafter, the Hunt/Wade Defendants filed a notice of appeal (doc. 556) and the present motion for a stay of proceedings. (Doc. 557).

The law on this issue is clear: a notice of appeal divests the district court of jurisdiction with respect to any matters involved in the appeal. *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007) (citing *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981)). That said, the Court is still invested with jurisdiction over the case, and may allow discovery that is unrelated to the

---

[1] The Hunt/Wade Defendants are: Howard Prince, Greg McKey, Betty Johnson, Kevin Durbin, and Jeffrey Gladney (the "Hunt Defendants") and Jerry Goodwin, James Arnold, Lonnie Nail, Chris Evans, and Mark Hunter (the "Wade Defendants").

1

issue on appeal to continue. *Id.* Here, the Hunt/Wade Defendants' appeal regarding the issue of qualified immunity concerns all of the Plaintiffs' claims for damages. While the Plaintiffs contend that discovery concerning the injunctive relief element of these claims may continue, the Court finds that allowing such discovery would render the stay meaningless. Moreover, the Plaintiffs neither cite case law to support this contention nor does the law that the Court reviewed make such a distinction. *See Alice L.*, 492 F.3d at 565. Therefore, all discovery related to claims that touch and concern the issue of qualified immunity is stayed.

As a final point, Plaintiffs suggest new deadlines for discovery and raise the possibility of bifurcating the trial into a bench trial on the merits and a jury trial on the issue of damages. While the Court is keenly aware of the Plaintiffs' desire to maintain the June 2, 2014 court date, and is sympathetic to that desire, the litigation process must take its due course. That said, the Court declines to consider the suggested new deadlines. Furthermore, the Court is not inclined to bifurcate the trial at this time.

Accordingly, the Hunt/Wade Defendants' Motion for Stay of the Proceedings (doc. 557) is GRANTED.

Signed in Baton Rouge, Louisiana, on January 31, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**