

**Sanford Heisler Kimpel, LLP**
1666 Connecticut Avenue, NW Suite 300
Washington, D.C. 20009
Telephone: (202) 499-5200
Fax: (202) 499-5199
www.sanfordheisler.com

*Katherine Kimpel*, DC Managing Partner
(202) 499-5202
kkimpel@sanfordheisler.com

Washington D.C. | New York | San Francisco

February 2, 2015

**VIA ECF**
The Honorable James J. Brady
United States District Court
Middle District of Louisiana

RE:     *Wilkerson, et al. v. Stalder, et al*, **3:00-cv-00304-JJB-RLB**

Dear Judge Brady:

Plaintiffs write regarding two matters. First, Plaintiffs seek your Honor's time-sensitive guidance as to a persisting dispute over court-ordered joint attorney-client legal visits and request a telephonic conference on the issue as soon as practical. Second, Plaintiffs propose two related agenda items for the upcoming status conference, currently scheduled for 2 p.m. on February 10, 2015: lifting the stay on discovery currently in place and scheduling the remainder of discovery and briefings in advance of trial.

**Joint Attorney-Client Legal Visits**

Recently, Plaintiffs asked the State to facilitate a joint attorney-client legal visit on February 11, one day after the scheduled status conference, so that counsel may provide clients with updates regarding case developments and strategize accordingly. Plaintiffs' request was made pursuant to the Court's July 2013 Order that the State facilitate joint attorney-client legal visits as requested by Counsel. *See* Dkt. 476.

Because travel to Homer, Louisiana is not feasible for counsel and Robert King, Plaintiffs requested that Mr. Woodfox be made available at the prison closest to Baton Rouge, Hunt Correctional Center. Notwithstanding the Court's previous order, Defendants now refuse to transport Mr. Woodfox to Hunt, insisting that any joint legal visit on February 11 either take place at Wade or happen telephonically. Defendants argue that Plaintiffs' request for a legal visit at Hunt is unreasonable (a) due to costs, and (b) because they already accommodated a joint legal visit at Hunt in January.

Neither ground for refusing to comply with the Court's July 16, 2013 Order is supportable, particularly in light of the history of prior disputes over joint attorney-client legal visits. That history can be traced back to 2007, when after initially opposing Plaintiffs' request, Defendants agreed to provide Plaintiffs with in-person, joint meetings with counsel. *See* Dkt. 244

Honorable Judge Brady
February 2, 2015
Page 2

(dismissing as moot Plaintiffs' motion for joint legal visits because Defendants had agreed to facilitate such visits whenever Plaintiffs' counsel "represent that such visits are important for us to discuss strategic matters related to this litigation with our clients.")  In 2013, Defendants again resisted providing this access to counsel, arguing that, because two of the Plaintiffs had been moved to different prisons, inmate transport would be too costly.  This Court considered and rejected this argument, ordering Defendants to facilitate joint attorney-client legal visits "as requested by Counsel."  Dkt. 476.

As this Court already recognized in so ruling, the Louisiana Department of Corrections transports prisoners routinely, and in-person legal visits are vital for meaningful access to counsel.  Moreover, Defendants created the need to transport when they chose to transfer Mr. Woodfox to a prison 246 miles away from Baton Rouge, well aware of the litigation pending there.  *See also* Dkt. 472, Exhibit B (Cain 10-22-09 Deposition, at 69:14-18, wherein Warden Burl Cain asserts that it "would have been wrong" to move decedent and then-Plaintiff Mr. Herman Wallace to Wade Correctional Center because the geographic isolation would impede access to counsel by making it "too hard for the attorneys to talk to him.")

Moreover, in 2013, the Parties and the Court contemplated that such visits may happen as often as once a month.  *See*, *e.g.*, Dkt. 474 at 1 (Defendants acknowledging that Plaintiffs had requested "that they be transported monthly for 'in person' joint legal visits").  Plaintiffs' Counsel have been exceedingly careful to request joint legal visits only when strictly necessary. In fact, in the 17 months between July 2013 and January 2015, only five such visits have taken place.  Now that the Fifth Circuit has affirmed this Court's ruling on qualified immunity,[1] Plaintiffs anticipate a need to hold joint attorney-client legal meetings regularly between now and trial.  Therefore, Plaintiffs request that this Court again affirm its Order that Defendants make Mr. Woodfox available for joint legal visits as requested by Counsel.

To coordinate travel plans, Plaintiffs respectfully request that the Court take up this issue telephonically this week if possible so that all Parties can plan accordingly.

## Agenda for Status Conference of February 12

Plaintiffs propose that the Parties and the Court take up two related issues during the February 10 status conference.

First, the existing stay in this matter should be lifted.  On January 31, 2014, this Court granted Defendants' motion for a stay of discovery pending interlocutory appeal of the qualified immunity question.  Dkt. 568.  Since that appeal is now resolved, at the upcoming status conference Plaintiffs intend to make an oral motion to vacate the stay.  Based upon the Parties efforts to meet and confer on a reasonable schedule, Plaintiffs do not anticipate that the State will oppose that oral motion.

Second, because this case has now been pending for almost fifteen years, Plaintiffs seek to move forward to trial as expediently as possible. Plaintiffs propose herein a schedule that tracks in

---

[1] *See Wilkerson v. Goodwin*, No. 13-31289 (5th Cir. Dec. 17, 2014).

Honorable Judge Brady
February 2, 2015
Page 3

many respects the schedule this Court previously ordered, *see* Dkt. 469, but accelerates those deadlines where possible in order to facilitate a trial prior to the commencement of holiday season:

1. Plaintiffs will produce a current list of witnesses and exhibits (albeit not a final list) no later than **Friday, February 20, 2015**, and Defendants will produce a current list of witnesses and exhibits (albeit not a final list) no later than **Friday, March 6, 2015**.

2. All written discovery requests shall be propounded no later than **Friday, March 13, 2015**, and all written discovery responses shall be exchanged no later than **Friday, April 3, 2015**.

3. All fact depositions by both Plaintiffs and Defendants (not to be limited in number) shall be completed by **Friday, May 8, 2015.**

4. Plaintiffs shall provide to Defendants copies of any additional Plaintiff expert reports no later than **Friday, May 29, 2015.**

5. Defendants shall provide to Plaintiffs copies of any additional Defendant expert reports no later than **Friday, June 19, 2015.**

6. All additional expert depositions shall be completed by **Friday, July 24, 2015.**

7. All dispositive motions shall be filed no later than **Friday, August 14, 2015**; all oppositions to such motions shall be filed no later than **Friday, August 21, 2015**; all replies shall be filed no later than **Friday, August 28, 2015.**

8. The Parties shall meet and confer and file a Joint Pre-trial Order, including final witness and exhibit lists and objections to the same, no later than **Friday, October 2, 2015.**

9. The Parties shall file any motions *in limine* no later than **Friday, October 9, 2015;** all oppositions to such motions shall be filed no later than **Friday, October 16, 2015.**

10. The Parties shall appear before the Court for a Final Pre-trial Conference on **Friday, October 30, 2015**, in advance of the commencement of trial on **Monday, November 9, 2015.**

Plaintiffs met and conferred with Defendants on January 29, 2015, and Defendants did not voice an objection to the proposed dates. Defendants described the schedule as "aggressive" but also noted that it was "entirely doable," depending on how expediently discovery disputes are resolved. Plaintiffs' Counsel is willing to do what it takes to make this schedule work and look forward to addressing all scheduling concerns or questions during the February 10 status conference, so that a scheduling order may be entered thereafter.

We thank you in advance for your consideration and time.

Honorable Judge Brady
February 2, 2015
Page 4

Respectfully submitted,

*s/ Katherine Kimpel*

Katherine Kimpel
Sanford Heisler Kimpel, LLP

CC: All Counsel of Record (via ECF)