

ATTORNEYS AT LAW

CALIFORNIA   FLORIDA   LOUISIANA   MISSISSIPPI   NEW YORK   OHIO   TEXAS

**RICHARD A. CURRY**
Telephone (225) 382-3618
Direct Fax (225) 612-6959
General Fax (225) 343-3076
rcurry@mcglinchey.com

February 3, 2015

The Honorable James J. Brady
Judge, United States District Court
Middle District of Louisiana
777 Florida St., Suite 369
Baton Rouge, Louisiana 70801

      Re:    *Wilkerson, et al v. Stalder, et al*; Civil Action No. 00-304-C-M3
              United States District Court, Middle District of Louisiana
              **Response to Kimpel letter (Doc. 607)**
              **February 10, 2015 Status Conference**

Dear Judge Brady:

      Plaintiffs' attorneys submitted a letter to the Court late yesterday (Doc. 607). James LeBlanc, Burl Cain, Richard Peabody, Robert Rachal, Randy Ritchie, and Tom Norris (the "LSP Defendants"), object to the Plaintiffs' request for an order requiring the State to transport Woodfox to Hunt Correctional Center to facilitate another legal visit with his attorneys on February 11, 2015.

      In 2013, while Herman Wallace was still residing at Hunt, the Court ordered the State to bring Woodfox to Hunt from Wade in order to accommodate a joint legal meeting among Wallace, Woodfox and their attorneys. The State did transport Woodfox for that meeting, and, in fact, the State has brought Woodfox down to Hunt from Wade at the request of Woodfox's attorneys on several occasions since then – even after Wallace passed away. The State continued to honor these requests as an accommodation to Woodfox's attorneys.

      On January 12, 2015, one of Woodfox's New York attorneys, Carine Williams, asked the State to bring Woodfox from Wade to Hunt for another "joint visit" on January 29. Although there was no longer any rationale for a "joint visit" to be held at Hunt (because Wallace is no longer at Hunt), the state nevertheless agreed to bring Woodfox to Hunt yet again as a courtesy to his New York attorneys (Squire Sanders). That meeting also included King Wilkerson (who

530393.2
301 Main Street, Fourteenth Floor • Baton Rouge, LA 70801 • (225) 383-9000 • Fax (225) 343-3076 • www.mcglinchey.com

McGlinchey Stafford PLLC in Florida, Louisiana, Mississippi, New York, Ohio and Texas.
McGlinchey Stafford LLP in California.

February 3, 2015
Page 2

now lives in Austin). None of the participants in the January 29 meeting reside in South Louisiana.

The only basis for the State to agree to facilitate the meeting at Hunt last week was for the convenience of Woodfox's attorneys. These out of state participants did not offer an explanation as to why it was significantly easier for them to travel to Hunt, in St. Gabriel, Louisiana rather than to Wade, in Homer, Louisiana, and the State did not require such a showing. The State just agreed based on counsel's request.

Then, on January 20, 2015, shortly after the State had just arranged for the January 29 visit with Woodfox's New York attorneys, the State received another request to bring Woodfox to Hunt for another joint visit – this time with Woodfox's Washington, DC attorneys. The DC attorneys requested their own meeting with Woodfox, at Hunt, on February 11 (less than two weeks after Woodfox's January 29 meeting with his New York attorneys). Once again, all of the participants at the proposed meeting reside out of state.

The State objected to transferring Woodfox to Hunt again (twice in less than two weeks). The State therefore asked the New York and Washington attorneys to confer and coordinate a single date on which the State would bring Woodfox down to Hunt for their convenience. But the New York and DC attorneys could not agree on a single date, and the State therefore refused the request for a second trip.

The State proceeded to transfer Woodfox to Hunt on January 29 at the request of his New York attorneys. It is unreasonable to now require the State to bring Woodfox down to Hunt (a venue with no connection to any of the participants) a second time in less than two weeks – solely for the convenience of his Washington attorneys.

Ms. Kimpel's February 2, 2015 letter refers to a 2007 agreement for joint legal visits. In 2007, the State agreed to joint visits for two inmates – Wallace and Woodfox – who both resided at LSP. There was no issue of transporting inmates across the State (or transporting them anywhere). There was never a court order requiring joint visits in 2007.

Ms. Kimpel also references this Court's July 16, 2013 order for the state to facilitate joint attorney visits. (Doc. 476.) The State has facilitated joint visits subsequent to that order on multiple occasions. The warden at Wade, Jerry Goodwin, is always willing to accommodate attorney visits at Wade on reasonable notice. The State also has given assurance that Warden Goodwin is always willing to make secure telephone connections available for attorney consultations.

The request before the Court in July of 2013 was to coordinate visits that could include both Woodfox and Wallace (who was then living at Hunt). The State has not frustrated any

530393.2

February 3, 2015
Page 3

attempts at joint attorney visits. In addition to freely available joint visits at Wade, the State has – purely as an accommodation to Woodfox's attorneys – transported Woodfox to Hunt on multiple occasions even after Wallace's death. The State, however, cannot be expected to transport Woodfox at any time to any location selected by Woodfox's attorneys merely for their own convenience.

In an effort to justify transferring Woodfox to a location more convenient to his attorneys, Kimpel's letter reiterates a false charge that has been made on Woodfox's behalf in the past: "Defendants created the need to transport when they chose to transfer Mr. Woodfox to a prison 246 miles away from Baton Rouge. . . ." She also misleadingly quotes Warden Cain out of context to urge that "the geographic isolation [of Wade] would impede access to counsel by making it 'too hard for the attorneys to talk to him.'" Kimpel letter, Doc. 607, p. 2.

It is wrong to suggest that Woodfox was transferred to Wade in 2010 in order to frustrate his ability to meet with his attorneys; such unfounded allegations are made in an effort to cast the State in a negative light. In fact, Woodfox was transferred to Wade because housing Woodfox at Wade provided him the best opportunity to be released from CCR. Woodfox's attorneys are aware that Woodfox was transferred to Wade because state officials believe that his greatest opportunity to live outside of CCR is in the Protection Unit at Wade. It therefore is particularly unjustified to use Woodfox's housing at Wade as a cudgel to coerce the State to transfer Woodfox across the State without good cause.

Woodfox has no right to unrestricted in person participation in court proceedings (much less face-to-face attorney conferences). To the contrary, the Prison Litigation Reform Act states a clear mandate for inmates to participate (even in hearings) by telephone. 42 U.S.C. § 1997e (f)(1): "To the extent practicable, in any action brought with respect to prison conditions in Federal court pursuant to section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, pretrial proceedings in which the prisoner's participation is required or permitted shall be conducted by telephone, video conference, or other telecommunications technology without removing the prisoner from the facility in which the prisoner is confined." *See generally Williams v. Forcade*, No. C.A. 04-15, 2004 WL 1698671 (E.D. La. July 28, 2004).

The State remains willing to work with Woodfox's attorneys to jointly facilitate visits at Wade, or to arrange telephonic conference calls. And the State will continue to transport Woodfox to locations more convenient to his counsel when such transport does not appear to be designed to make visitation especially onerous and burdensome for the State. The State has gone beyond what could be expected in accommodating visits at Hunt after Wallace's death, but it is unfair and unreasonable for Woodfox's New York and DC attorneys to demand successive visits

530393.2

February 3, 2015
Page 4

at Hunt in less than two weeks (where no inmate involved in this case is located) simply because these attorneys apparently would rather fly into New Orleans than to Shreveport.

                Sincerely,

                **McGlinchey Stafford, PLLC**

                Richard A. Curry

RAC/kcr

cc:    All Counsel of Record (via ECF)

530393.2