UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT KING**                                                          **CIVIL ACTION**
**WILKERSON, et al.**

**VERSUS**                                                                             **NO. 00-304-JJB-RLB**

**RICHARD L. STADLER,**
**SECRETARY OF THE LOUISIANA**
**DEPARTMENT OF PUBLIC SAFETY**
**AND CORRECTIONS, et al.**

---

**RULING AND ORDER DENYING LSP DEFENDANTS' MOTION TO COMPEL**

---

Before the Court is LSP Defendants' Motion to Compel (R. Doc. 647) Plaintiff, Robert King Wilkerson, to produce responses to discovery propounded in 2009, 2013 and 2015. Defendants filed their Motion to Compel on May 13, 2015. Plaintiff filed a Memorandum Opposition (R. Doc. 656), to which Defendants filed a Reply (R. Doc. 659).

This litigation has been pending for over 15 years. (R. Doc. 1) (Notice of Removal filed April 27, 2000). On January 13, 2014, "all discovery related to claims that touch and concern the issue of qualified immunity [as to the "Hunt/Wade Defendants"] [was] stayed." (R. Doc. 568). On February 10, 2015, that stay was lifted (R. Doc. 619) and the Court issued a new Scheduling Order (R. Doc. 620) based on the parties' recommended dates. Under the Court's most recent Scheduling Order, all written discovery requests were due by March 13, 2015 and any responses to those requests were due by April 3, 2015. (R. Doc. 620 at 1). Over a month

later, on May 13, 2015, the LSP Defendants filed the instant Motion to Compel (R. Doc. 647) Plaintiff's responses to discovery issued in 2009, 2013 and 2015.

I.     LAW AND ANALYSIS

While Rule 37 "does not specify a time limit in which procedures to compel discovery must be undertaken . . . unreasonable delay can result in a waiver of a party's right to avail [itself] of the rule." *Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed after the close of discovery where party had been "inexcusably dilatory in his efforts"); *Material Supply Int'l, Inc v. Sunmatch Indus. Co., Ltd.*, 146 F.3d 983, 992 (D.C. Cir. 1998) (motion to compel filed on September 11, 1995 was untimely where the deadline for completing discovery was April 1, 1995); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed 2 weeks after the discovery deadline; motion should have been filed within discovery deadline) (citing *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.")).

A.     2009 Discovery

The 2009 discovery at issue in the current Motion to Compel (R. Docs. 647-3 to 647-5) was previously before this court in Defendants' November 18, 2009 Motion to Compel (R. Doc. 336-2 to 336-4).  That Motion, however, was dismissed because "Defendants informed the Court that all of the issues raised in their motion to compel [(R. Doc. 336)] had been resolved." (R. Doc. 348).  Now, over five years later, Defendants seek to resurrect this previous dispute despite

the representation to the Court that this had been resolved. The Court will not reopen a discovery dispute that was resolved over five years ago.

Assuming that Defendants could adequately explain the inconsistency in their representation to this Court in 2009 and the current motion, the Court also finds, for the reasons set forth below, that the instant motion should be denied due to a lack of diligence in seeking responses to those 2009 requests.

**B.    Timeliness of the Motion to Compel — 2009 and 2013 Discovery**

The majority of the discovery requests at issue were propounded in 2009 and 2013. (R. Docs. 647-3, 647-4, 647-6, 647-7, 647-9). The most recent of these requests was propounded on July 17, 2013. (R. Doc. 647-9). Nonetheless, Defendants waited almost 2 full years before moving the Court to compel further responses from Plaintiff. (R. Doc. 647). In an effort to show they were diligent in filing the instant Motion, Defendants claim:

> Within several months of Wilkerson's [August 30,] 2013 deposition – and while Defendants were actively trying to get Wilkerson's attorneys to follow through on promised computer searches and other discovery responses – discovery in this litigation was stayed. As soon as discovery was reinstituted earlier this year, LSP Defendants again requested production of Wilkerson's documents.

(R. Doc. 647-2 at 9-10 (citing R. Doc. 533)).

The stay of discovery referred to by Defendants was issued on October 31, 2013. (R. Doc. 533). A review of the record reflects that the stay of discovery concerned the issue of qualified immunity as to the "Wade/Hunt Defendants," who requested this stay. (R. Docs. 513 and 528). The stay of discovery issued on October 31, 2013 (R. Doc. 533) was lifted less than 2 months later on December 17, 2013 (R. Doc. 553). Even assuming that the stay applied to the LSP Defendants, no action was taken by the Defendants with respect to the 2009 or 2013 discovery following the lifting of that stay.

An additional stay of discovery was issued between January 13, 2014 and February 10, 2015, at the request of the "Wade/Hunt Defendants." (R. Docs. 568, 619). That stay, again, concerned discovery related to the issue of the qualified immunity as to the Wade/Hunt Defendants. (R. Doc. 568 at 2). Following the lifting of that stay on February 10, 2015, no action was taken by the Defendants for over three months when they filed the instant motion.

Defendants' reliance on the prior stays is insufficient to justify their delays in moving to compel discovery requested back in 2009 and 2013. This is especially true considering Defendants were aware of the alleged deficiencies as late as August 30, 2013. Since Defendants offer no other explanation for their delay, the Court finds that Defendants' Motion to Compel the production of discovery requested in 2009 and 2013 must be denied as untimely. *See Long v. Howard University*, 561 F. Supp. 2d 85, 91 (D.D.C. 2008) (denying motion where plaintiff obtained allegedly incomplete document production "over three years prior to the filing of his motion."); *Tim W. Koerner & Associates, Inc. v. Aspen Labs, Inc.*, 492 F. Supp. 294, 297-98 (S.D. Tex. 1980) (plaintiff's conduct was "inexcusably dilatory" where it waited 9 months after receiving allegedly deficient responses to file its motion to compel); *Ginett v. Federal Express Corp.*, 166 F.3d 1213, at *5 (6th Cir. 1998) (district court properly denied motion to compel filed two months after the discovery deadline where plaintiff knew of the document at issue 7 months before the discovery deadline); *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (denying plaintiff's motion to compel filed 76 days after the close of discovery where plaintiff "was aware of the [deficient discovery responses] nearly two months before the close of discovery" and nothing indicated that the delay in filing the motion was "caused by matters outside the control of [plaintiff] and his attorney"); *American Motorists Ins. Co. v. General Host Corp.*, 162 F.R.D. 646, 648 (D. Kan. 1995) (denying defendant's motion to compel filed 2 years

after the discovery deadline where plaintiff had objected to producing the documents 18 months before the discovery deadline, defendant gave no excuse for its 2-year delay in moving to compel, the case was 11 years old, and dispositive motions were pending).

### C.  2015 Discovery

In addition to the discovery propounded in 2009 and 2013, the Motion to Compel is likewise untimely as it relates to Defendants' 2015 discovery requests. The 2015 discovery seeks information similar to that requested in 2009 and 2013.[1] According to the current Scheduling Order, discovery responses were due by April 3, 2015. (R. Doc. 620 at 1).[2] The Court's Order did not provide for any other written discovery. As such, the discovery deadline for written discovery expired on April 3, 2015.

This litigation has been pending for 15 years. Multiple appeals have been taken and dispositive Motions are currently pending. The claims specifically related to Plaintiff, Robert King Wilkerson, have not changed since the Second Amended Complaint was filed on January 12, 2001. Since that time, the parties have had ample opportunity for discovery. With this procedural backdrop in mind, the Court issued the current Scheduling Order (R. Doc. 620). Although that Order did not specifically address discovery-related motions, given this cases' procedural posture and the similarities between the 2009, 2013 and 2015 discovery requests, the Court finds the LSP Defendants acted unreasonably in waiting until May 13, 2015 to file the instant Motion to Compel. Defendants argue that Plaintiff Wilkerson has repeatedly and consistently "refused to produce requested evidence and respond to other discovery for years." (R. Doc. 647-2). Defendants' counsel further describes this conduct as a "flagrant refusal to

---

[1] In view of the record as a whole, it is not clear that the district judge opened unlimited discovery following the lifting of the stay in 2015. Indeed, the parties "confirmed that current discovery is limited to periods after the deadline for discovery under the Third Amended Complaint, November 18, 2009." (R. Doc. 656-1).

[2] The record indicates an agreement between the parties to extend this deadline to April 10, 2015. (R. Doc. 656-1 at 4). However, this stipulation was not approved by the Court. *See* Fed. R. Civ. P. 29(b).

engage in discovery", a "refusal" to produce documents that is "especially inexcusable" and "making a mockery of discovery." If Defendants' assertions are true, then Defendants have not been diligent in waiting over a month after the deadline for the responses had passed to seek relief from the Court. Defendants' Motion to Compel regarding the 2015 discovery requests is untimely. *See Days Inn Worldwide, Inc.*, 237 F.R.D. at 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed 2 weeks after the discovery deadline; motion should have been filed within discovery deadline); *Wells v. Sears Roebuck and Co*., 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril."); *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200-201 (E.D. Mich. 2002) ("In numerous cases, courts have denied tardy discovery motions that were filed after the close of discovery, especially where the moving party had all the information it needed to timely file the discovery motion . . . .") (collecting cases); *Klugel v. Clough*, 252 F.R.D. 53, 55-56 (D.D.C. 2008) (motion to compel coming two months after close of discovery denied as untimely).

## II.   CONCLUSION

For the reasons given above, the Defendants' Motion to Compel (R. Doc. 647) is **DENIED**. Each party will bear their own costs associated with the Motion.

Signed in Baton Rouge, Louisiana, on July 28, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**