UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT KING WILKERSON, ET AL.

VERSUS

CIVIL ACTION NO.
00-304-JJB-RLB

RICHARD STALDER, ET AL.

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants move for this Court to grant a partial summary judgment in its favor dismissing, with prejudice, all of Plaintiffs' claims for injunctive and declaratory relief as moot, all claims against Secretary James LeBlanc, and all claims for damages, except those based upon alleged due process violations (doc. 623, at 1).

### I. BACKGROUND

The three original Plaintiffs, Robert King Wilkerson, Albert Woodfox, and Herman Wallace, initially brought this action in March 2000 claiming that their continued confinement in extended lockdown at the Louisiana State Penitentiary in Angola, Louisiana ("LSP") violated their rights under (1) the Eighth Amendment of the United States Constitution (cruel and unusual punishment) and Article I, Section 20 of the Louisiana Constitution of 1974 (right to humane treatment) and (2) the Fourteenth Amendment of the United States Constitution (due process) and Article I, Section 20 of the Louisiana Constitution of 1974 (due process of law). Eleven of the sixteen remaining defendants move for this partial summary judgment including: James M. LeBlanc, Secretary of Louisiana Department of Public Safety and Corrections; the LSP Defendants, which includes Warden Burl Cain; Deputy Warden Richard Peabody; former Major Robert Rachal; Major Paul J. Myers; and Former Classification Officer Tom Norris; and the Wade Defendants, which includes Jerry Goodwin, James Arnold, Lonnie Nail, Chris Evans, and Mark Hunter.

1

Throughout the fifteen years since Plaintiffs instituted this case, there have been four amended complaints and two Joint Stipulations. The first two amended complaints added no new claims or defenses. The first amended complaint was filed in September 2000 (doc. 20) and the second in January 2001 (doc. 36). The first Joint Stipulation occurred in 2007. This Joint Stipulation dismissed the claim filed under the Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution of 1974. It was dismissed with prejudice. The due process claim under the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Louisiana Constitution of 1974 was preserved (doc. 248-1, at 1).

In April 2009, Plaintiffs filed a third amended complaint asserting new claims against (1) Defendant LeBlanc, in his official capacity, (2) all Defendants for alleged violations of Plaintiffs' rights under the First Amendment and Fourteenth Amendment Equal Protection Clause of the United States Constitution and Article I, Section 3 of the Louisiana Constitution of 1974, and (3) all Defendants for alleged violations of Plaintiffs' Fourteenth Amendment right under the Equal Protection Clause of the United States Constitution and Article I, Section 3 of the Louisiana Constitution of 1974 (doc. 289, at 2). Defendants asserted the defense of qualified immunity to these new claims (doc. 623-1, at 2).

In July 2009, the parties entered into the second Joint Stipulation. In this Stipulation, Plaintiffs dismissed their claims for damages (compensatory and punitive) in connection with all claims asserted under the First Amendment, Eighth Amendment, Fourteenth Amendment Equal Protection Clause of the United States Constitution, and under Article I, Section 3 and 20 of the Louisiana Constitution of 1974 (doc. 300). Plaintiffs stipulated that the "only request for monetary damages (compensatory and punitive) currently pending in this case" includes their

Fourteenth Amendment claim under the Due Process Clause of the United States Constitution and Article I, Section 2 of the Louisiana Constitution of 1974. *Id.* at 2.

In April 2013, Plaintiffs filed the Fourth Amended Complaint adding ten officials of Elayn Hunt Correction Center ("Hunt") and David Wade Correction Center ("Wade"). Plaintiffs explained the Fourth Amended Complaint was filed only to add the ten officials (doc. 457 at 1). The Fourth Amended Complaint asserts claims that have been dismissed (as did the Third Amended Complaint), and those assertions do not supersede the orders and rulings that have already dismissed such claims (doc. 482, at 6).

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986). The admissibility of evidence for summary judgment purposes conforms to the rules of admissibility at trial. *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 285 (5th Cir. 2004) (citations omitted). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Whether a fact is material will depend on the substantive law. *Id*. When addressing a summary judgment motion, the court must make reasonable inferences in favor of the nonmovant. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000). If the movant meets his initial burden of showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to identify or produce evidence that establishes a genuine dispute of material fact. *Allen v. Rapides Parish Sch. Bd.,* 204 F.3d 619, 621 (5th Cir. 2000). Rule 56(c) of the Federal Rules of Civil Procedure mandates the granting of summary

judgment in any case where a party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### III. ARGUMENTS
#### a. DISMISSAL OF ALL CLAIMS FOR ANY FORM OF INJUNCTIVE AND DECLARATORY RELIEF

Plaintiffs' original complaint sought injunctive relief prohibiting Defendants from continuing to hold Plaintiffs in extended lockdown, ordering Plaintiffs placement into the general population of the prison, and enjoining Defendants from taking other adverse actions against Plaintiffs because of their race, political ideology or affiliation, or in retaliation. Defendants assert each claim is now moot (doc. 623-1, at 6). The claims for equitable relief asserted by Mr. Wilkerson and Mr. Wallace have been dismissed. Mr. Wilkerson's claims were dismissed because he was released from prison in 2001(doc. 41). In 2013, Mr. Wallace passed away and his claims were dismissed (doc. 587).

Mr. Woodfox was transferred to the West Feliciana Parish Detention Center on February 12, 2015 pursuant to the West Feliciana Parish arrest warrant and indictment. Defendants argue Mr. Woodfox is in the custody of the Sheriff of West Feliciana Parish. Defendants conclude they are not in the position to grant injunctive relief to Mr. Woodfox because he is no longer in state custody (doc. 623-1, at 6). Defendants argue "the mootness doctrine requires that the controversy posed by the plaintiff's complaint be live not only at the time of the filing of the plaintiff's complaint but also throughout the entire litigation process." *Id.* Defendants argue under *Oliver v. Scott*, in the context of prison litigation, a prisoner's release from or transfer out of a prison system "consistently" will render the inmate's claims for injunctive relief moot. 276 F.3d 736, 741 (5th Cir. 2002). Defendants argue it is Mr. Woodfox's burden to prove "demonstrated probability" or "reasonable expectation" that Mr. Woodfox will be transferred back into state

4

custody and reclassified to CCR upon conviction. *Id.* Defendants conclude, because Mr. Woodfox is unable to satisfy this burden, he is unable to maintain his claim for injunctive relief rendering the claim moot (doc. 623-1, at 7). Defendants argue that once the claims for injunctive relief are dismissed there is no longer a claim for the corresponding declaratory relief. Defendants further assert Mr. Woodfox's transfer out of state custody render the declaratory relief moot. *Id.* at 8.

Mr. Woodfox argues Defendants motion should be denied because Defendants fail to satisfy the requirements of mootness (doc. 628, at 10-11). Mr. Woodfox argues that the mootness doctrine is not intended to be applied rigidly or mechanically, but flexible weighing "practicalities and prudential considerations." *US Parole Commission v. Geraghty*, 445 U.S. at 388, 404 n.11 (1980). Mr. Woodfox argues under *Tex. Office of Pub. Util. Counsel v. F.C.C.,* that the Court must reject mootness if there is reasonable expectation the litigant may face the same alleged action. 183 F.3d 393, 414 n.17 (5th Cir. 1999). Mr. Woodfox argues the United States Supreme Court has issued a higher standard for state defendants seeking to dismiss prisoners claims as moot by requiring "lower courts to reject a mootness application unless it is 'absolutely clear' that the inmate will not be subjected to complained of violations again even without an injunction." *Vitek v. Jones*, 445 U.S. 480, 487 (1980).

Mr. Woodfox argues that Defendants are taking advantage of its own transfer in order to claim Mr. Woodfox's injunctive and declaratory relief claim as moot. Mr. Woodfox argues that Defendants sought this same relief by summary judgment motion in 2008, and the motion was denied (doc. 628, at 14). Mr. Woodfox asserts he remains subject to the State's incarceration powers even though he is currently incarcerated in the West Feliciana Parish Detention Center. Mr. Woodfox argues under *State v. Brady*, that a detained individual in Louisiana is within the

State's custody whether or not that individual is incarcerated in prison or jail. 131 So. 3d 166, 171 (La. Ct. App. 2013). Mr. Woodfox argues he was not formally discharged from Wade, nor did he receive release papers. Mr. Woodfox concludes Defendants could transfer him back to any state facility at any time (doc. 628, at 15 n.18). Mr. Woodfox asserts there is substantial evidence to demonstrate that he will likely be subjected to continued and indefinite solitary confinement. *Id.* at 16. Mr. Woodfox argues that the motions for declaratory and injunctive relief should be considered independently because each is analyzed differently. Mr. Woodfox argues declaratory relief is a milder alternative to the injunctive remedy. In *Steffel*, the United State Supreme Court held that declaratory relief remains if the threat of ongoing or future violations are more likely than not. *Steffel v. Thompson,* 415 U.S. 452 (1974).

### b. DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT JAMES LEBLANC

For the foregoing reasons, Defendants argue all injunctive and declaratory claims are moot against all Defendants, including Secretary Leblanc. Secretary LeBlanc was sued only in his official capacity (doc. 623-1, at 9). Therefore, any claims against Secretary Leblanc in his official capacity are barred by sovereign immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

For the reasons given above, Mr. Woodfox asserts that Defendants arguments to declare the injunctive and declaratory claims as moot are erroneous. Mr. Woodfox argues that Defendants have not set forth any independent basis for dismissing claims against Secretary LeBlanc. Furthermore, Mr. Woodfox argues "evidence suggest that LeBlanc was personally involved in the actions challenged in this suit such that claims against him in his individual capacity may prove appropriate once this round of discovery is completed" (doc. 628, at 20). Mr. Woodfox asks this Court to postpone review of this motion until the collateral matter of the unconditional writ is decided first. *Id.* at 21.

### c. **DISMISSAL WITH PREJUDICE OF ALL CLAIMS FOR DAMAGES AGAINST ALL DEFENDANTS OTHER THAN DUE PROCESS CLAIMS**

Defendants assert Plaintiffs have previously dismissed all claims for damages in the two Joint Stipulations, except for due process claims. Therefore, Defendants request a judgment recognizing the only remaining claim for damages (compensatory or punitive) are based on alleged due process violations (doc. 623-1, at 10). Plaintiffs do not contest the two Joint Stipulations referred to by Defendants, nor do they provide argument for not granting the summary judgment as to the claims for damages, except due process claims.

### IV. CONCLUSION

Motion for Partial Summary Judgment to dismiss claims for injunctive and declaratory relief, as well as claims against Secretary James LeBlanc is DENIED as there remains a reasonable expectation that Mr. Woodfox could again return to state custody.

Motion for Partial Summary Judgment to dismiss all claims for damages, except due process claims, is unopposed and is in accordance with previously filed Joint Stipulations. Therefore, the Motion for Partial Summary Judgment is GRANTED insofar as it dismisses all claims for damages, except due process claims, as was previously stipulated to.

Signed in Baton Rouge, Louisiana, on August 3, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**